Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER, | Case No. 2:25-cv-00856-JCM-BNW |
| Plaintiffs, | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| AVELO, INC., | |
| Defendant. | |

Defendant Avelo, Inc. ("Defendant" or "Avelo") hereby answers the Complaint and states its Affirmative Defenses and Counterclaims as follows:

### Preliminary Statement

1.      Answering paragraph 1, Avelo admits that its wholly owned subsidiary, Avelo Airlines, Inc. is an airline that primarily operates low-cost passenger services.  Avelo admits that Avelo Airlines, Inc. entered into a subcontract with a contractor to the United States government to provide airline transportation services in connection with the government's immigration

4912-5095-0477, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

enforcement operations operating out of Mesa, Arizona (the "Subcontract").  Avelo denies the remaining allegations.

2.      Answering paragraph 2, Avelo admits it is aware of criticism regarding its decision to enter into the Subcontract. Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

3.      Answering paragraph 3, Avelo admits that two billboards have been displayed on the road to Avelo's hub in New Haven reading: "Does your vacation support their deportation? Just say AvelNo!  Paid for by AvGeek Action Alliance – avelNo.com."  Avelo denies that "AvelNO" is a parody of its trademark.  Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

4.      Answering paragraph 4, Avelo admits that it did not start an advertising campaign. Avelo admits that it sent cease and desist letters to Plaintiffs and to Lamar.  Avelo admits that the letter to Mr. Miller stated, in part, that Avelo was seeking "signed, written assurances."  Avelo admits that the letter stated, in part, that Mr. Miller faced potential liability for statutory damages of up to $150,000 per infringement and attorneys' fees and costs.  Avelo admits that it sent a similar letter to Lamar.  Avelo admits that both letters requested a written response by May 16, 2025.  Avelo denies that the letters expressly threatened to file suit against Plaintiffs or Lamar, but admits it was contemplating litigation when the letters were sent.  Avelo denies the remaining allegations.

5.      Answering paragraph 5, Avelo admits that Plaintiffs are seeking a declaratory judgment of non-infringement in this lawsuit.  However, the remainder of paragraph 5 contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

6.      Answering paragraph 6, the paragraph contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

**Parties**

7.      Answering paragraph 7, Avelo lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies them.

4912-5095-0477, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

8.      Answering paragraph 8, Avelo admits the allegations.

**Jurisdiction and Venue**

9.      Answering paragraph 9, Avelo admits the allegations.

10.     Answering paragraph 10, Avelo admits that the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims in this action pursuant to 28 U.S.C. § 1367.  Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

11.     Answering paragraph 11, Avelo admits the allegations.

12.     Answering paragraph 12, Avelo admits the allegations.

13.     Answering paragraph 13, Avelo denies the allegations.

**Avelo's Business and The Protests it Occasioned[1]**

14.     Answering paragraph 14, Avelo admits that its predecessors in interest operated charter airline flights since the 1980s.  Avelo admits that Avelo Airlines began providing commercial airline service in 2021.  Avelo admits that Avelo Airlines announced the commencement of commercial service from New Haven in 2021 and that the Tweed New Haven Airport is its largest base.  Avelo denies the remaining allegations.

15.     Answering paragraph 15, Avelo admits that paragraph 15 accurately quotes portions of the New York Times article.  Avelo denies the remaining allegations.

16.     Answering paragraph 16, Avelo admits it is aware of criticism regarding its decision to enter into the Subcontract.  Avelo admits that paragraph 16 accurately quotes the statement made by Mr. Levy.  Avelo denies the remaining allegations.

17.     Answering paragraph 17, Avelo lacks information sufficient to form a belief as to the truth of the allegations, and, therefore, denies them.

**Miller's Campaign**

18.     Answering paragraph 18, Avelo admits that Mr. Miller represents Stratford County District 21 in the New Hampshire State House.  Avelo lacks information sufficient to form a belief

---

[1] Answering the unnumbered heading that appears in bold and underlined font between paragraphs 13 and 14, Avelo lacks information sufficient to form a belief as to the truth of the allegation and, therefore, denies it.

4912-5095-0477, v. 2

as to the truth of the remaining allegations and, therefore, denies them.

19.    Answering paragraph 19, Avelo admits the allegations.

20.    Answering paragraph 20, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

21.    Answering paragraph 21, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

22.    Answering paragraph 22, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

23.    Answering paragraph 23, the paragraph contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

24.    Answering paragraph 24, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

25.    Answering paragraph 25, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

26.    Answering paragraph 26, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

27.    Answering paragraph 27, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

28.    Answering paragraph 28, the paragraph contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

### Avelo's Litigation Threat[2]

29.    Answering paragraph 29, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

30.    Answering paragraph 30, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

31.    Answering paragraph 31, Avelo admits only that paragraph 31 accurately quotes

---

[2] Answering the unnumbered hearing that appears between paragraphs 28 and 29, Avelo denies the allegations.

4912-5095-0477, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

portions of Avelo's May 9, 2025 cease and desist letter to Plaintiffs, a true and accurate copy of which is attached to the Complaint as Exhibit C. Avelo denies the remaining allegations.

32. Answering paragraph 32, Avelo admits only that paragraph 32 accurately quotes portions of Avelo's May 9, 2025 cease and desist letter to Plaintiffs, a true and accurate copy of which is attached to the Complaint as Exhibit C. Avelo denies that the letter contains an express threat of litigation but admits it was contemplating litigation when the letter was sent. Avelo denies the remaining allegations.

33. Answering paragraph 33, Avelo denies that the letter expressly threatened Plaintiffs with litigation but admits it was contemplating litigation when the letter was sent. The remainder of paragraph 33 contains arguments to which no response is required. To the extent a response may be required, Avelo denies the allegations.

34. Answering paragraph 34, Avelo denies that the letter expressly threatened Plaintiffs with litigation but admits it was contemplating litigation when the letter was sent. Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

35. Answering paragraph 35, Avelo denies that it expressly threatened Mr. Miller with devastating personal liability. Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

36. Answering paragraph 36, Avelo admits the allegations.

37. Answering paragraph 37, Avelo denies the allegations.

38. Answering paragraph 38, Avelo denies the allegations.

39. Answering paragraph 39, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

### Avelo Threatens The Company Leasing Miller The Billboards[3]

40. Answering paragraph 40, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

---

[3] Answering the unnumbered paragraph that appears between paragraphs 39 and 40, Avelo denies the allegations.

4912-5095-0477, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

HOWARD & HOWARD ATTORNEYS PLLC

41.     Answering paragraph 41, Avelo admits that a true and accurate copy of the letter its counsel sent to Lamar is attached to the Complaint as Exhibit D.   Avelo lacks information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

42.     Answering paragraph 42, Avelo denies the allegations.

43.     Answering paragraph 43, Avelo admits the allegations.

44.     Answering paragraph 44, Avelo denies the allegations.

45.     Answering paragraph 45, Avelo denies the allegations.

46.     Answering paragraph 46, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

47.     Answering paragraph 47, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

48.     Answering paragraph 48, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

## Claims for Relief

### Count One: Declaratory Judgment That Miller's Speech Does Not Infringe Avelo's Copyrights.  17 U.S.C. § 501, et seq.

49.     Answering paragraph 49, Avelo incorporates all prior paragraphs by reference.

50.     Answering paragraph 50, Avelo admits it sent Plaintiffs a cease-and-desist-letter. Avelo denies the remaining allegations.

51.     Answering paragraph 51, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

52.     Answering paragraph 52, the paragraph contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

53.     Answering paragraph 53, the paragraph contains arguments to which no response is required.  To the extent a response may be required, Avelo denies the allegations.

54.     Answering paragraph 54, Avelo denies the allegations.

///

///

4912-5095-0477, v. 2

*Count Two: Declaratory Judgment That Miller's Speech Does Not Infringe*

*Avelo's Trademarks Under 15 U.S.C. § 1114*

55.    Answering paragraph 55, Avelo incorporates all prior paragraphs by reference.

56.    Answering paragraph 56, Avelo denies the allegations.

57.    Answering paragraph 57, Avelo denies the allegations.

58.    Answering paragraph 58, Avelo denies the allegations.

59.    Answering paragraph 59, Avelo denies the allegations.

60.    Answering paragraph 60, Avelo denies the allegations.

*Count Three: Declaratory Judgment That Miller's Speech Does Not Infringe*

*Avelo's Trade Dress Through Dilution Under 15 U.S.C. § 1125(c)*

61.    Answering paragraph 61, Avelo incorporates all prior paragraphs by reference.

62.    Answering paragraph 62, Avelo denies the allegations.

63.    Answering paragraph 63, Avelo admits that Plaintiffs' website and billboards identify Avelo.  Avelo admits that Plaintiffs' website criticizes and comments upon Avelo.  Avelo denies the remaining allegations.

64.    Answering paragraph 64, Avelo denies the allegations.

65.    Answering paragraph 65, Avelo denies the allegations.

*Count Four: Tortious Interference with Business Expectancy*

66.    Answering paragraph 66, Avelo incorporates all prior paragraphs by reference.

67.    Answering paragraph 67, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

68.    Answering paragraph 68, Avelo admits only that it knew Lamar was involved in the display of the billboards because the name "Lamar" appears beneath them.  Avelo denies any knowledge of a business relationship between Plaintiffs and Lamar until after Lamar acknowledged to Avelo on May 15, 2025 that it had contracted with Plaintiffs to display the billboards.

69.    Answering paragraph 69, Avelo denies the allegations.

70.    Answering paragraph 70, Avelo denies the allegations.

4912-5095-0477, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

71.    Answering paragraph 71, Avelo denies the allegations.

72.    Answering paragraph 72, Avelo denies the allegations.

73.    Answering paragraph 73, Avelo denies the allegations.

74.    Answering paragraph 74, Avelo lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

75.    Answering paragraph 75, Avelo denies the allegations.

### Prayer for Relief

A.    Answering paragraph A, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

B.    Answering paragraph B, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

C.    Answering paragraph C, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

D.    Answering paragraph D, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

E.    Answering paragraph E, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

F.    Answering paragraph F, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

G.    Answering paragraph G, this paragraph contains a request for relief and does not contain an allegation or averment of fact to which an answer is required.  To the extent an answer may be required, Avelo denies Plaintiffs are entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

Avelo asserts the following affirmative and other defenses.  By asserting these defenses, Avelo does not admit that it has or otherwise assume the burden of production or persuasion on any such defense or issue:

1.     <u>Priority</u>.  Plaintiffs' claims are barred, in whole or in part, because Avelo has priority over the use of the AVELO® trademarks in the United States by virtue of its prior and continuous use of the marks in commerce and its prior acquisition of common law and statutory trademark rights in the AVELO® mark.

2.     <u>Anti-SLAPP</u>.  Plaintiffs' claim for tortious interference with business expectancy is barred and subject to dismissal pursuant to NRS § 41.635, *et seq*.

3.     <u>Privilege</u>.  Plaintiffs' claims are barred, in whole or in part, because Avelo's cease-and-desist letters were privileged.

4.     <u>Lack of Injury/Damages</u>.  Plaintiffs' claims are barred, in whole or in part, because they have suffered no injury or damages.

5.     <u>Failure to Mitigate</u>.  Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their damages, if any.

6.     <u>Unclean Hands</u>.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

7.     <u>Reservation of Rights</u>.  At this time, Avelo has insufficient information upon which to form a belief as to whether it may have additional affirmative defenses.  Avelo reserves the right to assert additional affirmative defenses if discovery reveals that the assertion of such defenses are appropriate.

///
///
///
///
///
///

4912-5095-0477, v. 2

**COUNTERCLAIMS**

For its Counterclaims against Counterdefendants Proton Associates LLC ("Proton") and Seth Miller ("Mr. Miller") (Proton and Mr. Miller together, "Counterdefendants"), Counterclaimant Avelo, Inc. ("Avelo" or "Counterclaimant") alleges the following:

**JURISDICTION AND VENUE**

1.      Jurisdiction is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331 and 1338 because this Court has original jurisdiction over these counterclaims arising under the Lanham Act.

2.      This Court has personal jurisdiction over Avelo because Avelo is a Nevada corporation.

3.      This Court has personal jurisdiction over Proton and Mr. Miller because they have consented to personal jurisdiction in this Court by filing the Complaint in this case.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

5.      Counterclaimant Avelo, Inc. (defined above as "Avelo" or "Counterclaimant") is a Nevada corporation that operates an airline transportation business through its wholly owned subsidiary Avelo Airlines, Inc.  Avelo's headquarters are located in Houston, Texas.

6.      Counterdefendant Proton Associates LLC (defined above as "Proton") purports to be a New Hampshire limited liability company, located in Dover, New Hampshire, that was formed and is partly owned by Counterdefendant Seth Miller.

7.      Counterdefendant Seth Miller (defined above as "Mr. Miller") is an individual who purports to reside in Dover, New Hampshire.  Mr. Miller claims to have formed Proton and claims to be its part owner.

**GENERAL ALLEGATIONS**

**I.      Avelo, its Business, and its Intellectual Property**

Avelo is a budget-friendly airline company incorporated in Nevada and headquartered in Houston, Texas.  The company was acquired by its current CEO, Andrew Levy, in 2018.  Avelo adopted and began using its AVELO® mark in commerce in April 2021, to provide its airline

HOWARD & HOWARD ATTORNEYS PLLC

transportation and other services to travelers located throughout the United States.    Avelo operates from several bases including those located in California, Connecticut, Delaware, Florida, and North Carolina.   Since April 2021, Avelo has continuously used its AVELO® and other marks.   Avelo's federal service mark registrations include,[4] but are not limited to, the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **AVELO**<br><br>(word/no stylization) | 6910702 | 11/29/2022 | CLASS 39: **transportation services, namely, transportation of persons by air; airline transportation services**; air transportation reservation services, namely, ticketing airline passengers, airline flight seating assignments, and checking reservations, flight schedules, and flight status; providing information in the field of airline transportation by means of a global computer network; **providing a <u>website</u> featuring information in the field of airline passenger transportation** |
| | 6657107 | 3/1/2022 | CLASS 39: **transportation services, namely, transportation of persons by air; airline transportation services**; air transportation reservation services, namely, ticketing airline passengers, airline flight seating assignments, and checking reservations, flight schedules, and flight status; **providing information in the field of airline transportation by means of a global computer network**<br><br>**The color(s) violet, teal, white, and yellow is/are claimed as a feature of the mark.**<br><br>The mark consists of three horizontal wishbone shapes, each having symmetrical top and bottom elements and flat ends, with the top wishbone in the color teal overlapping the middle and bottom wishbone and with the middle wishbone in the color white overlapping the bottom wishbone in the color yellow, all of which appearing against a violet background. |
| Avelo Trade Dress (side) | 7072450 | 6/6/2023 | CLASS 39: **transportation services, namely, transportation of persons by air; airline transportation services**<br><br>**The color(s) violet, white, silver, teal and yellow is/are claimed as a feature of the mark.**<br><br>The mark consists of the trade dress of the |

---

[4] For brevity's sake, only Avelo's most relevant registered goods and services are listed here.

HOWARD & HOWARD ATTORNEYS PLLC

| | | | exterior of a passenger airplane on which the services are rendered, comprising the word "AVELO" in violet against a white background on the anterior portion of an airplane fuselage, with the posterior airplane fuselage and airplane tail, engine, and wingtips in the color violet and the engine featuring a silver ring on the anterior portion. The airplane tail featuring a design consisting of three horizontal wishbone shapes, each having symmetrical top and bottom elements and flat ends, with the top wishbone in the color teal overlapping the middle and bottom wishbone and with the middle wishbone in the color white overlapping the bottom wishbone in the color yellow, all of which appearing against a violet background. The broken lines depicting the outline of the airplane fuselage, engines, wingtips, and tail indicate placement of the mark on the goods and are not part of the mark. |
|---|---|---|---|

(Collectively, the "Avelo Marks") (emphasis added).  The AVELO® mark is a fanciful, coined, term that was created by Avelo for the sole purpose of functioning as a trademark, namely as a designation of source for its goods and services.  Since April 2021, Avelo has displayed its Avelo Marks featuring the colors violet, teal, white, and yellow color scheme, a combination that is unique to the airline industry.  By way of example, the AVELO house mark is consistently displayed on the exterior of its airliners, at its ticket counters, throughout airports, on social media platforms, and in advertisements in the color purple and in the distinct stylization shown below:



Since April 2021, Avelo has used its Avelo Marks and trade dress extensively to advertise, market, and promote its airline transportation and other goods and services on the exterior of its airliners, at its ticket counters, throughout airports, on social media platforms, and in advertisements featured on billboards, in print and online advertising, including, magazines, e-mails, press releases, and in other promotional materials, as well as on its <avelo.com> website,[5] where it receives an average of over 4 million visitors per month.  In addition, Avelo and its Avelo Marks have gained significant unsolicited press having been the subject of numerous print

---

[5] The domain name <avelo.com> redirects to the <aveloair.com> website.

4912-5095-0477, v. 2

and online newspaper articles, videos, and television shows.

Avelo has spent millions of dollars advertising, marketing, and promoting its goods and services under the Avelo Marks. More specifically, from 2022 through 2024, its average annual marketing expenditure was more than $2.6 million. As a result of its extensive advertising and marketing utilizing the Avelo Marks, consumers uniquely associate the Avelo Marks with Avelo as a provider of high-quality, low-cost, airline services. Through these efforts, Avelo has achieved commercial success. It presently services approximately 2 million passengers per year traveling to fifty-three (53) destinations spanning twenty-one (21) U.S. States as well as Mexico, Jamacia, the Dominican Republic, and Puerto Rico. Its investments in advertising, marketing, and promoting its goods and services under the Avelo Marks have resulted in average annual gross revenues between 2022 and 2024 of approximately $242 million.

In April 2025, Avelo was presented with the opportunity to enter into a contract to provide air transportation services in support of the U.S. government's immigration enforcement efforts. Under the contract, Avelo makes three Boeing 737 aircraft available to facilitate the movement by air of non-citizens. To date, this has primarily consisted of domestic flights between U.S. cities. Avelo decided to enter into the contract solely because it made business sense and not for any political purpose. Avelo previously provided similar transportation services for the prior administration. The contract will provide Avelo with a reliable source of revenue that will help stabilize and subsidize its core passenger service, keep its more than 1,100 employees employed, and reduce its exposure to both economic volatility and seasonal downturns in demand for its passenger service.

## II.    The AvGeek Action Alliance and its AVELNO! Campaign

Plaintiff Seth Miller ("Mr. Miller") is an individual who claims to be a journalist and a resident of Dover, New Hampshire. Mr. Miller formed and partly owns Plaintiff Proton Associates LLC. Proton does business under the name "AvGeek Action Alliance." Mr. Miller disagrees with Avelo's decision to provide airline transportation services to the United States government in connection with its ongoing efforts to deport illegal aliens. He says he wants to make sure passengers know that Avelo is using its planes to deport people and that he wants to

pressure Avelo to reconsider its decision.  He has taken several steps to do this.

On April 16, 2025, Mr. Miller, on behalf of Proton, registered the <avelno.com> domain name through domain name registrar Dynadot.  On April 17, 2025, Mr. Miller, on behalf of Proton, registered "AvGeek Action Alliance" as a trade name.  He says he did so to raise money to purchase billboards criticizing Avelo.  That same day Mr. Miller, on behalf of Proton, registered the <avgeekaction.com> domain name through domain name registrar Dynadot.  On April 25, 2025, Mr. Miller entered into a contract with Lamar Advertising Corporation ("Lamar") to lease three billboards, one from May 5 to May 25, one from May 5 to June 1, and one from June 2 to June 15.  The first two billboards went up on May 5, 2025.  The billboards appeared as follows:



The billboards featured: "AVELNO!", a confusingly similar version of Avelo's registered AVELO® trademark, its trademarked "wishbone" design mark, the same typeface that appears in the Avelo Marks, and Avelo's signature violet, teal, white, and yellow color scheme that Avelo uses on its website, in its Avelo Marks, in its advertising and promotional materials, and on signage located throughout airports (the "Infringing Billboards").  The green text on the bottom directs viewers to <avelno.com>.  The website closely resembles the Infringing Billboards.  (*See* https://avelno.com).

However, unlike the Infringing Billboards, Plaintiffs are using the <avelno.com> website to identify their AVELNO! campaign and to solicit funds from visitors to the page through links that allow visitors to donate money to the AVELNO! campaign using credit cards Amazon Pay, Klarna, or ACH bank transfer, with online payments processed by Stripe.  One link is found after the text: "Your support will enable us to extend and expand that messaging."  It is contained in the following underlined text: "The most important thing you can do is not fly Avelo. And if

HOWARD & HOWARD ATTORNEYS PLLC

you're able, <u>we'd appreciate your support for the avelNO! campaign</u>."  The other link is found at the bottom of the page.  It is contained in the following underlined and italicized text: "If you'd like to donate more than $999 *<u>this link can help</u>* with that."[6]

Also at the bottom of the page, the website contains a link to Plaintiffs' other website <avgeekaction.com>.  The link is embedded in the following underlined text: "avelNO! is a project of the <u>AvGeekAction Alliance</u>."  The <avgeekaction.com> webpage also contains a large image of the Infringing Billboards featuring the Avelo Marks and Avelo's trade dress.  Like <avelno.com> it also refers to "The avelNO! campaign" and contains links that allow visitors to the page to donate money to the "avelNO! campaign" using credit cards and other forms of online payment.  All of the donation links on the <avelno.com> and <avgeekaction.com> webpages redirected to the same Stripe payment processing page.

## III.    Avelo Demands that Plaintiffs Stop Infringing

On May 9, 2025, Avelo's counsel sent Mr. Miller and Proton a cease and desist letter demanding, among other things, that Plaintiffs, "cease all use of the AVELO Marks, logos, designs, and trade dress on (1) websites accessible at the domain names <avelno.com>, <avgeekaction.com>, and <millerfornh.com>, (2) billboards (both electronically and in printed form), (3) social media, and (4) . . . remove all copyrighted pictures of Avelo aircraft displaying Avelo's trademarks and trade dress."  The letter requested a written response by May 16, 2025.

On May 9, 2025, Avelo's counsel also sent a cease-and-desist letter to Lamar demanding, among other things, that Lamar, "cease its participation in the infringement of Avelo's trademarks and trade dress" and it informed Lamar that it could be held secondarily liable for contributing to the infringement of Avelo's trademarks.  The letter requested a written response by May 16, 2025.

## IV.    Lamar Takes the Infringing Billboards Down

On May 15, 2025, Lamar, through counsel, responded to Avelo's cease-and-desist letter stating, among other things, that it respects the intellectual property rights of others, was "in the

---

[6] The source code for the webpage also uses "avelno.com" as an embedded metatag to ensure that the website appears in Internet search engine results.

4912-5095-0477, v. 2

process of taking down" the billboards.  Implicit in Lamar's correspondence was its recognition that the Infringing Billboards were, in fact, infringing upon Avelo's rights.

**V.    Plaintiffs Alter The &lt;avelno.com&gt; Website**

After receiving Avelo's cease-and-desist letters, Plaintiffs altered the &lt;avelno.com&gt; website by adding a disclaimer to the top and bottom of the webpage indicating at the top that "avelNO.com is not associated with Avelo the airline" and at the bottom that, "we are not at all associated with Avelo the airline."  Plaintiffs also added links to Avelo's website, &lt;avelo.com&gt;. Plaintiffs did not, however, alter the appearance of the &lt;avelno.com&gt; website.[7]  Although they could have, Plaintiffs did not remove the mark "AVELNO! or decrease its prominence, did not change the typeface, did not remove Avelo's trademarked "wishbone" design, and did not stop using Avelo's signature yellow and violet color scheme that Avelo uses on its customer-facing website, in its Avelo Marks, in its advertising and promotional materials, and on signage located throughout airports to identify itself to consumers.  Plaintiffs did not remove the image of the Infringing Billboard from the &lt;avelno.com&gt; and &lt;avgeekalliance.com&gt; websites which Lamar was in the process of taking down as of May 15, 2025.  The image of the Infringing Billboard, and the accompanying language, "[o]ur billboard will look something like this; final design is still TBD," is still displayed on the &lt;avelno.com&gt; and &lt;avgeekalliance.com&gt; websites as of the date of these Counterclaims.

**VI.    Plaintiffs File Suit**

On May 16, 2025, instead of responding to Avelo's cease-and-desist letter, or requesting an extension of time to do so, Plaintiffs preemptively filed the instant lawsuit.  Plaintiffs allege that, as of May 16, 2025, the billboards were not being displayed.  In Count IV of the Complaint, Plaintiffs allege that Avelo's cease-and-desist letter to Lamar deprived Plaintiffs of the benefit of their relationship with Lamar.  However, in its response to Plaintiff's cease-and-desist letter, Lamar expressly stated that it would not be terminating its business relationship with Plaintiffs.

///

---

[7] Notably, neither the disclaimers nor the links to Avelo's website were present on &lt;avelno.com&gt; on May 8, 2025, and appear to have been added sometime after Plaintiffs received the cease-and-desist letter.

4912-5095-0477, v. 2

**VII.    Plaintiffs' New Billboards**

On May 28, 2025, the New Hampshire Independent published an article entitled, "Anti-Avelo Billboards Are Coming Back."  The article quotes Mr. Miller as stating approved "new art," and that Lamar is erecting new versions of Plaintiffs' billboards.  It contains pictures comparing the New Billboards to the Infringing Billboards:

 

(*See* https://www.newhavenindependent.org/article/avelo_protest_lawsuit (last visited June 11, 2025).)  While Avelo does not appreciate the criticism contained on the New Billboards, it does not object to their display because they do not use Avelo's marks or trade dress to identify the AVELNO! campaign or <avelno.com> nor do they seek to confuse consumers by falsely suggesting a connection with Avelo.  If anything, the New Billboards prove that Plaintiffs could have gotten their message out without infringing Avelo's trademarks and trade dress.  However, notwithstanding Plaintiffs' display of their New Billboards, Plaintiffs have not taken down or restyled the <avelno.com> and <avgeekaction.com> websites.

**VIII.    Avelo is Suffering Irreparable Harm**

Plaintiffs' use of Avelo's trademarks has already resulted in significant and irreparable harm to Avelo's business, reputation, and goodwill.  Consumers have already noted their actual confusion between Plaintiffs' AVELNO! campaign and the services Avelo offers under its AVELO® mark on Reddit.  The harm that Plaintiffs have inflicted upon Avelo, the Avelo Marks, and Avelo's business, reputation, and goodwill cannot be quantified and, therefore, is irreparable. Moreover, Plaintiffs have expressed their intent to put the Infringing Billboards back up.

**FIRST COUNTERCLAIM FOR RELIEF**

**Cybersquatting in Violation of the Lanham Act, 15 U.S.C. § 1125(d)**

8.    Avelo incorporates all prior allegations of these Counterclaims by this reference.

4912-5095-0477, v. 2

9.      Avelo registered its AVELO® trademark on the Principal Register of the United States Patent and Trademark Office on November 29, 2022, as evidenced by U.S. Trademark Registration Certificate No. 6,910,702.

10.     Counterdefendants registered the <avelno.com> domain name on April 16, 2025, years after Avelo's rights in its AVELO® mark first arose.   At the time Counterdefendants registered the <avelno.com> domain name, Avelo's AVELO® trademark was distinctive.

11.     The <avelno.com> domain name is confusingly similar to Avelo's federally registered AVELO® trademark.

12.     Since registering <avelno.com>, Counterdefendants have re-registered, trafficked in, and/or used <avelno.com> to identify, advertise, and/or promote the AVELNO! campaign, to attract consumers to <avelno.com>, as a metatag embedded within the source code of the <avelno.com> website, and to solicit consumers who visit the <avelno.com> website to donate money to the AVELNO! campaign by clicking on links embedded within the <avelno.com> website.

13.     Counterdefendants' unauthorized use of the <avelno.com> domain name has caused and is continuing to cause consumers to be confused as to the affiliation, connection, or association of Counterdefendants with Avelo, or as to the origin, sponsorship, or approval of Avelo's goods, services, or commercial activities.

14.     The disclaimers Counterdefendants placed on the <avelno.com> website are and have been at all relevant times, insufficient to dispel consumer confusion, especially initial interest confusion.

15.     At all relevant times, Counterdefendants had a bad faith intent to profit from their registration and/or use of <avelno.com>.

16.     At no time did Counterdefendants believe or have reasonable grounds to believe that their unauthorized registration and/or use of <avelno.com> was lawful.

17.     As a direct and proximate result of Counterdefendants' unauthorized conduct, Avelo has suffered, and will continue to suffer, irreparable harm and injury to its business, reputation, and goodwill.

4912-5095-0477, v. 2

**SECOND COUNTERCLAIM FOR RELIEF**

**Infringement of Registered Marks in Violation of the Lanham Act, 15 U.S.C. § 1114**

18.     Avelo incorporates all prior allegations of these Counterclaims by this reference.

19.     Avelo owns federal trademark registrations for the Avelo Marks, including, but not limited to, Reg. No. 6,910,702 for the AVELO word mark for use in connection with, among other goods and services, "transportation services, namely transportation of persons by air," "providing information in the field of airline transportation by means of a global computer network," and "providing a website featuring information in the field of airline passenger transportation."

20.     Avelo's use in commerce and rights in its Avelo Marks predates any use in commerce by Counterdefendants.

21.     As set forth above, Counterdefendants are using the AVELNO! mark in commerce without Avelo's consent in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services, and such uses of AVELNO! have caused, are likely to continue causing, and are intended to cause confusion, or to cause mistake, or to deceive.

22.     Counterdefendants' unauthorized use in commerce of AVELNO! on the Infringing Billboards, in the <avelno.com> domain name, and on the <avelno.com> and <avgeekaction.com> websites, constitutes infringement of Avelo's federally registered Avelo Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     Counterdefendants' unauthorized acts of trademark infringement have caused, and unless restrained will continue to cause, irreparable harm to Avelo and to the substantial consumer goodwill engendered in its Avelo Marks unless Counterdefendants' use in commerce of AVELNO! is enjoined and restrained by this Court.  Avelo has no adequate remedy at law.

24.     Counterdefendants' unauthorized use in commerce of AVELNO! was with prior knowledge of Avelo's rights in its federally registered Avelo Marks and with the intent to capitalize on and trade on the established goodwill of Avelo.

25.     Counterdefendants' unauthorized use of AVELNO! is willful, in bad faith and with knowledge (or reckless disregard of the fact) that such use would cause confusion, mistake, and deception.

4912-5095-0477, v. 2

26.     As a direct and proximate result of Counterdefendants' unauthorized conduct, Avelo has suffered, and will continue to suffer, irreparable harm and injury to its business, reputation, and goodwill.

27.     Avelo is entitled to any damages it has sustained from Counterdefendants' infringing conduct.

28.     Avelo is entitled to disgorge Counterdefendants' profits made in connection with their unauthorized and infringing use in commerce of "AVELNO!"

29.     Counterdefendants' misconduct is of such a nature that an award of treble damages is necessary and appropriate under the Lanham Act.

30.     Counterdefendants' misconduct is of such a nature that this is an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), entitling Avelo to recover its reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Avelo prays for judgment as follows:

A.     That Counterdefendants take nothing by way of their Complaint;

B.     For preliminary and permanent injunctive relief, pursuant to 15 U.S.C. § 1116, prohibiting Counterdefendants from using the AVELO mark or any confusingly similar mark including, without limitation, AVENLO!, in commerce, in connection with the sale, offering for sale, distribution or advertising of any goods or services including, in any domain name;

C.     For an order directing Plaintiffs to file with the Court and serve on counsel for Defendant, within thirty days after entry of any injunction issued by the Court in this action, a sworn written report setting forth in detail the manner and form in which the Plaintiffs have complied with the injunction, as provided in 15 U.S.C. § 1116(a);

D.     For an award of damages, pursuant to 15 U.S.C. § 1117(a), consisting of: (1) Counterdefendants' profits, (2), up to three times Avelo's actual damages, and (3) the costs of the action;

E.     For an award of damages, pursuant to 15 U.S.C. § 1117(d), in an amount not less than $1,000 and not more than $100,000, as the Court considers just;

4912-5095-0477, v. 2

F.     For an order, pursuant to 15 U.S.C. § 1125(d)(1)(C), transferring ownership of the <avelno.com> domain name to Avelo;

G.     For pre-judgment interest and post-judgement interest according to proof and to the maximum extent allowable by law;

H.     For punitive and exemplary damages in the maximum amount necessary to punish and deter Counterdefendants' misconduct permissible under the United States Constitution;

I.     For an award of reasonable attorneys' fees as permitted by the Lanham Act; and

J.     For such other and further relief as the Court deems just and appropriate.

DATED: this 18th day of June 2025.

<div style="margin-left: 40%;">

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: _____/s/ Jonathan W. Fountain_____
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

</div>

4912-5095-0477, v. 2