Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>                   Plaintiffs,<br>v.<br><br>AVELO, INC.,<br><br>                   Defendant. | Case No. 2:25-cv-00856-JCM-BNW<br><br>**DECLARATION OF ANDREW M. SMITH IN SUPPORT OF DEFENDANT AVELO, INC.'S SPECIAL MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO NEVADA'S ANTI-SLAPP STATUTE** |

I, Andrew M. Smith, state the following:

1.      I am over eighteen (18) years of age and am an attorney and a member in good standing of the State Bar of Oregon. I am the founder of Resonate IP, LLC, attorneys for Defendant and Counterclaimant Avelo, Inc. ("Avelo"). Resonate IP is a full-service intellectual property law firm specializing in all aspects of trademarks and brand protection. I have never been disciplined by any court or any state or federal bar organization. I am currently applying to appear in this action *pro hac vice*. If called as a witness, I could and would competently testify to

4913-3091-3869, v. 2

the following facts, all of which are within my personal knowledge unless stated upon information and belief.

2. On May 8, 2025, I visited the website located at the domain <avelno.com> and used GoFullPage to obtain a dated screenshot of the information displayed on the website. Attached as **Exhibit A** is a true and correct copy of the GoFullPage[1] printout of the website displayed at the domain <avelno.com> as of May 8, 2025. Plaintiffs are using the <avelno.com> website to identify their AVELNO! campaign and to solicit funds from visitors to the page through links that allow visitors to donate money to the AVELNO! campaign using credit cards. One link is found after the text: "Your support will enable us to extend and expand that messaging." (*Id.*) It is contained in the following underlined text: "The most important thing you can do is not fly Avelo. And if you're able, we'd appreciate your support for the avelNO! campaign." (*Id.*) The other link is found at the bottom of the page. It is contained in the following underlined and italicized text: "If you'd like to donate more than $999 *this link can help* with that." I inspected the source code for the webpage. It uses "avelno.com" as an embedded metatag that enables Internet search engine like Google to index the page so that it will appear in search results. At the bottom of the page, the website contains a link to Plaintiffs' other website <avgeekaction.com>. The link is embedded in the following underlined text: "avelNO! is a project of the AvGeekAction Alliance."

3. On May 8, 2025, I visited the website located at the domain <avgeekaction.com> and used GoFullPage to obtain a dated screenshot of the information displayed on the website. Attached as **Exhibit B** is a true and correct copy of the GoFullPage printout of the website displayed at the domain <avgeekaction.com > as of May 8, 2025. The <avgeekaction.com> webpage also contains a large image of the Infringing Billboards featuring the Avelo Marks and Avelo's trade dress. Like <avelno.com> it also refers to "The avelNO! campaign" and contains

---

[1] GoFullPage is a software application that integrates with web browsers such as Google Chrome or Microsoft Edge. It enables users to take a picture of the entire length of a webpage, not simply the portion visible on the user's screen at the time the picture is taken. Resonate IP subscribes to the paid version of GoFullPage which allows the access date and url address to be displayed at the top of the .pdf website file. A full description is available at http://www.gofullpage.com.

links that allow visitors to the page to donate money to the "avelNO! campaign" using credit cards and other forms of online payment.

4. On May 8, 2025, I clicked the donation links contained on the <avelno.com> and <avgeekaction.com> webpages and was redirected to a Stripe website located at url address <https://donate.stripe.com/bIYbKh7eX0KJbo45kk>, which allowed for donation payments to be made via card, Amazon Pay, Klarna, or ACH bank transfer. Attached as **Exhibit C** is a true and correct copy of the GoFullPage printout of the website displayed at the url <https://donate.stripe.com/bIYbKh7eX0KJbo45kk> as of May 8, 2025.

5. On or about May 9, 2025, I sent two cease and desist letters (the "Letters") on behalf of Avelo to: (1) Seth Miller ("Mr. Miller") and Proton Associates LLC ("Proton"); and (2) Russell Primeaux, ("Mr. Primeaux"), counsel for Lamar Advertising ("Lamar"). A true and correct copy of the letter I sent to Mr. Miller and Proton appears in the record at ECF No. 1-3. A true and correct copy of the letter I sent to Mr. Primeaux appears in the record at ECF No. 1-4.

6. I have represented Avelo in connection with intellectual property matters since October 5, 2020, commencing with representation at my former firm Holey & Menker PA and continuing on with Resonate IP, LLC, as of May 17, 2021. My representation of Avelo has included the prosecution of applications seeking federal trademark registrations and in connection with trademark and other intellectual property litigation. I have also regularly advised Avelo regarding the scope and enforcement of its intellectual property on several matters. As a result of this experience, I am very familiar with Avelo's copyright and trademark portfolio.

7. The statements contained in the Letters were based on my professional, good faith legal analysis and on my extensive experience with, and knowledge of, Avelo's intellectual property portfolio. The statements in the Letters were true to the best of my knowledge and based on my own good faith opinions of the law and the scope of Avelo's intellectual property. I do not believe that any statements in the Letters were false so, necessarily, no statements in the Letters were made with knowledge of any falsehood contained in them. Avelo authorized me to send the Letters on its behalf. As someone who regularly communicates with Avelo and advises it on intellectual property issues, I know that Avelo was seriously considering, in good faith, the

initiation of judicial proceedings against Plaintiffs at the time I sent the Letters (as the Letters make clear, I believe). Avelo would not have authorized the sending of the Letters without such a good faith belief and contemplation. In fact, I firmly believe it likely that judicial proceedings would have been instituted by Avelo had Plaintiffs not filed this action first.

8. Avelo intends to assert counterclaims against Plaintiffs in this action for violating Avelo's intellectual property rights as prefaced in the Letters.

9. After receiving Avelo's cease-and-desist letter, Plaintiffs altered the <avelno.com> website by adding a disclaimer to the top and bottom of the webpage indicating at the top that "avelNO.com is not associated with Avelo the airline" and at the bottom that, "we are not at all associated with Avelo the airline." Plaintiffs also added links to Avelo's website, <avelo.com>. Plaintiffs did not, however, alter the appearance of the <avelno.com> website.[2] Although they could have, Plaintiffs did not remove the mark "AVELNO! or decrease its prominence, did not change the typeface, did not remove Avelo's trademarked "wishbone" design, and did not stop using Avelo's signature yellow and violet color scheme that Avelo uses on its customer-facing website, in its Avelo Marks, in its advertising and promotional materials, and on signage located throughout airports to identify itself to consumers. Plaintiffs did not remove the image of the Infringing Billboard from the <avelno.com> and <avgeekalliance.com> websites which Lamar was in the process of taking down as of May 15, 2025. The image of the Infringing Billboard, and the accompanying language, "[o]ur billboard will look something like this; final design is still TBD," is still displayed on the <avelno.com> and <avgeekalliance.com> websites as of the date of this declaration.

10. On or about May 15, 2025, Mr. Primeaux sent me a letter responding to the cease-and-desist letter I previously sent him. A true and accurate copy of the letter I received from Mr. Primeaux is attached hereto as **Exhibit D**. The letters states, among other things, that Lamar respects the intellectual property rights of others and was "in the process of taking down" the billboards. (*Id.*) Implicit in the letter was Lamar's recognition that the billboards were, in fact,

---

[2] Notably, neither the disclaimers nor the links to Avelo's website were present on <avelno.com> when I first viewed the webpage on May 8, 2025, and appear to have been added sometime after Plaintiffs received the cease-and-desist letter I sent them.

4913-3091-3869, v. 2

infringing upon Avelo's rights.  Also, the letter clearly states that Lamar refused to terminate its business relationship with Plaintiffs as a result of the cease and desist letter I sent it on May 9, 2025.

11. On May 16, 2025, instead of responding to Avelo's cease-and-desist letter, or requesting an extension of time to do so, Plaintiffs preemptively filed the instant lawsuit.

12. On or about May 28, 2025, I became aware of an article published by the New Hampshire Independent.  A true and accurate copy of the article is attached hereto as **Exhibit E**.  The article quotes Mr. Miller as stating he has approved "new art," and that Lamar is erecting new versions of Plaintiffs' billboards.  (*Id.*)  A true and accurate image from the article comparing the new black, white, and blue billboards to the original billboards appears, in part, as follows:





See https://www.newhavenindependent.org/article/avelo_protest_lawsuit (last visited June 11, 2025).

\* \* \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 18, 2025

             /s/ Andrew M. Smith
            ANDREW M. SMITH, ESQ.

4913-3091-3869, v. 2