Charles Gerstein, Esq.
(*pro hac vice application filed*)
Jeremy Shur, Esq.
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20025
charlie@gerstein-harrow.com
(202) 670-4809

Jason Harrow, Esq.
(*pro hac vice application filed*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>AVELO, INC.,<br><br>Defendant. | Case No.: 2:25-cv-00856-JCM-BNW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO NEVADA'S ANTI-SLAPP STATUTE** |

## OPPOSITION

After Defendant filed a Special Motion to Dismiss Count IV, Plaintiffs filed a First Amended Complaint that removes the single count targeted by Defendant's Special Motion. Defendant's Motion accordingly must be denied as moot because the amended complaint no longer contains the relevant cause of action, and the special motion thus targets a pleading that is "treated . . . as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A]fter amendment the original pleading no longer performs any function."); *see also, e.g.*, *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023) ("The filing of an amended complaint generally moots a pending motion to dismiss."); *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot."). Because Defendant's special motion cannot be granted, Defendant is not entitled to any of the affirmative relief requested in the motion. *See* NRS 41.670(1) (allowing a defendant to recover attorney fees and costs only "[i]f the court *grants* a special motion to dismiss filed pursuant to NRS 41.660" (emphasis added)); *Padda v. Hendrick*, 136 Nev. 856 (2020) (noting that "the plain language of NRS 41.670(1) requires an anti-SLAPP motion to be granted before attorney fees and costs may be awarded under the statute" and holding fees not available where, as here, plaintiff voluntarily dismissed targeted claim).

Although Defendant's Motion must be dismissed as moot because the targeted claim is no longer operative, Defendant's special motion to dismiss the claim was without merit anyway because, among other reasons, Nevada law has not applied the absolute litigation privilege (which is the only ground Defendant advances in support of its contention that Plaintiffs could not show a probability of success on the merits of Count IV of the Complaint) "to interference with *existing* contractual relations,"

which is what was alleged in Count IV. *Treasury Sols. Holdings, Inc. v. Upromise, Inc.*, No. 3:10-CV-00031-LRH, 2015 WL 3902400, at *2 (D. Nev. June 25, 2015) (emphasis added).

## CONCLUSION

For the forgoing reasons, Defendant's Special Motion To Dismiss Count IV Of The Complaint Pursuant To Nevada's Anti-Slapp Statute, ECF No. 14, must be denied as moot.

DATED June 25, 2025.

**BRAVO SCHRAGER LLP**

By: */s/ Daniel Bravo*
Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113

Charles Gerstein, Esq.
(*pro hac vice application filed*)
Jeremy Shur, Esq.
(*pro hac vice application forthcoming*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20025

Jason Harrow, Esq.
(*pro hac vice application filed*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2025, a true and correct copy **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO NEVADA'S ANTI-SLAPP STATUTE** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Dannielle Fresquez*
Dannielle Fresquez, an Employee of
BRAVO SCHRAGER LLP