Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>        Plaintiffs,<br><br>v.<br><br>AVELO, INC.,<br><br>        Defendant. | Case No. 2:25-cv-00856-CDS-BNW<br><br>**DEFENDANT AVELO, INC.'S MOTION FOR RECONSIDERATION OF MINUTE ORDER DENYING ITS SPECIAL MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO NEVADA'S ANTI-SLAPP STATUTE**<br><br>(Oral Argument Requested) |

- 1 -

4896-6593-4418, v. 32

Defendant Avelo, Inc. ("Defendant" or "Avelo") hereby moves the Court for reconsideration of the Court's June 27, 2025 Minute Order (ECF No. 28) (the "Minute Order") denying Defendant's Special Motion to Dismiss Count IV of the Complaint Pursuant to Nevada's Anti-SLAPP Statute (ECF No. 14) (the "Special Motion to Dismiss"). This motion is supported by the papers and pleadings on file, by the following points and authorities, and by any oral argument the Court may require or allow.

## PRELIMINARY STATEMENT

On June 18, 2025, Avelo filed a special motion to dismiss Count IV of the Complaint pursuant to Nevada's anti-SLAPP statute, NRS § 40.660 (ECF No. 14) (defined above as the "Special Motion to Dismiss"). The motion sought, among other relief, a mandatory award of attorneys' fees and costs and an award of discretionary damages. *See* NRS § 41.670. Seeking to avoid liability for these damages and circumvent the requirements of Nevada's anti-SLAPP statute, on June 25, 2025, Plaintiffs amended their complaint to omit Count IV and filed a response arguing that, as a result of the amended complaint, the Special Motion to Dismiss was moot. (ECF No. 22.) Two days later, on June 27, 2025, the Court entered its Minute Order denying the Special Motion to Dismiss as moot. (ECF No. 28.) Reconsideration of the Minute Order is warranted for four reasons.

First, reconsideration is warranted because the Court departed from its local rules by denying the Special Motion to Dismiss just two (2) days after Plaintiffs filed their response (ECF No. 22) and five (5) days *before* Avelo's reply was due. *See* LR 7-2(b) ("The deadline to file and serve any reply in support of the motion is seven days *after* service of the response") (emphasis added). Because the Court ruled on the motion two (2) days after Plaintiffs' response was filed, Avelo did not have a sufficient opportunity to draft and file its reply before the Court entered the Minute Order. As a result, Avelo was unable to address Plaintiffs' mootness argument, raised for the first time in Plaintiffs' response, and was unable to provide the Court with authority relevant to that argument.

Second, reconsideration is warranted because the filing of Plaintiffs' First Amended Complaint did not moot the issue of Avelo's entitlement to an award of attorneys' fees, costs, and

4896-6593-4418, v. 32

statutory penalties under Nevada's anti-SLAPP statute for having to defend against Plaintiffs' meritless SLAPP suit (*i.e.*, Count IV of the original complaint).  This Court and the Nevada Supreme Court have both held that the filing of an amended complaint to omit a tort claim that forms the basis for liability under Nevada's anti-SLAPP statute does not render a special motion to dismiss moot.

Third, reconsideration is warranted because Plaintiffs' arguments to the contrary are unavailing.  The *Padda* case Plaintiffs cite is easily distinguishable and has been superseded by a more recent, on-point, ruling of the Nevada Supreme Court.

Fourth, reconsideration is warranted because Avelo satisfied both prongs of the anti-SLAPP analysis and is entitled to the relief it seeks.[1]

**STATEMENT OF FACTS**

Avelo is a budget-friendly airline that provides service to travelers located throughout the United States. (ECF No. 13, Countercls. at pp. 10-11.)  Recently, after Avelo announced its entry into a contract to provide airline services in support of the United States government's ongoing immigration enforcement efforts, Plaintiffs embarked upon an admittedly intentional campaign to damage Avelo's business, reputation, and goodwill using Avelo's own trademarks and trade dress to do so.  (*Id*. at 13-15.)  Plaintiffs began by registering the <avelno.com> domain name to raise money for billboards, then contracted with Lamar Advertising ("Lamar") to erect two billboards in the New Haven, Connecticut area that appeared, as follows:



(*Id*. at 13-14.)

The website and billboards feature AVELNO!, a confusingly similar version of Avelo's

---

[1] Reconsideration would also serve judicial economy, potentially saving the parties significant expense associated with an interlocutory appeal. *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766-67 (9th Cir. 2017) ("The denial of an anti-SLAPP motion is an immediately appealable final decision pursuant to the collateral order doctrine").

4896-6593-4418, v. 32

federally registered AVELO® trademark, along with Avelo's signature yellow and violet trade dress and distinctive logo. (*Id*. at 14.) The billboards direct confused consumers to the <avelno.com> website where they are asked to give money to "the AvelNO! Campaign" (which is NOT a registered non-profit enterprise). (*Id*. at 14-15.)

While Avelo does not object to Plaintiffs' voicing their opinion, Avelo objected to Plaintiffs' unauthorized use of its intellectual property and sent cease-and-desist letters to Plaintiffs and Lamar demanding that they cease and desist from infringing its intellectual property and that they provide a written response by May 16, 2025. (*Id*. at 15-16.) But instead of responding, Plaintiffs preemptively filed the instant lawsuit seeking declarations of non-infringement (Counts 1-3), and money damages for Avelo's alleged interference with Plaintiffs' business relationship with Lamar (Count IV). (ECF No. 1.)

On June 18, 2025, Avelo filed a special motion to dismiss Count IV of the Complaint pursuant to Nevada's anti-SLAPP statute, NRS § 40.660. (ECF No. 14) (defined above as the "Special Motion to Dismiss".) In response to the motion, on June 25, 2025, Plaintiffs amended their complaint to omit Count IV and also filed a response claiming that, as a result of the amended complaint, the Special Motion to Dismiss was moot. (ECF No. 22.) Two days later, on June 27, 2025, the Court entered its Minute Order denying the Special Motion to Dismiss as moot. (ECF No. 28.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood"). Avelo respectfully submits that the Court committed clear error by denying the Special Motion to Dismiss as moot without providing Avelo with sufficient time to file its reply in contravention of the Court's local rules.

4896-6593-4418, v. 32

# ARGUMENT

## I. RECONSIDERATION IS WARRANTED BECAUSE AVELO DID NOT HAVE AN OPPORTUNITY TO SUBMIT ITS REPLY BRIEF PRIOR TO THE COURT'S RULING.

District courts must adhere to their own local rules. *See In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011) ("District judges must adhere to their court's local rules, which have the force of federal law"); *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (explaining that "a departure from local rules that affects 'substantial rights' requires reversal" and "is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook [it]" (internal quotation marks omitted)).

In this case, the Minute Order was entered just two (2) days after Plaintiffs filed their response and just two (2) days into the seven (7) day period Avelo had under LR 7-2(b) to file and serve its reply. Because the court ruled on the Special Motion to Dismiss before Avelo was able to submit its reply, Avelo was unable to respond to Plaintiff's mootness argument as it was raised for the very first time in Plaintiffs' response. Avelo was also unable to inform the Court of relevant law holding that an amended complaint does not moot a special motion to dismiss brought pursuant to the anti-SLAPP statute. Under the anti-SLAPP statute, Avelo is entitled to an award of its attorneys' fees and costs as well as discretionary damages to compensate it for the expenses it unjustly incurred responding to Count IV of the Complaint—a tort claim Plaintiffs alleged against Avelo in response to the legally privileged cease-and-desist letter it sent to Lamar. *See* NRS § 41.670. Here, the Court's departure from its local rules affected Avelo's substantial rights—namely its right to pursue it claim for attorneys' fees, costs, and discretionary damages under the anti-SLAPP statute. Reconsideration is warranted because Avelo should have been allowed to file its reply before the Court ruled against it. *See, e.g., Arredondo v. Las Vegas Metro. Police Dep't*, 280 Fed. App'x 633, 634 (9th Cir. 2008) (vacating order denying motion to alter or amend judgment and remanding for consideration of motion where district court decided motion before receiving movant's reply brief).

///

///

## II. RECONSIDERATION IS WARRANTED BECAUSE THE MINUTE ORDER DID NOT CONSIDER RELEVANT LAW HOLDING THAT AN AMENDED COMPLAINT DOES NOT MOOT AN ANTI-SLAPP MOTION.

It is clear that Plaintiffs are attempting to use their amended complaint to retroactively dispense of their tortious interference claim to avoid liability under Nevada's anti-SLAPP statute before the court has ruled on Avelo's anti-SLAPP motion. But a party facing an anti-SLAPP motion cannot voluntarily dismiss its claims or use an amended complaint as a mechanism for avoiding liability under the anti-SLAPP statute.

The Nevada Supreme Court and this Court have specifically held that the filing an amended complaint while an anti-SLAPP special motion to dismiss is pending is not grounds to deny an anti-SLAPP motion as moot. *See Vannah v. L. Off. of Daniel S. Simon*, No. 82058, 2022 Nev. Unpub. LEXIS 249, *2-3, 2022 WL 986138, at *1 (Nev. Mar. 31, 2022) (holding where anti-SLAPP motion filed before an amended complaint the "court should conduct its anti-SLAPP analysis based on [the] original complaint"); *see also Smith & Wesson Brands, Inc. v. SW N. Am., Inc.*, No. 2:22-cv-01773-JCM-EJY, 2023 U.S. Dist. LEXIS 114832, at *9-10 (D. Nev. July 5, 2023) ("It is clear defendant is attempting to use the amendment to retroactively dispense of its counterclaims in order to avoid liability before the court has ruled on the anti-SLAPP motion. Accordingly, the court finds that plaintiff's special motion to dismiss is not mooted by defendant's amended pleading").

Other federal courts agree. *See, e.g., Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083, at *15 (S.D. Cal. Mar. 18, 2009) ("As the prevailing party, Plaintiff is entitled to attorney fees because Defendant may not avoid liability for attorney fees under the anti-SLAPP statute by dismissing his claims subject to a pending anti-SLAPP special motion to strike."); *De La Torre v. Legal Recovery Law Office*, 2014 U.S. Dist. LEXIS 128220, at *6 (S.D. Cal. Sept. 12, 2014) ("California courts agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees."); *Hedley & Bennett, Inc. v. Mejico*, 2022 U.S. Dist. LEXIS 115549, at *2 (C.D. Cal. June 24, 2022) ("A defendant may still recover attorney's fees and costs when a plaintiff voluntarily dismisses the case while an anti-SLAPP motion is

- 6 -
4896-6593-4418, v. 32

pending.").[2]

The rationale for these decisions is simple. "Nevada's anti-SLAPP statutes aim to protect First Amendment rights by providing defendants with a procedural mechanism to dismiss 'meritless lawsuit[s] that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights' before incurring the costs of litigation" *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019) (quoting *Stubbs v. Strickland*, 27 P.3d 326, 329 (Nev. 2013)) (alteration in original). Anti-SLAPP statutes are designed "to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 45 Cal.Rptr.3d 633, 637 (2006) (citation omitted) (internal quotation marks omitted).Allowing anti-SLAPP defendants (Plaintiffs in this case) to amend their way out of the statute's application contravenes the very purpose of the statute, which is to discourage meritless SLAPP suits like the one alleged in Count IV of the Complaint. In light of *Vannah*, which is directly on-point, Avelo's anti-SLAPP motion is not moot. Reconsideration is warranted because the Court did not consider the above-cited authorities. In fact, none of the cases cited by the Court in its Minute Order concern a special motion to dismiss brought pursuant to Nevada's anti-SLAPP statute.

### III. RECONSIDERATION IS WARRANTED BECAUSE PLAINTIFFS' ARGUMENTS TO THE CONTRARY ARE UNAVAILING.

#### A. The *Padda* Decision is Distinguishable.

Plaintiffs cite the Nevada Supreme Court's decision in *Padda v. Hendrick*, 136 Nev. 856

---

[2] When applying the Nevada anti-SLAPP statute, Nevada courts look to California courts for guidance. *See Shapiro v. Welt*, 389 P.3d 262, 268 (Nev. 2017) (adopting California's guiding principles for determining whether an issue is of public interest under NRS § 41,637); *Delucchi v. Songer*, 396 P.3d 826, 833 (Nev. 2017) (stating that the Supreme Court of California's rationale when determining what constitutes "good faith communication" is persuasive and consistent with Nevada anti-SLAPP caselaw); *Patin v. Ton Vinh Lee*, 429 P.3d 1248, 1249 (Nev. 2018) (adopting California's framework for determining if a statement is in "direct connection with an issue under consideration by a judicial body" for the purposes of NRS § 41.637(3)). Indeed, as the Nevada Supreme Court has previously observed, the Nevada and California anti-SLAPP statutes are functional equivalents. *Taylor v. Colon*, 482 P.3d 1212, 1216 (Nev. 2020).

4896-6593-4418, v. 32

(2000), for the proposition that the Court cannot grant Avelo's motion in light of Plaintiffs' filing of the First Amended Complaint. But *Padda* does not control here. In *Padda*, the plaintiff filed a complaint against Hendrick alleging claims for defamation, false light, and declaratory relief based on a negative review Hendrick posted online. *Padda v. Hendrick*, No. 78534, 2020 Nev. Unpub. LEXIS 409, at *1, 2020 WL 1903191 (Nev. Apr. 16, 2020). Hendrick filed an anti-SLAPP special motion to dismiss pursuant to NRS § 41.660. *Id*. One day later, Padda voluntarily dismissed his entire *complaint* pursuant to Nevada Rule of Civil Procedure 41(a)(1). *Id*. Following Padda's dismissal of his case, Hendrick moved for attorneys' fees and costs under NRS § 41.670(1). *Id*. The district court granted the motion, finding that Hendrick was entitled to attorneys' fees and costs because he would have prevailed on the anti-SLAPP special motion to dismiss. *Id*. On appeal, the Nevada Supreme Court held that because Padda had voluntarily dismissed the action (which closed the case) before the district court ruled on the motion, the district court lacked jurisdiction to grant the motion. *Id*. at *2. The court reasoned that because the anti-SLAPP statute only allows for an award of attorneys' fees if the court grants a special motion to dismiss, the plain language of the statute did not allow for an award because the district court did not "grant" the motion. *Id*. at *2-3.

*Padda* is distinguishable because, in this case, Plaintiffs have not voluntarily dismissed their entire case like the plaintiff did in *Padda* and there is no question concerning whether this Court has jurisdiction to rule on the motion. Plaintiffs merely amended their Complaint and omitted Count IV. It has not been dismissed and Plaintiffs could potentially even seek to amend their complaint in the future to re-allege Count IV, which would also allow them to circumvent any consequences for filing a meritless SLAPP suit. In addition, *Padda* has been superseded by *Vannah*, as set forth above.

    **B.**  **Absolute Privilege Applies to Claims for Interference with Existing Contracts.**

Plaintiffs also argue that Avelo's motion to dismiss is meritless because the Nevada courts, while they have applied the absolute litigation privilege to claims for intentional interference with *prospective* contractual relations, have not done so with respect to claims for intentional interference with *existing* contractual relations. (Opp. at 2:22-3:3) (citing *Treasury Sols. Holdings,*

*Inc. v. Upromise, Inc.*, No. 3:10-cv-00031-LRH, 2015 WL 3902400 (D. Nev. June 25, 2015).) However, this argument is misleading and ignores both relevant authority and Plaintiffs' own conduct—namely their omission of Count IV from their First Amended Complaint in response to Avelo's anti-SLAPP motion.

In *Upromise, Inc.*, the defendants asserted absolute privilege as a defense to the plaintiff's claim for intentional interference with *existing* contractual relations. The defendant cited *Cucinotta v. Deloitte & Touche, LLP*, 302 P.3d 1099, 1102 (Nev. 2013) for the proposition that absolute privilege was a defense to the claim. The plaintiff argued that "*Deloitte* does not indicate that the Nevada Supreme Court has adopted absolute privilege in the context of intentional interference with [existing] contractual relations." *Upromise, Inc.*, 2015 U.S. Dist. LEXIS 82749, at *7 (D. Nev. June 24, 2015). The court stated, "Nevada law has previously applied this privilege to interference with prospective economic advantage, but not interference with existing contractual relations." *Id*. While the court recognized that, "*Deloitte* involved claims for interference with contractual relations *and* prospective economic advantage," it nevertheless held that, " in the absence of an <u>express</u> extension of the privilege to existing contractual relations, . . . Nevada law does not yet acknowledge such a privilege in this context." *Id*. at *8-9 (italics in original) (underlining added). Here. Plaintiffs' argument is misleading because *Deloitte* involved claims for interference with *both* existing and prospective contractual relations.

More recently, in *Rimini Street v. Oracle International Corporation*, No. 2:14-cv-01699-LRH-DJA, 473 F. Supp. 3d 1158, 1185-86 (D. Nev. 2020), this Court considered whether the Nevada Supreme Court would extend the absolute privilege doctrine to the tort of intentional interference with existing contractual relations. This Court held that it would, stating, the following:

> Here, it is likely that given the opportunity, the Nevada Supreme Court would extend the absolute privilege doctrine to encompass the tort of intentional interference with contractual relations. Absolute privilege is included in the Restatement approach to intentional contractual interference, and Nevada state courts often follow the Restatement approach to the interference torts. Moreover, as previously mentioned, the elements of interference with contractual relations are nearly identical to interference with prospective economic advantage. The only relevant difference between the elements of the two torts is that a prospective

economic advantage plaintiff must prove the absence of privilege or justification by the defendant. In *Leavitt v. Leisure Sports Incorporation*, the Nevada Supreme Court applied the doctrine of absolute privilege to a case where the plaintiffs, *inter alia*, asserted a claim of intentional interference with prospective economic advantage. The *Leavitt* Court ruled in favor of the defendants, applying the absolute right doctrine and noting that they had acted to protect the interests they had acquired via a valid contract. In doing so, the Court cited to out of jurisdiction cases where courts had applied the absolute privilege doctrine to the tort of intentional interference with [existing] contractual relations, noting that these cases dealt with wrongful interference of contract which is a species of the broader tort of interference with prospective economic advantage. It is evident that the Nevada Supreme Court views the two torts as exceedingly similar.

*Id.*, 473 F. Supp. 3d at 1186 (internal citations and quotations omitted).

In sum, the Nevada Supreme Court held that absolute privilege was a defense in *Deloitte*, which involved claims for *both* interference with existing and prospective contractual relations, and in *Rimini Street*, this Court held that the Nevada Supreme Court would, given the opportunity, expressly extend the absolute privilege doctrine to encompass the tort of intentional interference with *existing* contractual relations.

### IV. RECONSIDERATION IS WARRANTED BECAUSE AVELO SATISFIED BOTH ELEMENTS OF THE ANTI-SLAPP ANALYSIS AND IS ENTITLED TO THE RELIEF IT SEEKS.

The Court should grant Avelo's special motion to dismiss because both elements of the anti-SLAPP analysis are satisfied.

First, Avelo has established that Count IV was "based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS § 41.660(3)(a). It is undisputed that Count IV is based on the cease-and-desist letter Avelo's counsel sent to Lamar. In addition, Avelo submitted the Declaration of Andrew Smith who declared that all statements contained in Avelo's cease-and-desist letters are true or were made without knowledge of falsehood, and Avelo genuinely believed in the validity of the claims asserted in the letter. (ECF No. 14-1, Smith Decl. ¶ 7.) The Smith Declaration is sufficient to meet Avelo's burden of establishing that its statements in the letter were truthful because there is no contradictory evidence in the record, nor could there be. "[A]n affidavit stating that the defendant believed the communications to be truthful or made them without knowledge of

their falsehood is sufficient to meet the defendant's burden absent contradictory evidence in the record." *Stark v. Lackey*, 136 Nev. 38, 43, 458 P.3d 342, 347 (2020); *see also LHF Prods., Inc. v. Kabala*, 2018 WL 4053324, at *3 (D. Nev. Aug. 24, 2018), *aff'd sub nom. LHF Prods., Inc. v. Does*, 848 F. App'x 802 (9th Cir. 2021) ("And because [movant] offers two signed declarations—one from its counsel and another from a witness—that declare that the communications were truthful or made without knowledge of their falsehood, I find that [the movant] has made the requisite showing that its communications are protected.").

Second, Plaintiffs failed to demonstrate a probability of prevailing on Count IV with prima facie evidence. NRS § 41.660(3)(b). In fact, Plaintiffs did not submit any evidence in response to the motion. More importantly, however, Plaintiffs cannot meet their burden of demonstrating a probability of prevailing on Count IV no matter what evidence they might submit because Avelo's cease-and-desist letter was absolutely privileged. Simply put, "the absolute litigation privilege applies at the second prong of the anti-SLAPP analysis because a plaintiff cannot show a probability of prevailing on his claim if a privilege applies to preclude the defendant's liability." *Williams v. Lazer*, 137 Nev. 437, 443, 495 P.3d 93, 99 (2021). Moreover, Lamar is not terminating its contractual relationship with Plaintiffs. (*See* ECF No. 14-5.)

## CONCLUSION

Count IV was meritless from day one and was properly subject to Avelo's Special Motion to Dismiss. Instead of denying Avelo's Special Motion to Dismiss, the Court should reconsider the Minute Order and enter judgment on Count IV in Avelo's favor and against Plaintiffs. *See* NRS § 41.660 (explaining that an anti-SLAPP motion is treated as a motion for summary judgment and serves as an adjudication on the merits). Further, Avelo should be awarded its attorneys' fees and costs incurred in bringing the motion along with discretionary damages, because it is the prevailing party following Plaintiffs' decision to abandon Count IV after Avelo filed its motion. *See, e.g., Mireskandari v. Daily Mail Gen. Trust PLC*, 2014 U.S. Dist. LEXIS 201202, at *30 (C.D. Cal. Nov. 7, 2014) ("Because defendants achieved a practical benefit when the first, second, fourth, sixth, seventh, eighth, eleventh, twelfth, and thirteenth causes of action were eliminated, the court concludes that they are the prevailing parties on these claims for

purposes of obtaining fees and costs under the anti-SLAPP statute.").

For all of the foregoing reasons, Avelo respectfully requests that the Court reconsider the Minute Order and enter an order: (1) granting Avelo's special motion to dismiss Count IV of the Complaint; (2) entering judgment in Avelo's favor on Count IV of the Complaint; (3) requiring Plaintiffs to pay Avelo's attorneys' fees and costs associated with its special motion to dismiss, in addition to awarding Avelo $10,000 in statutory damages, pursuant to NRS § 41.670; and (4) granting Avelo 14 days to submit a motion to quantify the amount of its attorneys' fees and costs.

Dated: this 30th day of June 2025

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By:     /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
3800 Howard Hughes, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Drew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*