Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER, <br><br> Plaintiffs, <br> v. <br><br> AVELO, INC., <br><br> Defendant. | Case No. 2:25-cv-00856-CDS-BNW <br><br> **DEFENDANT AVELO, INC.'S MOTION TO DISMISS COUNTS I AND III OF THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION** |

4936-9819-9379, v. 2

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Avelo, Inc. ("Defendant" or "Avelo") hereby moves the Court for entry of an order dismissing Counts I and III of the First Amended Complaint for lack of a justiciable case or controversy. Avelo has told Plaintiffs Proton Associates LLC and Seth Miller (together, "Plaintiffs"") that it does not intend to pursue claims against them for copyright infringement (the subject of Count I) or trademark dilution (the subject of Count III) and has asked Plaintiffs to stipulate to dismiss those claims, but Plaintiffs have not agreed to do so. In addition, because Avelo has also provided Plaintiffs with an irrevocable and unconditional covenant not to sue them for copyright infringement or trademark dilution, Counts I and III are moot and this Court lacks subject-matter jurisdiction over those claims.

This motion is made and supported by the papers and pleadings on file, by the accompanying Declaration of Alissa Thompson and the exhibit(s) thereto (the "Thompson Decl."), by the accompanying Declaration of Jonathan W. Fountain and the exhibit(s) thereto (the "Fountain Decl."), by the points and authorities set forth below, and by any oral argument the Court may require or allow.

## PRELIMINARY STATEMENT

This is a trademark infringement dispute in which the accused trademark infringers—Plaintiffs in this case—have rushed to court seeking a declaratory judgment of non-infringement—a judgment Plaintiffs are not entitled to.

Avelo, through its wholly owned subsidiary, Avelo Airlines, Inc., operates a budget-friendly airline that provides service to travelers located throughout the United States. Recently, after Avelo announced its entry into a contract to provide airline services to a contractor of the United States government in connection with the government's ongoing immigration enforcement efforts, Plaintiffs embarked upon an admittedly intentional campaign using Avelo's own trademarks and trade dress to confuse its customers and damage its reputation and business. Plaintiffs did so by contracting with Lamar Advertising Corporation ("Lamar") to erect three billboards in the New Haven, Connecticut, area. Using AVELNO!, a confusingly similar version of Avelo's federally registered AVELO service mark, along with other Avelo marks and Avelo's

signature violet, teal, white, and yellow trade dress and distinctive "Avelo" logo, the billboards state: "Does your vacation support their deportation? Just say AvelNO!" and direct viewers to <avelno.com>, a website where visitors are encouraged to donate money to support "the AvelNO! Campaign."

Avelo strongly objected to Plaintiffs' unauthorized use of its trademarks and trade dress based on its reasonable investigation of facts known at that time. It sent cease-and-desist letters to Plaintiffs and to Lamar requesting that they each cease and desist from infringing Avelo's trademarks, trade dress, and copyrights, and that they each provide a written response to the letter by May 16, 2025. However instead of responding to Avelo's cease-and-desist letters or seeking an extension of time to do so, Plaintiffs preemptively filed the instant lawsuit.

**STATEMENT OF MATERIAL FACTS**

Plaintiff Seth Miller ("Mr. Miller") is an individual and resident of Dover, New Hampshire, who formed and partly owns Plaintiff Proton Associates LLC ("Proton") who does business as "AvGeek Action Alliance." (ECF No. 1, Complaint (the "Compl.") ¶ 7.) Plaintiffs leased two billboards on the road to Avelo's hub in New Haven reading as follows:



(*Id.* ¶ 3; *see also* ECF Nos. 1-1, 1-2, Exs. A, B to Compl.)

Avelo objected to the billboards and its counsel sent Mr. Miller and Proton a cease-and-desist letter dated May 9, 2025, in which Avelo's counsel demanded, among other things, that Mr. Miller and Proton "cease all use of the AVELO Marks, logos, designs, and trade dress on (1) websites accessible at domains <avelno.com>, <avgeekaction.com>, and <millerfornh.com>, (2) billboards (both electronically and in printed form), (3) social media, and (4) . . . remove all copyrighted pictures of Avelo aircraft displaying Avelo's trademarks and trade dress." (Compl. ¶¶

29-32; *see also* ECF No. 1-3, Ex. C to Compl. at p. 4 of 17.) The letter requested a written response by May 16, 2025. (*Id.*, ECF No. 1-3 at p. 5 of 17.)

Avelo's counsel also sent a cease-and-desist letter to Lamar Advertising Corporation ("Lamar") dated May 9, 2025, in which Avelo's counsel demanded, among other things, that Lamar, "cease its participation in the infringement of Avelo's trademarks and trade dress" and it informed Lamar that it could be held secondarily liable for contributing to the infringement of Avelo's trademarks. (Compl. ¶¶ 40-43; *see also* ECF No. 1-4, Ex. D to Compl. at pp. 3-4 of 15.) The letter requested a written response by May 16, 2025. (*Id.*, ECF No. 1-4 at p. 4 of 15.)

On or about May 15, 2025, Lamar responded to Avelo's cease-and-desist letter stating, among other things, that it respects the intellectual property rights of others, and was "in the process of taking down" the billboards. (*See* ECF No. 14-1, Declaration of Andrew M. Smith (the "Smith Decl.") ¶ 10 & Ex. D.)

On May 16, 2025, instead of responding to Avelo's cease-and-desist letter or seeking an extension of time to do so, Plaintiffs preemptively filed the instant lawsuit. (ECF No. 1.) Count I sought a declaratory judgment of non-infringement concerning Avelo's copyrights; Count II sought a declaratory judgment of non-infringement concerning Avelo's trademarks; Count III sought a declaratory judgment of non-infringement concerning Avelo's trade dress through dilution; and Count IV sought damages for Avelo's alleged interference with Plaintiffs' business relationship with Lamar. (*Id.*)

Plaintiffs alleged that, as of May 16, 2025, the billboards are not being displayed. (Compl. ¶ 46.) In Count IV, Plaintiffs alleged that Avelo's cease-and-desist letter to Lamar deprived Plaintiffs of the benefit of their relationship with Lamar. (*Id.* ¶ 74.) However, in its response to Plaintiff's cease-and-desist letter, Lamar stated that it would not be terminating its business relationship with Plaintiffs. (*See* Smith Decl. ¶ 10 & Ex. D.)

On May 28, 2025 the New Hampshire Independent published an article entitled, "Anti-Avelo Billboards Are Coming Back." (*See* Smith Decl. ¶ 12 & Ex. E.) The article quotes Mr. Miller as stating he has approved "new art," and that Lamar is erecting new versions of Plaintiffs' billboards. (*Id.*; *see also* https://www.newhavenindependent.org/article/avelo_protest_lawsuit (last

visited June 11, 2025).)

On June 18, 2025, Avelo filed its Answer and asserted Counterclaims for trademark infringement and cybersquatting. (ECF Nos. 13.) Avelo did not allege claims for copyright infringement or trade dress infringement through dilution. (*Id*.) In addition, Avelo moved to dismiss Count IV pursuant to Nevada's anti-SLAPP statute. (ECF No. 14.)

On June 24, 2025, Avelo filed motions seeking a TRO and preliminary injunction to enjoin and restrain Plaintiffs from infringing Avelo's trademarks on billboards and committing cybersquatting by using the confusingly similar AVELNO! mark in the <avelno.com> domain name. (ECF Nos. 16, 17.)

On June 25, 2025, Plaintiffs filed their First Amended Complaint, which omits Count IV. (ECF No. 21.)[1] Counts I, II, and III of the First Amended Complaint are substantially the same as the corresponding Counts alleged in the original Complaint. (*Compare* ECF No. 1, Complaint *with* ECF No. 21, First Am. Compl.)

On June 25, 2025, Plaintiffs' counsel emailed Avelo's counsel with several procedural proposals. (Fountain Decl. ¶ 2 & Ex. A.) Among the proposals, Plaintiffs' counsel requested a 7-day extension of time to respond to Avelo's pending TRO and preliminary injunction motions, indicating their willingness "to agree now that the PI and TRO motions you filed continue to apply to any counterclaims you may assert that are substantially similar to the two you initially asserted." (*Id*.)

On June 26, 2026, Avelo's counsel emailed Plaintiffs' counsel and offered to stipulate to dismiss Counts I and III of the First Amended Complaint with prejudice and without an award of attorneys' fees or costs made to any party in exchange for agreeing to extend the time for Plaintiffs to answer or otherwise respond to Avelo's counterclaims, or to any counterclaims it may reassert in response to the First Amended Complaint, until 14 days following the Court's decision on Avelo's pending TRO and preliminary injunction motions. (*Id*.) Plaintiffs' counsel responded stating, among other things, that Plaintiffs were "not interested in dismissing those counts at this

---

[1] The Court denied Avelo's motion to dismiss Count IV as moot in light of Plaintiffs' filing of the First Amended Complaint. (ECF No. 28.) Avelo has moved for reconsideration of that order. (ECF No. 32.) Avelo's motion for reconsideration remains pending.

- 5 -

time . . . ." (*Id.* ¶ 4 & Ex. A.)

## LEGAL STANDARD

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The present motion presents a factual attack. A factual attack on jurisdiction is also called a "speaking motion." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979):

> Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . . The standards applicable to a Rule 12(b)(1) speaking motion differ greatly from the standards for ruling on a motion for summary judgment. Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* (cleaned up). If the factual basis for jurisdiction is disputed, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## ARGUMENT

### I. THE COURT SHOULD DISMISS COUNTS I AND III WITH PREJUDICE BECAUSE THOSE CLAIMS ARE MOOT AND THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THEM.

An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U. S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U. S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'" (quoting *Preiser v. Newkirk*, 422 U. S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975))). The Court should dismiss Counts I and III of the First Amended Complaint because Plaintiffs no longer have standing to sue for copyright infringement or dilution.[2] "In

---

[2] The Court's determination that Plaintiffs do not have standing to state declaratory judgment claims arises under Fed. R. Civ. P. 12(b)(1). *See Rhodes v. Avon Prods., Inc.*, 504 F.3d 1151 (9th

actions implicating the Declaratory Judgment Act, 'the district court must first inquire whether there is an actual case or controversy within its jurisdiction.'" *Alps Prop. & Cas. Ins. Co. v. Levine L. Grp., Inc.*, 646 F. Supp. 3d 1304, 1308 (D. Nev. 2022) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005)). Even where a case or controversy exists, the decision whether to hear a claim "under the Declaratory Judgment Act is committed to the Court's unique and substantial discretion." *Id.* at 1308-09 (quotations omitted) (granting motion to dismiss declaratory judgment claims as exercise of discretion). "Therefore, a district court is under no compulsion to exercise its jurisdiction." *Bellagio, LLC v. Fritz*, No. 2:15-cv-01879-GMN-PAL, 2016 WL 2732160, at *1 (D. Nev. May 9, 2016) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). If a case "lo[ses] its character as a present live controversy," it is moot. *Allard v. De Lorean*, 884 F.2d 464, 466 (9th Cir. 1989).

### A. Plaintiffs Do Not Have Standing to Bring Declaratory Judgment Claims for Copyright Infringement or Trademark Dilution.

In response to Avelo's cease-and-desist letter, Plaintiffs filed this action seeking declaratory judgment counterclaims of non-infringement. Although subject matter jurisdiction over Plaintiffs' claims may have existed when Plaintiffs filed their Complaint,[3] Avelo's covenant not to sue and its request to dismiss Counts I and III with prejudice removes any actual case or controversy concerning copyright infringement (Count I) and dilution (Count III).

Accordingly, Plaintiffs lack standing to bring Counts I and III because there is no actual controversy between the parties concerning claims of copyright infringement or trademark/trade dress dilution. "A party has standing to bring an action under the Declaratory Judgment Act if an 'actual controversy' exists." *Peritas Brands, LLC v. Leaphigh Animals, LLC*, No. 2:23-cv-00483-GMN-DJA, 2024 WL 841128, at *3 (D. Nev. Feb. 27, 2024) (quoting 28 U.S.C. § 2201(a)). "A

---
(continued)
Cir. 2007); *Ins. Co. of W. v. Great Am. Ins. Co.*, No. 2:09-cv-02150-KJD-LRL, 2010 WL 3896152, at *2 (D. Nev. Sept. 28, 2010) ("Where, as here, a party requests declaratory relief, a motion to dismiss filed under Fed. R. Civ. Pro. 12(b)(1) or 12(b)(6) is treated as a request for the district court not to exercise jurisdiction over the case").

[3] It is debatable whether Plaintiffs actually had a reasonable apprehension of being sued when they filed their Complaint, as Avelo's cease-and-desist letter merely requested a written response by May 16, 2025, and did not contain an explicit threat of litigation.

- 7 -

case or controversy is ripe if the court finds 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). A court cannot grant declaratory relief if the dispute is hypothetical or the rights at issue are merely speculative. *Id.*

Here, Count I seeks a declaratory judgment of non-infringement with respect to Avelo's copyrights and Count III seeks a declaratory judgment of non-dilution with respect to Avelo's trade dress. Both counts suffer from the same defect—there is no actual case or controversy as to either of them. Avelo has notified Plaintiffs that it does not intend to pursue those claims and has requested that Plaintiffs stipulate to dismiss them. (Fountain Decl. ¶ 3.) Plaintiffs, however, have not agreed to do so. (*Id.*) Because Avelo is not asserting claims against Plaintiffs for copyright infringement or dilution, those claims are not ripe.

With respect to copyright infringement, the cease-and-desist letter Avelo sent Plaintiffs identifies the potentially applicable remedies for copyright infringement and demands that Plaintiffs "remove all copyrighted pictures of Avelo aircraft displaying Avelo's trademarks and trade dress." (*See* ECF No. 21-3 at p. 4 of 17). *See also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (district courts may consider documents referenced in complaint on Rule 12(b)(6) motion if no dispute as to authenticity); *Edry v. Hometown Equity Mortg., LLC*, No. 2:22-cv-00804-MMD-VCF, 2023 WL 3250830, at *1 (D. Nev. Jan. 31, 2023) (district courts may consider "documents incorporated by reference in the complaint" on Rule 12(b)(6) motion) (quoting *United States v. Richie*, 342 F.3d 903, 907 (9th Cir. 2003)). Plaintiffs did not respond to the cease-and-desist letter, request an extension, or meet and confer with Avelo prior to filing their Complaint. (Thompson Decl. ¶ 7.) Instead, Plaintiffs filed the instant declaratory judgment action alleging that there can be no copyright infringement because the contested photograph "was taken by a third party and [Plaintiffs] ha[ve] secured the necessary rights for public display of the image." (*See* ECF No. 1 at 10, ll. 12-14.) Further investigation has determined that no copyrighted pictures of Avelo aircraft appear to have been used on Plaintiffs' billboards or on Plaintiffs' <avelno.com> website. (Thompson Decl. ¶ 8.) Therefore, Avelo is not pursuing a copyright infringement claim

against Plaintiffs. (*Id.* ¶ 10.)

With resect to dilution, the cease-and-desist letter states that the "mutilation of [Avelo's] well-known house mark . . . also constitutes dilution by tarnishment under the Federal Trademark Dilution Act . . . ." (ECF No. 21-3 at p. 4 of 17.) While Avelo does believe that Plaintiffs have intentionally mutilated its well-known and federally registered AVELO mark, after conducting additional research, Avelo does not believe that its well-known AVELO mark has yet achieved the exceptionally high degree of nationwide fame required for it to assert a legally cognizable cause of action against Plaintiffs for trademark dilution. (Thompson Decl. ¶ 9.) *See also Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir. 2002) ("[A] mark usually will achieve broad-based fame only if a large portion of the general consuming public recognizes that mark. Put another way, the mark must be a household name"); *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 871 (9th Cir. 2020) ("Although *Thane* interpreted the FTDA of 1995, we do not interpret the TDRA of 2006 to have lowered the standard for whether a mark 'has achieved fame among the general consuming public'"); *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1372-73 (Fed. Cir. 2012) ("By using the 'general consuming public' as the benchmark, the [TDRA of 2006] eliminated the possibility of 'niche fame' . . . . In other words, a famous mark is one that has become a 'household name'"); *Nike, Inc. v. Nikepal Int'l, Inc.*, 2007 U.S. Dist. LEXIS 66686, 2007 WL 2782030, at *5-6 (E.D. Cal. Sept. 10, 2007) (weighing the factors enumerated under 15 U.S.C. § 1125(c)(2)(A) and finding that Nike constitutes a famous mark). Therefore, Avelo is not pursuing a trademark or trade dress dilution claim against Plaintiffs. (Thompson Decl. ¶ 10.)

Moreover, to remove all doubt about Avelo's intent to assert copyright infringement or trademark/trade dress dilution claims against Plaintiffs, Avelo has provided Plaintiffs with an irrevocable and unconditional covenant not to sue. (Thompson Decl. ¶ 11 & Ex. A.) It states, in most relevant part, the following:

> Avelo . . . hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against [Plaintiffs] . . . on account of any possible cause of action based on or involving copyright infringement, trademark dilution, or trade dress dilution, under state or federal law, in the United States, relating to the AVELO Marks based on: (1) any display by [Plaintiffs] of pictures

- 9 -

> of Avelo's aircraft, Avelo's trademarks, and/or Avelo's trade dress on billboards; or (2) any use by [Plaintiffs] of the AVELO Marks, or any colorable imitations thereof, including, without limitation, AVELNO!, on the <avelno.com> website, regardless of whether such display or use occurs before or after the Effective Date of this Covenant.

(*Id*.)

A covenant such as Avelo's divests the court of subject matter jurisdiction over Counts I and III because there is no longer any controversy of sufficient "immediacy" or "reality" to warrant jurisdiction. *See Already, LLC v. Nike, Inc*., 568 U.S. 85, 93-100, 133 S. Ct. 721, 727-32, 184 L. Ed. 2d 553 (2013) ("Already's only legally cognizable injury--the fact that Nike took steps to enforce its trademark—is now gone and, given the breadth of the covenant, cannot reasonably be expected to recur. There being no other basis on which to find a live controversy, the case is clearly moot"); *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1030 (9th Cir. 2023) ("To be sure, if a defendant provided similar evidence that eliminated, as a matter of law, a declaratory-judgment plaintiff's reasonable apprehension of an infringement action, such evidence would be sufficient to moot the case"); *Peritas Brands, LLC v. Leaphigh Animals, LLC*, No. 2:23-cv-00483-GMN-DJA, 2024 U.S. Dist. LEXIS 34202, at *7 (D. Nev. Feb. 27, 2024) ("A covenant not to sue, or a similarly binding representation, renders the case moot if the defendant could not reasonably be expected to resume its enforcement efforts against a declaratory judgment plaintiff").

In this case, Avelo's covenant includes all displays of pictures of Avelo's aircraft, Avelo's trademarks, and/or Avelo's trade dress on billboards, and all uses of the AVELO Marks and any colorable imitations thereof including, without limitation, AVELNO!, on the <avelno.com> website, and regardless of whether such display or use occurs before or after the effective date of the covenant. Given the breadth of Avelo's covenant not to sue, Plaintiffs are effectively insulated from present or future claims of copyright infringement or dilution.

Furthermore, irrespective of its covenant not to sue, because Avelo has affirmatively taken the position that there has been no copyright infringement and that it cannot state a legally cognizable claim for dilution, any attempt by Avelo to assert the contrary in future proceedings

would fail. *See New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'").

Thus, because there is no longer an actionable case or controversy supporting subject-matter jurisdiction over Plaintiffs' declaratory judgment claims concerning copyright infringement and dilution, the Court should dismiss Counts I and III for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

### B. Counts I and III Should be Dismissed With Prejudice to Conserve Time, Money, and Judicial Resources.

Counts I and III should be dismissed with prejudice because the potential copyright infringement and trademark dilution claims mentioned in Avelo's cease-and-deist letter do not warrant the time and expense of further litigation. (Thompson Decl. ¶ 10.) Because Avelo did not bring these claims in the first instance—they were brought in the first instance by Plaintiffs as claims seeking declaratory judgments on non-infringement and non-dilution—because Avelo seeks to dismiss these claims at an early stage of this case to conserve judicial and party resources, and because Avelo offered to stipulate to dismiss these claims but Plaintiffs did not accept that offer, dismissal should be without any award of attorneys' fees or costs to any party. Avelo's present motion to dismiss Counts I and III operates like a *plaintiff's* motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Courts routinely grant such dismissals with prejudice and without an award of attorneys' fees or costs because such dismissals spare, rather than increase, the expense and burden of litigation. *See, e.g., Ciber, Inc. v. Ciber Consulting, Inc.*, 326 F. Supp. 2d 886, 887-89 (N.D. Ill. 2004); *Gamla Enterprises N. Am., Inc. v. Lunor-Brillen Design U. Vertrievs GmbH*, No. 98 Civ. 992, 2000 WL 193120, at *5 (S.D.N.Y. Feb. 17, 2000); *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 – 89 (S.D.N.Y. 1997), *aff'd*, 125 F.3d 845 (2d Cir. 1997) (unpublished) (dismissing without prejudice and declining to award costs and fees). Thus, the Court should grant Avelo's request and dismiss Counts I and III

4936-9819-9379, v. 2

with prejudice and without any award of attorneys' fees or costs.

## CONCLUSION

For all of the foregoing reasons, the Court should enter an order dismissing Counts I and III of the First Amended Complaint with prejudice and without an award of attorneys' fees or costs, for lack of subject matter jurisdiction.

Dated: this 9th day of July 2025

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
3800 Howard Hughes, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com

Drew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

4936-9819-9379, v. 2