# Exhibit A

# Exhibit A

# Jonathan W. Fountain

| | |
|---|---|
| **From:** | Jonathan W. Fountain |
| **Sent:** | Friday, June 27, 2025 1:18 PM |
| **To:** | Jason Harrow |
| **Cc:** | Joanna M. Myers; dsmith@resonateip.com; Daniel Bravo; Bradley Schrager; Jeremy Shur; Charlie Gerstein |
| **Subject:** | RE: Non-merits issues in Proton v. Avelo |
| **Attachments:** | Stip for 7 days - JWF Edits 4903-2623-7777 v.1.docx |

Thanks Jason.  One minor edit in the attached.  You have my consent to file the attached with my electronic signature.

Best regards,

Jonathan



**Jonathan W. Fountain**
Attorney at Law

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4823 | **F:** 702.567.1568
jwf@h2law.com | Bio | vCard | LinkedIn

**NOTICE:** Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**COMMUNICATION:** Please copy all Intellectual Property instructions to ipdocket@h2law.com to ensure proper handling and send corresponding originals to our Royal Oak, MI office.

**From:** Jason Harrow <jason@gerstein-harrow.com>
**Sent:** Friday, June 27, 2025 12:03 PM
**To:** Jonathan W. Fountain <jwf@h2law.com>
**Cc:** Joanna M. Myers <jmm@h2law.com>; dsmith@resonateip.com; Daniel Bravo <daniel@bravoschrager.com>; Bradley Schrager <bradley@bravoschrager.com>; Jeremy Shur <jeremy@gerstein-harrow.com>; Charlie Gerstein <charlie@gerstein-harrow.com>
**Subject:** RE: Non-merits issues in Proton v. Avelo

Jonathan, thanks. With that clarification, sure, we can agree that Defendant's consent to seven extra days for our response deadline provides no evidence either way regarding any potential argument to deny the motions based on laches. With that understanding, I've attached a proposed stipulation. Let us know if you have any proposed changes or if we can file with your /s/ signature.

And it sounds like we can leave all other issues until you file renewed counterclaims, which is fine by us.

Thanks again.

Best,

1

Jason

Jason Harrow
Gerstein Harrow, LLP
jason@gerstein-harrow.com

On Fri, Jun 27, 2025 at 9:18 AM, Jonathan W. Fountain <jwf@h2law.com> wrote:

> Hi Jason:
>
> I was merely proposing that Plaintiffs would not use the fact that Avelo agreed to a 7-day extension of time for Plaintiffs' response as part of a laches argument. We think that is reasonable.
>
> With respect to No. 3 below, let's table that discussion until after the counterclaims are filed.
>
> Best regards,
>
> Jonathan
>
> 
>
> **Jonathan W. Fountain**
> Attorney at Law
>
> 3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
> **D:** 702.667.4823 | **F:** 702.567.1568
> jwf@h2law.com | Bio | vCard | LinkedIn
>
> **NOTICE:** Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.
>
> **COMMUNICATION:** Please copy all Intellectual Property instructions to ipdocket@h2law.com to ensure proper handling and send corresponding originals to our Royal Oak, MI office.
>
> **From:** Jason Harrow <jason@gerstein-harrow.com>
> **Sent:** Thursday, June 26, 2025 2:38 PM
> **To:** Jonathan W. Fountain <jwf@h2law.com>
> **Cc:** Joanna M. Myers <jmm@h2law.com>; dsmith@resonateip.com; Daniel Bravo <daniel@bravoschrager.com>; Bradley Schrager <bradley@bravoschrager.com>; Jeremy Shur <jeremy@gerstein-harrow.com>; Charlie Gerstein

<charlie@gerstein-harrow.com>
**Subject:** RE: Non-merits issues in Proton v. Avelo

Jonathan, thanks for the quick and detailed response. In turn:

1. No, we're not going to agree to limit our merits arguments in any way in exchange for a stipulation to extend the time for our opposition by seven days. As a reminder, this case was filed on May 16. We then consented to Avelo's seven-day extension of time to file a response to the complaint. *See* ECF No. 8. Avelo answered on June 18 and then filed its PI motions 6 days later, on June 24, nearly six weeks after the complaint was filed. Given this timeline, we think it's more than reasonable of us to ask for another seven days to respond to the motions without any conditions on that extension, especially when our time to respond without extension includes a federal holiday. We'd hope that get as a common professional courtesy, so we're hoping you'd reconsider.

   If you're going to continue to require any conditions to enter into a stipulation on this issue, we will just file a motion for extension of time under LR IA 6-1. If you remain unwilling to stipulate without conditions, please let us know by 3 pm pacific tomorrow if our extension motion will be opposed.

2. Thank you. We will consider to what to prepare on that issue, if anything, and get back to you.

3. We proposed the stipulation to defer time to answer or otherwise respond to Avelo's counterclaims purely as a case management issue that would make sense for both parties, not as part of any larger deal. ==While we're always open to ways to resolve the case or claims, no, we're not interested in dismissing those counts at this time in exchange for deferring the time to answer==. If that's crucial to the stipulation regarding time to answer, we'll again just file a motion to extend the time to respond to counterclaims when they arrive. Please let us know if that motion will be opposed.

4. Great, thank you.

Best,

Jason




Jason Harrow

Gerstein Harrow, LLP

jason@gerstein-harrow.com

3

On Thu, Jun 26, 2025 at 12:04 PM, Jonathan W. Fountain <jwf@h2law.com> wrote:

Hi Jason:

I'll address your points in order:

1. We will agree to a 7-day extension of time for Plaintiffs to file and serve their response to the TRO and PI motions from 7/8 to 7/15 if Plaintiffs will agree not to make any laches-based argument in response to the motions.

2. We will stipulate that Plaintiffs need not file an answer to Avelo's Counterclaims on 7/9 as Avelo intends to re-assert the same Counterclaims in its Answer to the First Amended Complaint.

3. ==We are willing to stipulate that Plaintiffs need not answer the re-asserted Counterclaims until 21 days after the Court decides the later of the TRO/PI motions if Plaintiffs will stipulate to dismiss Counts 1 and 3 with prejudice and without an award of attorneys' fees or costs to any party, with respect to those claims only, as Avelo does not intend to pursue copyright infringement or trademark dilution claims against Plaintiffs.==

4. Thanks for pointing this out. It was an unintentional omission. We will correct this in our Answer to the First Amended Complaint and Counterclaims.

Joanna and I are available if you would like to have a call to discuss. We are available today between 1:30 p.m. and 3:00 p.m. Pacific or after 10:00 a.m. Pacific tomorrow.

Best,

Jonathan

4



**Jonathan W. Fountain**
Attorney at Law

3800 Howard Hughes Pkwy, STE 1000, Las Vegas, NV 89169
**D:** 702.667.4823 | **F:** 702.567.1568
jwf@h2law.com | Bio | vCard | LinkedIn

**NOTICE:** Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

**COMMUNICATION:** Please copy all Intellectual Property instructions to ipdocket@h2law.com to ensure proper handling and send corresponding originals to our Royal Oak, MI office.

**From:** Jason Harrow <jason@gerstein-harrow.com>
**Sent:** Wednesday, June 25, 2025 2:23 PM
**To:** Jonathan W. Fountain <jwf@h2law.com>; Joanna M. Myers <jmm@h2law.com>; dsmith@resonateip.com
**Cc:** Daniel Bravo <daniel@bravoschrager.com>; Bradley Schrager <bradley@bravoschrager.com>; Jeremy Shur <jeremy@gerstein-harrow.com>; Charlie Gerstein <charlie@gerstein-harrow.com>
**Subject:** Non-merits issues in Proton v. Avelo

**CAUTION:** EXTERNAL EMAIL

Dear Jonathan, Joanna, and Andrew-

We have not spoken yet, but I represent the Plaintiff in this matter. I write with a few logistical requests and suggestions that I'm hope we're able to stipulate or agree to. Because there are several moving pieces already in this case, I'm putting this in writing, but feel free to give me a call at 610-357-9614 if you'd like to discuss any of this. Or if you think something more formal is best, feel free to send an invite for a conference call. I am free much of the day tomorrow and Friday pacific time.

1. We have received your PI and TRO motions. Would you consent to giving Plaintiffs seven extra days to respond, to July 15? As you're aware, the rules provide us 14 days, but there's a fair amount to respond to, and the two main drafters at Gerstein Harrow also have plans to be away for the July 4 holiday weekend. We'd appreciate the courtesy of a brief extension of time to respond.
2. Relatedly, our answer to the counterclaims you asserted would be due July 9, assuming those remain in the case in light of our amended complaint. Would you consent to stipulating that our deadline to answer or otherwise respond to those counterclaims, or to any counterclaims you may reassert in response to our amended complaint, be stayed until 14 days following the court's decision on your motions? As you are likely aware, that is common practice when PI

5

motions are filed, because it avoids having overlapping briefing on related motions or going into discovery before the motions are decided.
3. As you may know, the counterclaims you have asserted may technically be moot because we have since filed an amended complaint, though it's hard to say because the law on the status of counterclaims following an amendment is a mess. Without taking a position on that issue, and assuming you still wish to pursue the counterclaims and your request for interim relief—which we think very likely given that the amended complaint did not alter the essential nature of the dispute—we are happy to agree now that the PI and TRO motions you filed continue to apply to any counterclaims you may assert that are substantially similar to the two you initially asserted. That will be more efficient for all involved. But if you have another suggestion, let us know.
4. Finally, just a heads-up that your counterclaim stops paragraph numbering after ¶ 7 at page 10 and resumes at ¶ 8 on page 17. Perhaps that was intentional, but assuming you'd like us to respond to the allegations in the counterclaim in an answer, whenever filed, please number each paragraph as contemplated by the Federal Rules. It's difficult to respond to unnumbered paragraphs. If you file another document to which a response is permitted under the Federal Rules and do not number large swaths of the document, we will assume that the unnumbered portions are just argument to which no response is required.

Thanks in advance. Happy to talk this through if you'd like.


Best,

Jason



Jason Harrow

Gerstein Harrow, LLP

jason@gerstein-harrow.com