| | |
|---|---|
| Charles Gerstein<br>(*pro hac vice*)<br>Jeremy Shur<br>(*pro hac vice application forthcoming*)<br>GERSTEIN HARROW LLP<br>400 7th Street NW, Suite 304<br>Washington, DC 20025<br>charlie@gerstein-harrow.com<br>(202) 670-4809<br><br>Jason Harrow<br>(*pro hac vice application forthcoming*)<br>GERSTEIN HARROW LLP<br>12100 Wilshire Blvd. Suite 800<br>Los Angeles, CA 90025<br>jason@gerstein-harrow.com<br>(323) 744-5293 | Bradley S. Schrager, Esq. (SBN 10217)<br>Daniel Bravo, Esq. (SBN 13078)<br>BRAVO SCHRAGER LLP<br>6675 South Tenaya Way, Suite 200<br>Las Vegas, Nevada 89113<br>Tele.: (702) 996-1724<br>Email: bradley@bravoschrager.com<br>Email: daniel@bravoschrager.com |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>    Miller,<br><br>    vs.<br><br>AVELO, INC.,<br><br>    Avelo. | Case No.: 2:25-cv-00856-CDS-BNW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF MINUTE ORDER DENYING SPECIAL TO DISMISS COUNT IV** |

**MEMORANDUM IN OPPOSITION TO RECONSIDERATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

RELEVANT BACKGROUND .............................................................................................1

ARGUMENT.........................................................................................................................3

I.     THE COURT CORRECTLY HELD THAT A MOTION TO DISMISS TARGETING AN ABANDONED CLAIM MUST BE DENIED AS MOOT. ......3

II.    THE ANTI-SLAPP MOTION WOULD BE DENIED ANYWAY........................8

      A.    The Motion Fails At Step One, Or, At Least, Could Not Be Determined Absent Discovery. ..............................................................9

      B.    The Motion Fails At Step Two Because Miller Had A Probability Of Prevailing. ....................................................................................10

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999) ............................... 1

*Abrams v. Sanson*, 136 Nev. 83 (2020) ........................................................... 11

*Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023) ........................... 9

*Fink v. Oshins*, 118 Nev. 428 (2002) ............................................................ 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990) .. 2, 3

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) ........................................ 2, 7

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) ................................. 5

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1055 n. 2 (9th Cir. 2008) ........................................................................................... 11

*Padda v. Hendrick*, 136 Nev. 856 (2020) ......................................................... 7

*Parenthood*, 890 F.3d at 834 ..................................................................... 10

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018) ......................................... 5, 8

*Ramirez v. County of San Bernadino*, 806 F.3d 1002 (9th Cir. 2015) .................. 2, 3, 6

*Rimini Street v. Oracle Int'l Corp.*, No. 2:14-cv-01699LRH-DJA, 473 F. Supp. 3d 1158 (D. Nev. 2020) ............................................................................. 11

*Smith & Wesson Brands, Inc. v. SW N. Am., Inc.*, No. 222CV1773JCMEJY, 2023 WL 4350582 (D. Nev. July 5, 2023) ............................................................. 5, 6

*Spirtos v. Yemenidjian*, 137 Nev. 711 (2021) .................................................. 8

*Treasury Solutions Holdings, Inc. v. Upromise, Inc.*, No. 3:10-CV-00031, 2015 WL 3902400 (D. Nev. June 25, 2015) ............................................................. 11

*Vannah v. Law Office. of Daniel S. Simon*, 138 Nev. 992 (2022) (unpublished) ......... 4

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004) ..... 4, 5

*Verizon*, 377 F.3d at 1091 ........................................................................ 6

*Wynn v. Associated Press*, 140 Nev. Adv. Op. 56 (2024) ..................................... 11

**Statutes**

NRS 41.660(3)(b) .................................................................................................................. 8

**Rules**

Fed. R. Civ. P 15 ................................................................................................................... 7

**MEMORANDUM IN OPPOSITION TO RECONSIDERATION**

## PRELIMINARY STATEMENT

This Court should not reconsider its order (at ECF No. 28) denying as moot Defendant Avelo Inc'.s Special Motion to Dismiss what was Count IV of the now-superseded Complaint because the motion targeted a claim that is no longer operative, which means the motion was moot and could not be granted. *Compare* ECF No. 21 (Amended Complaint) *with* ECF No. 1 (Complaint). Avelo's motion for reconsideration would have this Court apply a Nevada procedural rule permitting a state court to disallow amendment and "freeze" a complaint in response to an anti-SLAPP motion. *See* ECF No. 32 ("Mot."). But the Ninth Circuit has already decided that such a state procedural rule does not apply in federal court because it conflicts with Rule 15's unqualified right to amend within 21 days of a responsive pleading. In the federal courts, federal procedural law trumps state procedural law; that ends the matter. The Court accordingly committed no error in denying the motion as moot, much less "clear error" required for reconsideration. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

And if somehow this Court were to consider the merits of the issue—which, again, it correctly decided it could not—the motion would be denied anyway because Plaintiffs Seth Miller and Proton Associates ("Miller") would have had a probability of prevailing on the merits of Count IV. After all, as Avelo acknowledges, it attempts to invoke a privilege that the Nevada Supreme Court has never recognized. And there are no facts in the record that Avelo had a good faith basis to follow through on the threats to the recipient of the threat letter at issue. The Court's order denying the original motion should not be reconsidered.

## RELEVANT BACKGROUND

The relevant facts here are straightforward. Plaintiffs Seth Miller and a company he controls, Proton Associates, filed suit against Defendant Avelo, Inc., an

airline, because Avelo baselessly threatened litigation to prohibit Miller from running the avelNO! campaign educating the public about Avelo's decision to operate deportation flights for the Trump administration. *See* ECF Nos. 1, 21. Miller originally included a claim against Avelo for tortious interference with contract because Avelo baselessly threatened Lamar, the outdoor advertising company that owns the billboard that Miller leased to display their message, ECF No. 1 at ¶¶ 66–75, and Avelo filed a Special Motion to Dismiss only that claim under Nevada's anti-SLAPP statute, ECF No. 14.

Days later, Plaintiffs exercised their unqualified right to amend the Complaint under Rule 15 and filed an Amended Complaint. The Amended Complaint withdrew the tortious interference claim, which is now waived. ECF No. 21; *see Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that "any claims voluntarily dismissed" by amendment are "waived if not repled"). Accordingly, immediately after the Amended Complaint was filed, Miller requested that Avelo's pending motion to dismiss the abandoned claim be denied as moot. ECF No. 22. This Court agreed and stated that "[b]ecause an amended complaint supersedes the original complaint in its entirety, defendant Avelo, Inc.'s motion to dismiss count IV of the complaint (ECF No. [14]) is denied as moot." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *see also Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1009 (9th Cir. 2015)." ECF No. 28.

Avelo's motion requests this Court reconsider that order.

# ARGUMENT

## I. THE COURT CORRECTLY HELD THAT A MOTION TO DISMISS TARGETING AN ABANDONED CLAIM MUST BE DENIED AS MOOT.

This Court's reasoning was straightforward and correct under binding Ninth Circuit law. As this Court recognized and as Avelo does not dispute, the law is clear that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez*, 806 F.3d at 1008 (quotation marks omitted); *Hal Roach Studios*, 896 F.2d at 1546 ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). The law is equally clear that a plaintiff has an unqualified right to amend a complaint within twenty-one days of the opposing party filing a responsive pleading. *Ramirez*, 806 F.3d at 1007 (noting that "Rule 15 confers a 'right' to amend upon parties" and collecting cases). Finally, the law is also clear that a federal court cannot grant a motion to dismiss a claim that has been abandoned by amendment and instead should deny the motion as moot, as the Ninth Circuit directly instructed in *Ramirez*:

> Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.

806 F.3d at 1008. That is exactly what occurred here, and the Ninth Circuit's binding instruction in *Ramirez* dictated how Avelo's original motion was to be resolved.

Remarkably, even though Avelo claims that this Court committed "clear error" justifying reconsideration of the Court's prior order, Mot. 4, its motion does not even cite, much less discuss, *Ramirez* and *Hal Roach*, the two cases this Court cited in its

order denying the motion to dismiss as moot, ECF No. 28. But, as the Court's citations indicate, the doctrines in those cases decide this case. The Court did not commit clear error.

Instead of addressing those cases, Avelo points the Court to a case about how *Nevada*'s rules about amendment apply in *Nevada* courts without acknowledging that the Ninth Circuit has already held that state anti-SLAPP procedural rules forbidding amendment do not apply in federal court because they directly conflict with Rule 15. Thus, Avelo points the Court to *Vannah v. Law Office. of Daniel S. Simon*, 138 Nev. 992 (2022) (unpublished), a Nevada state court case in which the plaintiffs amended their complaint after the defendant filed an anti-SLAPP motion, and the revised complaint continued to assert the claims targeted by the motion. *Id.* The Nevada state trial court denied the anti-SLAPP motion on the basis of the amended complaint, and the state Supreme Court reversed and stated that the "district court erred when it permitted respondents to file an amended complaint while the appellants' anti-SLAPP special motions to dismiss were pending and then relied on the amended complaint to deny the motions." *Id.*

What Avelo does not mention—because mentioning it would reveal that its motion for reconsideration is meritless—is that the Ninth Circuit has held that state-law procedural rules prohibiting plaintiffs from amending complaints and thereby "freezing" a complaint subject to an anti-SLAPP motion does not apply in federal court. In *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004), the Ninth Circuit held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id.* at 1091. The reasoning is straightforward and is a direct application of the *Erie* doctrine: "procedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Metabolife Int'l, Inc. v.*

*Wornick*, 264 F.3d 832, 845 (9th Cir. 2001) (limiting application of certain discovery provisions of California's Anti-SLAPP law); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018) (noting that federal courts may not let "state anti-SLAPP rules . . . usurp the federal rules")

Indeed, the Ninth Circuit in *Verizon* has already considered and rejected all of Avelo's objections to a federal court allowing an amendment to moot an anti-SLAPP motion:

> [Defendant] argues that to accept the approach of [plaintiff, permitting amendment] promotes forum shopping, encouraging plaintiffs to sue in federal courts rather than state courts because they would get "one free shot at a SLAPP suit before amending the complaint." But a direct collision with a federal procedural rule exists. . . . Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants.

377 F.3d at 1091. Here, the "offending claims" do not "remain," and so "the anti-SLAPP remedies" do not "remain available to defendants." *Id.*

Notably, Avelo does not cite any of these cases, and it does not explain how a federal court can apply the "frozen complaint" rule from *Vannah* in the face of Rule 15 and the Ninth Circuit's holding in *Verizon* and related cases. Instead, it cites to a single district court case that ruled on an anti-SLAPP motion to dismiss *counterclaims* that, at the time of the Court's ruling, had *not* been dismissed or amended and so were *still pending*. *See* Mot. 6 (citing *Smith & Wesson Brands, Inc. v. SW N. Am., Inc.*, No. 222CV1773JCMEJY, 2023 WL 4350582, at *3 (D. Nev. July 5, 2023), which noted that the defendant-counterclaimant had argued that "it is entitled to amend its answer, and because of that amendment, it can remove the

1 offending counterclaims and moot the special motion to dismiss"). Perhaps the
2 counterclaimant there should have actually amended its counterclaims or filed a
3 notice of dismissal before that anti-SLAPP motion was decided instead of merely
4 stating its intention to do so and thereby missing its window to amend as of right, but
5 the defendant there did neither, so the court still had the power to grant the anti-
6 SLAPP motion.[1] That is different from here, when Miller indisputably not only had
7 the right to amend under Rule 15, but actually did so. As explained, that amendment
8 means Miller has abandoned the claim, which definitively moots the relevant motion
9 to dismiss. *Ramirez*, 806 F.3d at 1008.

Finally on this point, Avelo cites three federal district court decisions from California—not Nevada—granting attorney's fees to prevailing defendants in cases where anti-SLAPP motions targeted claims that were later voluntarily dismissed. *See* Mot. 6–7. These citations are disingenuous. The rule of California law permitting fees to "prevailing parties" even where anti-SLAPP motions were not actually "granted" was expressly rejected by the Nevada Supreme Court because the text of Nevada's anti-SLAPP law is different from California's. As the Nevada Supreme Court said in *Padda v. Hendrick*:

> While it is true that this court has looked to California's anti-SLAPP jurisprudence for guidance where California's and Nevada's anti-SLAPP statutes are similar in both purpose and language, California's jurisprudence is not relevant where California's anti-SLAPP law differs from Nevada's, as it does here. California's anti-SLAPP statute allows for an award of attorney fees to "a prevailing

---

[1] Some of the district court's policy statements in *Smith & Wesson* contradict the Ninth Circuit's reasoning in *Verizon*. *Compare Smith & Wesson*, 2023 WL 4350582 at *3 ("[T]o allow [amendment] would be to circumvent the purpose of the anti-SLAPP statute entirely.") *with Verizon*, 377 F.3d at 1091 (stating that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint" and noting that other policy concerns were irrelevant because "a direct collision with the federal rules exist"). As explained, *Smith & Wesson* is different from this case because that case involved counterclaims that were not amended or dismissed, but the Ninth Circuit's decision affirming Rule 15's right to amend is binding and precludes reliance on the policy statements in *Smith & Wesson* to reach an alternative outcome.

> defendant on a special motion to strike." Cal. Civ. Proc. Code § 425.16(c)(1). Unlike Nevada's, California's statute does not require that an anti-SLAPP motion be granted before the defendant can be awarded attorney fees. . . . [Defendant's] contention that he was entitled to attorney fees as the "prevailing defendant" ignores the plain language of NRS 41.670(1), which conditions attorney fees on the grant of the anti-SLAPP motion, not on whether the defendant would have been the prevailing party.

136 Nev. 856 (2020) (table) (internal case citations omitted). Avelo ignores both the statute and this passage. Instead, it claims that "*Padda* has been superseded by *Vannah*," Mot. 8, but *Vannah* did not address the question whether attorney's fees can be awarded to a defendant whose anti-SLAPP motion was not granted; on that point, *Padda*'s interpretation of Nevada law's text is not only binding but unimpeachably correct. Avelo makes no argument to the contrary and does not explain how it can be awarded fees for a motion that this Court has no power to "grant" when that is what is required by the plain text of the Nevada law. And Avelo's related worry that somehow Miller could "re-allege" the relevant claim is no worry at all: all future amendments must come with permission of the court or the defendant, *see* Fed. R. Civ. P 15, so even if the targeted claim were not considered waived (though it is, *Lacey*, 693 F.3d at 928 (so holding)), Miller would need permission from the court or the defendant to dismiss it again with an anti-SLAPP motion pending.

     At the end of the day, Avelo has cited no federal case doing what it asks this Court to do: hold that Nevada state-court procedural rules trump Federal Rule 15 and permit defendants to retroactively "freeze" a complaint so that it cannot be amended, and *then* rule on the merits of (and in fact grant) a motion to dismiss a claim that was already successfully abandoned by a plaintiff. And Avelo does this for the purpose of again threatening Miller with something Avelo cannot actually visit upon him: attorneys' fees that would eventually be denied after discovery (*infra* Part II.A), and in the first instance a trademark lawsuit wholly without merit (see

Response to Preliminary Injunction Motion, forthcoming). Agreeing with Avelo would run headlong into well-settled law from the Ninth Circuit, including law cited by this Court and not even mentioned by Avelo in a motion for reconsideration that supposedly finds this Court committed "clear error." This Court committed no error, clear or otherwise. The order denying the original motion as moot should not be disturbed.

## II.     THE ANTI-SLAPP MOTION WOULD BE DENIED ANYWAY

Although Plaintiffs wished to abandon the tortious interference claim due to changed circumstances after the filing of the original complaint, as they had the absolute right to do, if this Court were to conclude that the claim could somehow be restored and the anti-SLAPP motion was ripe for adjudication (which it is not), the anti-SLAPP motion would be denied anyway.

As Avelo recognizes, deciding anti-SLAPP motions requires a two-step analysis. "Under step one of the anti-SLAPP evaluation, the district court must '[d]etermine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern.' NRS 41.660(3)(a)." *Spirtos v. Yemenidjian*, 137 Nev. 711, 711 (2021). At step two, "[i]f the court determines that the moving party has met the burden [of step one], [then it must] determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b). There are also certain discovery-limiting provisions, but those do not apply in federal court, *see Planned Parenthood*, 890 F.3d at 833–34, and Avelo does not argue otherwise.

In the targeted count of the original Complaint, Plaintiffs alleged that Avelo sent a threat letter to Lamar, the outdoor advertising company from whom Miller leased billboard space, and that Avelo subjectively knew that its threat was meritless

because Miller's billboard constituted a fair use of Avelo's trademark and that it was protected by the First Amendment. ECF No. 1 ¶¶ 67–75. This, Miller alleges, constitutes tortious interference with contract because it was an improper threat made to induce Lamar to breach its contract with Miller not because that contract was illegal but rather to avoid the burden of litigating with Avelo. *Id.*

### A. The Motion Fails At Step One, Or, At Least, Could Not Be Determined Absent Discovery.

Avelo contends that its motion to dismiss this claim meets the requirements of step one because the letter to Lamar is supposedly a "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body" as a letter sent in contemplation of litigation. ECF No. 14 at 6–8. In support, Avelo's counsel, a trademark practitioner, submitted a declaration in connection with Avelo's motion contending that the letter was sent in good faith because Avelo "was seriously considering, in good faith, the initiation of judicial proceedings *against Miller*." ECF No. 14-1 at ¶ 7 (emphasis added). But counsel says nothing about fair use or related doctrines, even though Miller explained that this is the basis on which he brought suit in the complaint, ¶ 33 (citing and quoting *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140, 162 (2023) ("As described earlier, the 'fair use' exclusion [from the Trademark Dilution Act] specifically covers uses 'parodying, criticizing, or commenting upon' a famous mark owner.")), and even though Miller specifically alleges that "Avelo subjectively knew that its litigation threats were baseless," ¶ 37. Even if Avelo seriously intended to sue Miller, the fact that it knew that suit was baseless is not good faith, so the motion would fail at this step. Indeed, Avelo recently filed a "covenant" allegedly promising never to sue Miller for copyright or trademark infringement. *See* ECF No. 36-2. Avelo's speedy reversal puts its good faith into even more substantial question.

1    Moreover, Avelo's attorney declaration notably omits any statement that
2 neither counsel or anyone at Avelo had a good faith believe that, at that time the
3 letter was sent, Avelo intended to sue *Lamar*, the letter's recipient, as opposed to
4 Miller. The difference is material: Lamar is a big company with substantial resources
5 that Avelo likely did not want to face in court. Avelo cites no case finding that step
6 one was met when the movant does not even attempt to put in evidence that it would
7 have followed through with a litigation threat against the actual recipient of the
8 letter. Accordingly, the motion fails at step one and should be denied.

9    In the alternative, in the unlikely event that the Court were to determine that
10 there were some possibility of success at this step and that Avelo could otherwise
11 succeed at step two, the Court should grant additional time for discovery so that
12 Miller has an opportunity to challenge Avelo's use of a so-far unexamined declaration
13 to contest Miller's allegation that the letter was not sent in good faith. *See Planned*
14 *Parenthood*, 890 F.3d at 834 ("[W]hen an anti-SLAPP motion to strike challenges the
15 factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard
16 will apply. But in such a case, discovery must be allowed, with opportunities to
17 supplement evidence based on the factual challenges, before any decision is made by
18 the court.").

19    **B.    The Motion Fails At Step Two Because Miller Had A Probability**
20           **Of Prevailing.**

21    Next, at step two, the motion also fails, because Miller has at least "a
22 probability" of prevailing on the merits. Avelo seeks to apply a version of the litigation
23 privilege that Nevada courts have never recognized. Avelo contends that a demand
24 letter threatening litigation is covered by "'the long-standing common law rule that
25 communications uttered or published in the course of judicial proceedings are
26 absolutely privileged.'" ECF No. 14 at 9 (quoting *Fink v. Oshins*, 118 Nev. 428, 432–
27 33 (2002)). This "long-standing rule" arose in defamation cases, and Nevada courts
28

1 have extended it to cases alleging tortious interference with *prospective* business
2 relations, but "the Ninth Circuit has stated that 'Nevada has not yet held that a
3 plaintiff alleging intentional interference with contractual relationship must also
4 prove the absence of privilege or justification.'" *Treasury Solutions Holdings, Inc. v.*
5 *Upromise, Inc.*, No. 3:10-CV-00031, 2015 WL 3902400, at *2 (D. Nev. June 25, 2015)
6 (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir.
7 2008) (emphasis added)).

8     Avelo admits that the Ninth Circuit correctly stated that Nevada law does not
9 currently recognize the absolute privilege that Avelo claims. *See* Mot. 8. But it still
10 urges this Court to follow another district court decision finding that, if "given the
11 opportunity, the Nevada Supreme Court would extend the absolute privilege doctrine
12 to encompass the tort of intentional interference with contractual relations." Mot. 9
13 (quoting *Rimini Street v. Oracle Int'l Corp.*, No. 2:14-cv-01699LRH-DJA, 473 F. Supp.
14 3d 1158, 1185 (D. Nev. 2020)). But that is quite speculative and does not suffice under
15 the anti-SLAPP analysis. Rather, the Nevada Supreme Court has "described the
16 second prong of an anti-SLAPP analysis as requiring the plaintiff to show that his
17 claim has at least minimal merit." *Wynn v. Associated Press*, 140 Nev. Adv. Op. 56
18 (2024) (quotation marks omitted); *see also Abrams v. Sanson*, 136 Nev. 83, 91 (2020)
19 ("[T]he anti-SLAPP statutes protect against frivolous lawsuits designed to impede
20 protected public activities."). It is far from "frivolous" to think that Avelo's letter to
21 Lamar would not be protected by absolute privilege, when the letter was sent without
22 mentioning fair use, to a party that Avelo does not even state was a good-faith
23 potential defendant at the time the letter was sent, regarding claims that Avelo has
24 now admitted were at least partially without merit, and when the privilege would
25 need to be extended to a new context that the Nevada Supreme Court has so far
26 declined to recognize. The anti-SLAPP motion would this fail at this step too.

27
28

* * *

It is more than a little ironic that Avelo brought its original anti-SLAPP motion contending that Miller had "abuse[d] the judicial process by chilling, intimidating, and punishing individuals for their involvement in public affairs." ECF No. 14 at 6. The opposite is true. Miller, an individual and a public servant in New Hampshire, exercised his First Amendment right to comment on the work that Avelo, a large corporation, did for the government, unquestionably an issue of "public affairs." In response, Avelo did not exercise its own right to criticize and comment; it instead threatened to sue Miller for, among many other things, statutory damages for infringing a copyright that it never registered and that, therefore, is not even eligible for statutory damages. ECF No. 21 ¶ 34. It sent another letter to Lamar, a large outdoor advertising company, and claims the letter was privileged even though it has refused even to tell this Court that it ever genuinely intended to initiate litigation against Lamar. And since then, it has realized that many of the the claims in its letter were so obviously without merit that it has apparently made a promise *never* to sue Miller on two of them. ECF No. 36-1.

Despite all that, Avelo now has the audacity to argue that this Court committed a "clear error" in denying its meritless anti-SLAPP motion without even mentioning the two binding Ninth Circuit cases that the Court relied on in its correct order denying the first motion as moot. Worse, Avelo contends that it can somehow recover its attorney's fees on its denied motion because a California provision that has been expressly held inapplicable to Nevada's anti-SLAPP act would permit it. This is a waste of time and judicial resources, and Avelo's motion for reconsideration should be swiftly denied, just as its original motion was.

## CONCLUSION

For the above reasons, this Court's order denying Avelo's Special Motion to Dismiss should not be reconsidered.

**BRAVO SCHRAGER LLP**

By: /s/ Jason Harrow
Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

Charles Gerstein
(*pro hac vice*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20025

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113

*Attorneys for Miller*