Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Defendant Avelo, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br>AVELO, INC.,<br><br>    Defendant. | Case No. 2:25-cv-00856-CDS-BNW<br><br>**DEFENDANT AVELO, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF MINUTE ORDER DENYING ITS SPECIAL MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO NEVADA'S ANTI-SLAPP STATUTE**<br><br>(Oral Argument Requested) |

Defendant and Counterclaimant Avelo, Inc. ("Defendant" or "Avelo") submits this reply in support of its Motion for Reconsideration of the Court's Minute Order Denying its Special Motion to Dismiss Count IV of the Complaint (ECF No. 32).

## PRELIMINARY STATEMENT

The Court should grant Avelo's motion for reconsideration. The Court erred when it denied Avelo's anti-SLAPP motion before the time for Avelo to submit its reply had expired and

- 1 -

before Avelo was able to submit its reply. This affected Avelo's substantial rights because it was foreclosed from pursuing its claim for attorneys' fees, costs, and discretionary damages under Nevada's anti-SLAPP statute, NRS § 41.670, and Plaintiffs do not argue otherwise.

The Court should also grant reconsideration because on January 2, 2025, the Ninth Circuit decided *Evans Hotels, Ltd. Liab. Co. v. Unite Here! Loc. 30*, Nos. 23-55692, 23-55728, 2025 U.S. App. LEXIS 12, at *9 (9th Cir. Jan. 2, 2025). In *Evans*, the defendant unions brought an anti-SLAPP motion seeking to dismiss Evans' state law claims. Evans amended his complaint to remove the offending claims, but the district court granted the defendants' anti-SLAPP motion and awarded Evans his attorneys' fees and costs. The Ninth Circuit affirmed, holding that "***[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion***." *Id.* (emphasis added). This Court has recognized *Evans* and the Nevada Supreme Court's 2022 decision in *Vannah*. As District Judge Gordon very recently explained:

> The Supreme Court of Nevada . . . has indicated in an unpublished decision that amending the complaint will not save a litigant from having to pay fees on an anti-SLAPP motion directed at the original complaint. *See Vannah v. L. Off. of Daniel S. Simon*, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022) ("Because respondents['] amended complaint was not filed before appellants filed their anti-SLAPP special motions to dismiss, the district court erred by relying on respondents' amended complaint to deny appellants' anti-SLAPP special motions to dismiss. On remand, the district court should conduct its anti-SLAPP analysis based on respondents' original complaint."); *Evans Hotels, LLC v. Unite Here! Loc. 30*, No. 23-55692, 2025 U.S. App. LEXIS 12, 2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025). Thus, amendment alone will not necessarily preclude the possibility that Sternberg may become liable for attorney's fees.

*Sternberg v. Warneck*, No. 2:23-cv-01466-APG-EJY, 2025 U.S. Dist. LEXIS 98503, at *18 (D. Nev. May 22, 2025).

**ARGUMENT**

I. **PLAINTIFFS' FIRST AMENDED COMPLAINT DID NOT RENDER AVELO'S SPECIAL MOTION TO DISMISS MOOT.**

Plaintiff's Opposition makes much ado about Avelo not addressing the decisions in *Ramirez v. County of San Bernadino*, 806 F.3d 1002 (9th Cir. 2015) and *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990), upon which this Court relied in its

Minute Order (ECF No. 28), denying Avelo's motion. ***Avelo would have addressed those cases in its reply, but the Court denied Avelo's motion just two days after Plaintiffs' opposition was filed, before the period for Avelo to file its reply expired, and before Avelo could draft and file its reply***. Avelo addresses those cases now. Avelo does not dispute that, *ordinarily*, an amended complaint supersedes an earlier filed complaint. But these are not ordinary circumstances. The issue here is whether the filing of Plaintiffs' First Amended Complaint mooted Avelo's entitlement to attorneys' fees, costs, and discretionary damages under Nevada's anti-SLAPP statute. Neither *Ramirez* nor *Hal Roach* addressed that issue as neither case involved the filing of an amended complaint after the filing of a special motion to dismiss brought pursuant to a State anti-SLAPP statute.

Next, Plaintiffs' question why Avelo cites the Nevada Supreme Court's 2022 decision in *Vannah* when, "the Ninth Circuit has held that state law procedural rules prohibiting plaintiffs from amended complaints and thereby 'freezing' a complaint subject to an anti-SLAPP motion does not apply in federal court." (ECF No. 39 at 8) (citing *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004).) The answer is simple. It is because the *Verizon* decision is inapplicable and because much more recent case law from this Court, the Nevada Supreme Court, and the Ninth Circuit all hold that pleading amendments do not moot pending anti-SLAPP motions.

First, the Ninth Circuit's 21-year old decision in *Verizon* is inapplicable. That case concerned whether amendment of the pleadings pursuant to Rule 15(a)'s liberal amendment standard should be allowed after an anti-SLAPP motion to dismiss is granted. *Verizon*, 377 F.3d at 1090-91. Importantly, and as *Evans* makes clear, the *Verizon* court did not even consider whether a defending party may obtain an award of fees and costs when it seeks to dismiss a claim pursuant to a State anti-SLAPP statute. *Evans*, 2025 U.S. App. LEXIS 12, at *8-9 ("Evans' reliance on *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004) is misplaced, as the *Verizon* court did not address whether a defendant may obtain fees and costs under [the California anti-SLAPP statute] . . . ."). Instead, the *Verizon* court held that federal courts may not apply portions of State anti-SLAPP statutes that directly "collide" with the Federal

4898-2995-1829, v. 22

Rules of Civil Procedure. *Id*. Avelo agrees with that proposition. But Plaintiffs' opposition argues that, under *Verizon*, federal courts cannot grant anti-SLAPP motions without also granting leave to amend under Rule 15(a). That, however, is no longer the law. *See Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir. 2018).

In *Planned Parenthood*, the Ninth Circuit held that different procedural rules apply to anti-SLAPP motions depending on whether they raise a legal or a factual challenge to the offending claim that precipitated the anti-SLAPP motion. 890 F.3d at 833. If the motion is based on purely legal arguments, the analysis proceeds like an ordinary motion to dismiss under Rule 8 and 12, but if the motion presents a factual challenge, the motion is treated like a Rule 56 summary judgment motion. *Id*. In the latter circumstance, where the motion presents a meritorious factual challenge, "[c]ourts 'ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered.'" *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-cv-03695-MMC, 2021 U.S. Dist. LEXIS 54905, at *70 (N.D. Cal. Mar. 23, 2021) (quoting *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986)). Accordingly, *Verizon* presents no barrier and this Court can properly grant Avelo's anti-SLAPP motion on the merits and without allowing any further amendment because the motion presents a valid *factual* challenge.

Second, this Court, the Nevada Supreme Court, and the Ninth Circuit have all recognized that an amendment made ***after*** the filing of an anti-SLAPP motion to remove the offending claims does not moot the ***motion*** or the related issue of whether the moving party is entitled to recover its attorneys' fees, costs, and discretionary damages. As the Chief United States District Judge of this Judicial District very recently explained:

> The Supreme Court of Nevada . . . has indicated in an unpublished decision that amending the complaint will not save a litigant from having to pay fees on an anti-SLAPP motion directed at the original complaint. *See Vannah v. L. Off. of Daniel S. Simon*, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022) ("Because respondents['] amended complaint was not filed before appellants filed their anti-SLAPP special motions to dismiss, the district court erred by relying on respondents' amended complaint to deny appellants' anti-SLAPP special motions to dismiss. ***On remand, the district court should conduct its anti-SLAPP analysis based on respondents' original complaint***."); *Evans Hotels, LLC v. Unite Here! Loc. 30,* No. 23-55692, 2025 U.S. App. LEXIS 12, 2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025). ***Thus, amendment alone will not necessarily preclude the possibility that Sternberg may become liable for attorney's fees***.

*Sternberg v. Warneck*, No. 2:23-cv-01466-APG-EJY, 2025 U.S. Dist. LEXIS 98503, at *18 (D. Nev. May 22, 2025).

Fourth, Plaintiffs fail to sufficiently distinguish District Judge Mahan's holding in *Smith & Wesson Brands, Inc. v. SW. N. Am., Inc.*, No. 2:22-CV-1773 JCM (EJY), 2023 U.S. Dist. LEXIS 114832 (D. Nev. July 5, 2023). In that case, this Court refused to allow the defendant to amend its counterclaims to remove claims the plaintiff sought to dismiss through an anti-SLAPP motion. *Id.* at *8-9 ("Defendant now claims that because plaintiffs amended their complaint, it is entitled to amend its answer, and because of that amendment, it can remove the offending counterclaims and moot the special motion to dismiss. But to allow that would be to circumvent the purpose of the anti-SLAPP statute entirely"). Plaintiffs try to distinguish *Smith & Wesson* by arguing that, because the offending counterclaims had yet to be removed by way of amendment and were still operative, "the court still had the power to grant the anti-SLAPP motion." (ECF No. 39 at 10, ll. 5-6.) But Plaintiffs cite no authority for the proposition that removing offending claims by way of amendment while an anti-SLAPP motion is pending deprives the court of jurisdiction to rule on the motion especially where, as here, other claims and counterclaims remain pending.

Although Plaintiffs correctly point out that Judge Mahan's policy statements in *Smith & Wesson* appear to contradict the Ninth's Circuit's reasoning in *Verizon*, as set forth above, *Verizon* is no longer good law. Several federal courts have held that, "dismissal of a claim does not moot an anti-SLAPP motion." *Tracy Anderson Mind & Body. LLC v. Roup*, No. CV 22-04735 PSG-E, 2023 U.S. Dist. LEXIS 189051, at *13-14 (C.D. Cal. June 12, 2023) (citing *White v. Lieberman*, 103 Cal. App. 4th 210, 220, 126 Cal. Rptr. 2d 608 (2002) (holding that the trial court erred as a matter of law when it denied the defendant's anti-SLAPP motion to strike as moot because it granted the defendant's [dismissal] on the same claim)); *Thornbrough v. W. Placer Unified Sch. Dist.*, No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist. LEXIS 53136, 2010 WL 2179917, at *11 (E.D. Cal. May 27, 2010) ("Since a defendant who prevails on an anti-SLAPP motion is entitled to recover mandatory attorney's fees, the dismissal of Plaintiff's claims against [defendant] does not moot [defendant's] anti-SLAPP motion").

Fifth, there was nothing wrong with Avelo citing federal cases from California's federal

- 5 -

4898-2995-1829, v. 22

courts. Plaintiffs argue, citing *Padda v. Hendrick*, 136 Nev. 856 (2020), that factually analogous decisions from California's federal courts are inapplicable here because California's anti-SLAPP statute awards fees to a "prevailing party" whereas Nevada's statute awards fees after a motion is "granted." (ECF No. 39 at 10-11.) But this is a red herring. *Padda* held that the plaintiff's voluntary dismissal **_of the entire action_** pursuant to **_Rule 41(a)(1)_** deprived the district court of jurisdiction to award attorneys' fees and costs because the voluntary dismissal of the entire action closed the case. *Padda* is distinguishable on this basis alone. But notably, *Padda* does not hold that amending a complaint to remove the offending claims renders a pending anti-SLAPP motion moot. Indeed, the word "moot" is not even mentioned once in the opinion. Furthermore, as recently noted by Chief District Judge Gordon, *Padda* was decided before *Vannah* where, "The Supreme Court of Nevada . . . indicated that filing an amended complaint while an anti-SLAPP special motion to dismiss is pending **_is not grounds to deny the anti-SLAPP motion as moot._**. . . Instead, if the anti-SLAPP motion was filed before the amended complaint, a '**_court should conduct its anti-SLAPP analysis based on [the] original complaint_**.'" *Marzen Media LLC v. FL Newsl. LLC*, No. 2:24-cv-01883-APG-EJY, 2025 U.S. Dist. LEXIS 45635, at *2 (D. Nev. Mar. 12, 2025) (citing *Vannah v. L. Off. of Daniel S. Simon*, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022) (emphasis added)).

Here, there was never a "collision" between Nevada's anti-SLAPP statute and the Federal Rules of Civil Procedure. Avelo filed its special motion to dismiss which made a **_factual_** challenge to Plaintiffs' tortious interference claim. Instead of responding to the factual challenge with evidence or a Rule 56(d) declaration, Plaintiffs chose to abandon their baseless interference claim by omitting it from their First Amended Complaint. Because they did so only after Avelo incurred the time and expense of defending against the baseless claim, Avelo is entitled to have its anti-SLAPP motion granted and is entitled to recover its attorneys' fees, costs, and discretionary damages pursuant to NRS § 41.670. Avelo's motion to dismiss is far from moot.

///

///

///

4898-2995-1829, v. 22

///

## II. PLAINTIFFS CANNOT PREVAIL ON AVELO'S SPECIAL MOTION TO DISMISS.

Plaintiffs argue that reconsideration should be denied because Avelo's motion "would be denied anyway." Despite assuming to know how the Court will rule, Plaintiffs are wrong. They cannot prevail on Avelo's special motion to dismiss—a point they themselves recognized when they abandoned their tortious interference claim by omitting it from their First Amended Complaint.

### A. Avelo Showed by a Preponderance of the Evidence That its Cease-and-Desist Letters Were Good Faith Communications Made in Furtherance of its Right to Petition the Courts.

Under Nevada's anti-SLAPP statute, at step one of the analysis, Avelo is required to show that its communications were, "truthful or made without knowledge of falsehood." NRS § 41.637; *see also Panik v. TMM Inc.*, 538 P.3d 1149, 1154 (Nev. 2023). Avelo made that showing here. It submitted the sworn declaration of Andrew M. Smith, its outside counsel who authored and sent the cease-and-desist letters. (ECF No. 14-1.) Mr. Smith's declaration states, in most relevant part, the following:

> **The statements in the Letters were <u>true</u> to the best of my knowledge and based on my own good faith opinions of the law and the scope of Avelo's intellectual property**. I do not believe that any statements in the Letters were false so, **necessarily, <u>no statements in the Letters were made with knowledge of any falsehood contained in them</u>**. Avelo authorized me to send the Letters on its behalf. As someone who regularly communicates with Avelo and advises it on intellectual property issues, I know that Avelo was seriously considering, in good faith, the initiation of judicial proceedings against Plaintiffs at the time I sent the Letters (as the Letters make clear, I believe). Avelo would not have authorized the sending of the Letters without such a good faith belief and contemplation. In fact, I firmly believe it likely that judicial proceedings would have been instituted by Avelo had Plaintiffs not filed this action first.

(ECF No. 14-1, Smith Decl., ¶ 7.) A sworn declaration as to the truthfulness of the information satisfies a defendant's initial showing. *Stark v. Lackey*, 136 Nev. 38, 43, 458 P.3d 342, 347 (2020) ("[A]n affidavit stating that the defendant believed the communications to be truthful or made them without knowledge of their falsehood is sufficient to meet the defendant's burden absent

contradictory evidence in the record"). Because the Smith Declaration states that the statements Mr. Smith made in the cease-and-desist letters were true and made without any knowledge of falsehood, Avelo has satisfied its burden at step one of the anti-SLAPP analysis.

Plaintiffs' arguments to the contrary are wrong.

First, Plaintiffs attack the Smith Declaration for failing to discuss whether Plaintiffs' unauthorized use of Avelo's intellectual property was a "fair use." However, the declaration was not required to address fair use as it is undeniably Plaintiffs' and Lamar's burden to prove the *affirmative defense* of fair use, not Avelo's. *Dr. Seuss Enter., L.P. v. ComicMix LLC*, 983 F.3d 443, 459 (9th Cir. 2020) ("Not much about the fair use doctrine lends itself to absolute statements, but the Supreme Court and our circuit have unequivocally placed the burden of proof on the proponent of the affirmative defense of fair use").

Second, Plaintiffs attack the Smith Declaration by claiming it fails to address Plaintiffs' speculative allegation that Avelo knew it had no basis for litigation when the letters were sent. (ECF No. 39 at 13, ll. 15-24.) This argument is gaslighting in its highest form as the Smith Declaration explicitly addresses Avelo's good faith. It states that "Avelo was seriously considering, in good faith, the initiation of judicial proceedings against Plaintiffs" and that "Avelo would not have authorized the sending of the Letters without such a good faith belief and contemplation." (ECF No. 14-1, Smith Decl., ¶ 7.) Avelo could not have acted in good faith if it subjectively knew it had no basis for enforcing its intellectual property rights when the cease-and-desist letters were sent.

Third, Plaintiffs argue that Avelo knew it had no basis for filing suit because it recently filed a "covenant" promising never to sue Miller for "copyright and trademark ***infringement***." (ECF No. 39 at 13, ll. 24-25.) But Plaintiffs misstate the facts. After the cease-and-desist letters were sent and after further research and investigation, Avelo determined that the images of Avelo's aircraft that appeared on the billboards do not appear to be unauthorized copies of copyright protected images owned by Avelo, and Avelo further determined that its AVELO mark has not yet achieved the degree of nationwide fame required to assert a claim for trademark ***dilution***. (ECF No. 36-1, Thompson Decl. at ¶¶ 8-9.) Accordingly, Avelo granted Plaintiffs a covenant not to sue

for copyright infringement or trademark *__dilution__*. (*Id*. ¶¶ 10-11 & Ex. A.) Importantly, and contrary to the false statement in Plaintiffs' opposition, **the covenant does not cover claims for trademark *infringement* or cybersquatting**. (*Id*.) Avelo's counterclaims for trademark infringement and cybersquatting remain pending and provided a legally sufficient, good faith, basis for Avelo's cease and desist letters at the time they were sent. If anything, the fact that Avelo has filed a motion to dismiss Count I (copyright infringement) and Count III (trademark dilution) with prejudice in favor of Plaintiffs shows Avelo's good faith. (*See* ECF No. 36.)

Fourth, Plaintiffs claim that the Smith Declaration fails to show that Avelo's cease-and-desist letters were good faith communications because the declaration does not specifically state that Avelo intended to sue *Lamar* in addition to suing Plaintiffs. This argument defies common sense as it ignores the fact that Avelo sent a cease-and-desist letter directly to Lamar to enforce its intellectual property rights and the fact that the Smith Declaration refers to both "Letters." [1] To meet its burden, Avelo need only show that its letters were made in connection with an issue under consideration by a judicial body and were truthful or made without knowledge of falsehood. NRS § 41.637(3), (4); *see also LHF Prods., Inc. v. Kabala*, No. 2:16-cv-02028-JAD-NJK, 2018 U.S. Dist. LEXIS 148256, at *8 (D. Nev. Aug. 23, 2018), *aff'd sub nom. LHF Prods., Inc. v. Does*, 848 F. App'x 802 (9th Cir. 2021) ("A 'good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern' includes any '[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive, or judicial body . . . .' The statute has no temporal requirement that only communications that come after the filing of a complaint are protected, and demand letters, settlement negotiations, and declarations are clearly 'made in direct connection' with a complaint, which is 'under consideration by a . . . judicial body'").

In this case, Avelo was faced with Plaintiffs' and Lamar's *__undisputed__* and *__unauthorized__* use of its federally registered trademarks and trade dress on billboards, in the <avelno.com>

---

[1] But to remove all doubt, Avelo submits the Declaration of Andrew M. Smith, in which Mr. Smith declares that Avelo was seriously considering suing both Plaintiffs and Lamar at the time he sent the cease-and-desist letters. (*Id*. ¶ 4.) His failure to specifically reference Lamar in his original declaration was merely an oversight. (*Id*. ¶ 5.)

domain name, and on the <avelno.com> website. Avelo was soundly within its rights to send cease-and-desist letters to enforce its intellectual property rights, which it did. The Smith Declaration shows that the letters were unquestionably good faith communications made in furtherance of its right to petition the courts and Plaintiffs cannot seriously contend they were not.

### B. Plaintiffs Are Not Entitled to Discovery.

Plaintiffs ask the Court to defer ruling on the motion so they can seek discovery. Notably, both Avelo's motion and its submission of the Smith Declaration put Plaintiffs on notice that the motion was a factual attack on Plaintiffs' tortious interference claim and that a Rule 56 standard applied to the motion. (*See* ECF No. 14 at 7 n.1; *see also* ECF No. 14-1, Smith Decl.) Nevertheless, Plaintiffs failed to present any evidence in response to the motion. Then, even after Avelo moved for reconsideration, Plaintiffs still failed to present any evidence in response to the motion—not even a declaration from Mr. Miller. If there was a legitimate factual basis for their tortious interference claim, Plaintiffs have already had two opportunities to present it. That they did not is telling. Plaintiffs now seek discovery in search of a claim. But they have not even attempted to comply with Rule 56(d) of the Federal Rules of Civil Procedure.

Rule 56(d) allows the Court to defer ruling on a summary judgment motion until after the non-moving party can obtain discovery. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678-79 (9th Cir. 2018). The rule requires the non-moving party to submit a declaration showing: (1) the specific facts they hope to elicit from the requested discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose the motion. *Id.; see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (a party requesting a Rule 56(d) continuance must identify "specific facts that further discovery would reveal and explain why those facts would preclude summary judgment.") (citations omitted).

Here, Plaintiffs state only that they need discovery "to challenge Avelo's use of a so-far unexamined declaration to contest Miller's allegation that the letter was not sent in good faith." (ECF No. 39 at 14, ll. 12-13.) They recite no specific facts they hope to elicit, that such facts exist, or describe how such unidentified facts would be essential to opposing Avelo's motion. Courts have held that "[f]ailure to comply with Rule 56(d)'s requirements 'is a proper ground for denying

discovery and proceeding to summary judgment.'" *Rocky Mountain Biologicals, Inc. v. Microbix Biosystems, Inc.*, 986 F. Supp. 2d 1187, 1201 (D. Mont. 2013) (quoting *Family Home and Finance Center, Inc.*, 525 F.3d at 827). Indeed, the Ninth Circuit has specifically held that Rule 56(d) requests need to be made by a proper motion, rather than just as part of the Opposition to a summary judgment motion. *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (affirming district court's denial of Rule 56(d) request where it was raised in summary judgment opposition brief and admonishing that, "[f]ailure to comply with the requirements of [the rule] is a proper ground for denying discovery and proceeding to summary judgment."); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) (same). Because Plaintiffs have failed to submit any evidence in opposition to Avelo's motion, despite two opportunities to do so, and because they completely failed to comply with Rule 56(d), Plaintiffs should not be allowed to conduct discovery in search of a claim. Instead, the Court should grant reconsideration and grant Avelo's motion.

        **C.**         **The Court Should Have Granted Avelo's Motion.**

Plaintiffs argue that Avelo cannot succeed at step two of the anti-SLAPP analysis because the Nevada Supreme Court has not applied the absolute privilege doctrine to claims for tortious interference with existing contracts. Plaintiffs are wrong. In *Cucinotta v. Deloitte & Touche, LLP*, 129 Nev. 322, 327, 302 P.3d 1099, 1102 (2013), the Nevada Supreme Court affirmed the district court's grant of summary judgment in favor of the defendant accounting firm on the plaintiff's claim for interference with *existing* and prospective contractual relations. 129 Nev. at 327, 302 P.2d at 1102 ("[w]e also conclude that appellants' tortious interference claim is precluded because Deloitte's communications and conduct therein is afforded an absolute privilege"). That the court did not expressly say something like, "we hereby extend the absolute litigation privilege to claims for tortious interference with existing contracts" is irrelevant. The important point is that the Nevada Supreme Court affirmed the district court on the issue. Moreover, in *Rimini Street v. Oracle International Corporation*, No. 2:14-cv-01699-LRH-DJA, 473 F. Supp. 3d 1158, 1185-86 (D. Nev. 2020), this Court held that, if given the chance, the Nevada Supreme Court would *expressly* extend the absolute privilege doctrine to the tort of intentional interference with existing

contractual relations. In light of these decisions, Plaintiffs cannot seriously argue that the absolute litigation privilege does not apply to claims for tortious interference with *existing* contractual relations, as other courts have so held.

**CONCLUSION**

Contrary to Plaintiffs' diatribe, it was not audacious at all for Avelo to seek reconsideration where, as here, its anti-SLAPP motion was meritorious (as evidenced by the fact that Plaintiffs) abandoned their frivolous tortious interference claim, and where, as here, Avelo's motion was denied before it had the opportunity to present the Court with the Ninth Circuit's decision in *Evans* and Chief District Judge Gordon's discussion of *Evans* and *Vannah* in *Sternberg*, *supra*, along with the other arguments Avelo intended to make in its reply.

For the foregoing reasons, Avelo respectfully requests that the Court should enter an order: (1) granting Avelo's motion for reconsideration; (2) granting Avelo's anti-SLAPP motion; and (3) directing Avelo to file a motion for attorneys' fees, costs, and discretionary damages within fourteen (14) days of entry of the Court's order.

Dated: this 6th day of August 2025

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: ___/s/ Jonathan W. Fountain___
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers, Esq.
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
3800 Howard Hughes, Suite 1000
Las Vegas, NV 89169

Drew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703

*Attorneys for Defendant Avelo, Inc.*

4898-2995-1829, v. 22