UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Proton Associates LLC, et al., | Case No. 2:25-cv-00856-CDS-BNW |
| Plaintiffs | **Order Denying Defendant's Motion to Reconsider** |
| v. | |
| Avelo, Inc., | [ECF No. 32] |
| Defendant | |

Defendant Avelo, Inc., an airline company, moves for reconsideration of my June 27, 2025 minute order (ECF No. 28). Mot., ECF No. 32. That minute order dismissed as moot Avelo's special motion to dismiss the original complaint, which argued that Claim 4 of plaintiffs Proton Associates, LLC and Seth Miller's complaint, for tortious interference with contract, was barred by the Nevada anti-SLAPP statute. ECF No. 28 (citing Special mot. to dismiss, ECF No. 14). As part of its special motion, Avelo sought attorney's fees and costs associated with the filing of the motion. *See* ECF No. 14 at 10–11. The same day plaintiffs filed an amended complaint (FAC) (ECF No. 21) removing Claim 4, they also responded to the special motion to dismiss (ECF No. 22), arguing that the special motion to dismiss should be denied as moot because the operative complaint no longer included Claim 4. ECF No. 22 at 2. I docketed the minute order denying the special motion to dismiss as moot several days later, and before Avelo had the opportunity to submit a reply brief. *See* ECF No. 28. Avelo's motion for reconsideration now argues that this dismissal was improper, and that even with the filing of the FAC, it still had the opportunity to seek damages under Nevada's anti-SLAPP law for the inclusion of Claim 4 in the original complaint. ECF No. 32.[1] For the foregoing reasons, I deny Avelo's motion for reconsideration.

---

[1] This motion is fully briefed. *See* Opp'n, ECF No. 39; Reply, ECF No. 49.

## I. Background

As a result of several billboards critical of Avelo that Seth Miller and his company Proton Associates put up in New Haven, Connecticut, Avelo sent a cease-and-desist letter against them, claiming that the plaintiffs were infringing on Avelo's intellectual property. Countercls., ECF No. 13 at 10–16. Instead of responding, the plaintiffs filed this lawsuit seeking declarations of non-infringement (Counts 1–3), and money damages for Avelo's alleged interference with the plaintiffs' business relationship with Lamar, the owner of the billboards (Count 4). *See* Original compl., ECF No. 1. The special motion to dismiss sought dismissal of Count 4 under Nevada's anti-SLAPP law (NRS 40.660). *See* ECF No. 14.

## II. Legal standard

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood"). "A motion to reconsider must set forth 'some valid reason why the court should reconsider its prior decision' and set 'forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision.'" *Wellman v. Dep't of Just., Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 2018 WL 1402333, at *2 (D. Nev. Mar. 20, 2018) (citing *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)).

## III. Discussion

In its motion seeking reconsideration, Avelo argues that by preventing it the opportunity to file a reply brief in response to the plaintiffs' argument that the special motion to dismiss be denied as moot, "the Court's departure from its local rules affected Avelo's substantial rights— namely its right to pursue it[s] claim for attorneys' fees, costs, and discretionary damages under

the anti-SLAPP statute." ECF No. 32 at 5. It avers that the Supreme Court of Nevada's decision in *Vannah v. Law Office of Daniel S. Simon*, is controlling, and therefore when an anti-SLAPP motion is filed before an amended complaint, the "court should conduct its anti-SLAPP analysis based on [the] original complaint." *Id.* at 6 (quoting 2022 WL 986138, at *1 (Nev. 2022) and citing *Smith & Wesson Brands, Inc. v. SW N. Am., Inc.*, 2023 U.S. Dist. LEXIS 114832, at *9–10 (D. Nev. July 5, 2023)). It also cites to several cases out of the federal districts in California. *Id.* (citing *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083, at *15 (S.D. Cal. Mar. 18, 2009) ("As the prevailing party, Plaintiff is entitled to attorney fees because Defendant may not avoid liability for attorney fees under the anti-SLAPP statute by dismissing his claims subject to a pending anti-SLAPP special motion to strike."); *De La Torre v. Legal Recovery Law Office*, 2014 U.S. Dist. LEXIS 128220, at *6 (S.D. Cal. Sept. 12, 2014) ("California courts agree that even when a defendant is dismissed while an anti-SLAPP motion is pending, the defendant may move for fees."); *Hedley & Bennett, Inc. v. Mejico*, 2022 U.S. Dist. LEXIS 115549, at *2 (C.D. Cal. June 24, 2022) ("A defendant may still recover attorney's fees and costs when a plaintiff voluntarily dismisses the case while an anti-SLAPP motion is pending.")). Avelo asserts that these decisions are all consistent with the purpose behind the Nevada anti-SLAPP law, which is designed to compensate a defendant for the expenses in responding to the lawsuit; allowing a plaintiff to "amend their way out of the statute's application[,]" Avelo argues, "contravenes the very purpose of the statute, which is to discourage meritless SLAPP suits . . . ." *Id.* at 7 (citing *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019) and *Wanland v. L. Offs. of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr. 3d 633, 637 (Cal. Ct. App. 2006)).

Avelo then argues that *Padda v. Hendrick*, 2020 WL 1903191 (Nev. 2000)—which the plaintiffs discussed in their response to the special motion to dismiss—is inapplicable because there, when the Supreme Court of Nevada found that a defendant could not pursue attorney's fees under the anti-SLAPP law, it did so because the plaintiff voluntarily dismissed his entire

3

case following the special motion to dismiss, leaving the court with no jurisdiction. *Id.* at 8 (citing 2020 WL 1903191, at *1–3). Avelo also insists that *Vannah* superseded *Padda*. *Id.*

In response, the plaintiffs assert that federal courts are clear that, because a plaintiff has an unqualified right to amend a complaint within twenty-one days of an opponent party's responsive pleading, the anti-SLAPP law in Nevada is superseded by federal procedural law. ECF No. 39 at 7. They quote from *Ramirez v. County of San Bernadino*, in which the Ninth Circuit made clear that once an amended complaint has been filed, the original complaint "cease[s] to exist" and therefore a motion to dismiss that earlier complaint "should [be] deemed moot . . . ." *Id.* (quoting 806 F.3d 1002, 1008 (9th Cir. 2015)). Plaintiffs assert that Avelo's reliance on *Vannah* is misplaced because it is a Nevada state decision (and an unpublished one), which contradicts the Ninth Circuit's decision in *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, holding that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id.* at 8 (quoting 377 F.3d 1081, 1091 (9th Cir. 2004)). The *Verizon* court explained:

> [Defendant] argues that to [allow amendment] promotes forum shopping, encouraging plaintiffs to sue in federal courts rather than state courts because they would get "one free shot at a SLAPP suit before amending the complaint." But a direct collision with a federal procedural rule exists. We do not need to proceed to the secondary test of "balancing the state interest in its procedural rule with the twin purposes of the *Erie* doctrine, 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Metabolife* [*Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001)] (quoting *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants.

*Verizon*, 377 F.3d at 1091. The Ninth Circuit has cautioned that "'[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure' and ha[s] accordingly refused to apply certain discovery-limiting provisions of the anti-SLAPP statute because they would conflict with Fed. R. Civ. P. 56." *Id.* (quoting *Metabolife*,

4

264 F.3d at 845–46); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–34 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018) (Federal courts may not let "state anti-SLAPP rules . . . usurp the federal rules.").

Plaintiffs also distinguish *Smith & Wesson* by arguing that it dealt with dismissal of a counterclaim that was still pending. ECF No. 39 at 9–10 (citing 2023 WL 4350582, at *3). As to Avelo's citation to California district cases, the plaintiffs argue that they are irrelevant because while California's anti-SLAPP rule permits fees to "prevailing parties" even if anti-SLAPP motions weren't granted—a rule that presumably does not collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment—Nevada's Supreme Court outright rejected this interpretation of Nevada's rule in *Padda*:

> While it is true that this court has looked to California's anti-SLAPP jurisprudence for guidance where California's and Nevada's anti-SLAPP statutes are similar in both purpose and language, California's jurisprudence is not relevant where California's anti-SLAPP law differs from Nevada's, as it does here. California's anti-SLAPP statute allows for an award of attorney fees to "a prevailing defendant on a special motion to strike." Cal. Civ. Proc. Code § 425.16(c)(1). Unlike Nevada's, California's statute does not require that an anti-SLAPP motion be granted before the defendant can be awarded attorney fees. . . . [Defendant's] contention that he was entitled to attorney fees as the "prevailing defendant" ignores the plain language of NRS 41.670(1), which conditions attorney fees on the grant of the anti-SLAPP motion, not on whether the defendant would have been the prevailing party.

*Id.* at 10–11 (quoting 2020 WL 1903191, at *2 (internal citations omitted)).

In its reply, Avelo quotes from *Evans Hotels, Ltd. Liab. Co. v. Unite Here! Loc. 30*, a 2025 decision in which the Ninth Circuit stated: "[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees and costs if it would have prevailed on the merits of its motion." ECF No. 49 at 2 (quoting 2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025)). It asserts that "the Ninth Circuit's 21-year-old decision in *Verizon* . . . did not even consider whether a defending party may obtain an award of fees and costs when it seeks to dismiss a claim pursuant to a State anti-SLAPP statute." *Id.* at 3. Avelo also insists that the Ninth

5

Circuit in *Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, overruled *Verizon* because it distinguished procedural rules for legal and factual anti-SLAPP challenges. *Id.* at 4. It then points to two non-binding cases from this district, *Smith & Wesson* and *Sternberg v. Warneck*—both of which rely on Nevada case law without analyzing, or even discussing, the *Verizon* holding or the interplay between federal and state laws—to assert that its motion must be granted. *Id.* at 4–5. Finally, Avelo argues that the plaintiffs' citation to *Padda* is "a red herring" by arguing that it "held that the plaintiff's voluntary dismissal *of the entire action* pursuant to **Rule 41(a)(1)** deprived the district court of jurisdiction to award attorneys' fees and costs because the voluntary dismissal of the entire action closed the case." *Id.* at 6 (emphasis in brief).

There are two separate, related issues presented in the briefing that need untangling. The first is Nevada law as it pertains to recovery of attorney's fees in the anti-SLAPP context. The second is whether federal law supersedes Nevada law as it pertains to whether a court may "look back" at the original complaint following its amendment for purposes of considering an anti-SLAPP motion filed in response to the original complaint. Based on a review of the parties' briefing, and particularly from Avelo's attempt to distinguish case law, this distinction must be drawn directly and clearly.

A. Recovering attorney's fees for anti-SLAPP motions in Nevada

Nevada law, as it relates to recovery of attorney's fees in the anti-SLAPP context, is clear. In Nevada, an anti-SLAPP special motion must be *granted* before the defendant is entitled to attorney's fees. Nev. Rev. Stat. § 41.670. This is different from California's law, which only requires that "a *prevailing* defendant on a special motion to strike" is entitled to attorney's fees Cal. Civ. P. Code § 425.16(c)(1) (emphasis added). In *Padda*, the Supreme Court of Nevada made clear that this distinction is paramount: only when a court has *granted* a special motion to dismiss is the defendant entitled to attorney's fees. 2020 WL 1903191, at *2. Contrary to Avelo's arguments, nothing in *Vannah* contradicts or overturns this holding. In fact, *Vannah* does not even address this question; it is a decision that has to do with a wholly separate issue, addressed

below in this order, which addresses the court's ability to look back at the original complaint following amendment. *Vannah*, 2022 WL 986138, at *1 ("We conclude that the district court erred when it permitted respondents to file an amended complaint while the appellants' anti-SLAPP special motions to dismiss were pending and then relied on the amended complaint to deny the motions."). This distinction—between Nevada and California law—is critical to evaluating the second issue.

### B. Right to amend a complaint in federal court applying Nevada law with a pending anti-SLAPP special motion to dismiss

The case at the center of this controversy is *Verizon* which stated unequivocally that (1) the *Erie* doctrine dictates that because state anti-SLAPP laws conflict with Fed. R. Civ. P. 15(a)'s, federal law controls and a plaintiff's amendment to a complaint removing claims in violation of the state's anti-SLAPP law prevents the court from looking back at the original complaint; and (2) "[i]f the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." 377 F.3d at 1091. Avelo is welcome to argue distinguishing facts about the case, but the holding is directly applicable to the present circumstances if *Verizon* remains good law.

First, Avelo asserts that the age of the case—twenty-one years—as apparent evidence of its inapplicability. However, five years after *Verizon*, the Ninth Circuit affirmed this decision in *Gardner v. Martino*, where it declined to extend *Verizon* to cases where an already amended complaint that still included the offending language could be amended again to remove it, but reinforced *Verizon*'s instruction that "the Court should use a liberal amendment policy instead of the harsh penalties under the anti-SLAPP statute." 563 F.3d 981, 990–91 (9th Cir. 2009).

Next, Avelo argues that the *Evans* and *Planned Parenthood* decisions overturned *Verizon*. Neither did so. It repeatedly quotes from *Evans*, in which the Ninth Circuit recognized that "*[w]here a plaintiff abandons its claims after the defendant files an anti-SLAPP motion the defendant is entitled to fees and costs if it would have prevailed on the merits of its*

*motion.*" *Id.* at 2 (emphasis in brief); 2025 WL 17120, at *3. On its surface, this appears to be a direct contradiction of *Verizon*, but Avelo leaves out a crucial detail: *Evans* is discussing California law. In the *very sentence before* the one Avelo chose to bold, underline, and italicize in its briefing, the Ninth Circuit explained that "Evans' reliance on [*Verizon*] is misplaced, as the *Verizon* court did not address whether a defendant may obtain fees and costs under [Cal. Civ. P. Code] Section 425.16(c) when it seeks to strike an amended complaint." *Id. Verizon* addressed amendment and *Evans* made the clear distinction that it was dealing with fees under California law. As was previously discussed, Nevada law requires a special motion to be granted for a defending party to collect attorney's fees, and California only requires the defendant to "prevail." The difference between the two is that California's law about a prevailing party *recovering fees* does not conflict with *Verizon*'s mandate that a party be granted an unobstructed right to amend the complaint, because the court is not required to take any action on the filings it received before the complaint was amended. By contrast, because Nevada requires the special motion to be *granted*, the court would be forced to either (1) prevent the filing of the amended complaint or (2) treat the amended complaint as something other than "ceas[ing] to exist . . . ." *See Ramirez,* 806 F.3d at 1008. Either way, this runs afoul of the holding in *Verizon*. Thus, the Ninth Circuit's opinions about anti-SLAPP fees under California law, which may be sought even if a plaintiff amends, are not relevant when applying Nevada law.

Avelo's assertion that because it raised factual challenges and not legal challenges to plaintiffs' Claim 4, *Planned Parenthood* dictates that this court must look back at the original complaint, is also unavailing. *Planned Parenthood* sets out that for a motion based on legal arguments, the analysis is made under Fed. R. Civ. P. 8 and 12, but a factual challenge "'must be treated as though it were a motion for summary judgment and discovery must be permitted.'" 890 F.3d at 833. None of the *Planned Parenthood* decisions addresses or discusses amendment. *Verizon* is not even referenced in the decision, and for good reason: *Planned Parenthood* addresses how the court should approach its consideration of an anti-SLAPP motion, not whether it

should consider the anti-SLAPP motion in the first place. *See id.* at 833–34 (discussing whether, and to what extent, the court should allow discovery on an anti-SLAPP motion). The unpublished Ninth Circuit decision on which *Planned Parenthood* relies—*Z.F. v. Ripon Unified Sch. Dist.*—likewise does not involve amendment. *See* 482 F. App'x 239, 240 (9th Cir. 2012). Although the court declares in *Planned Parenthood* that its "interpretation eliminates conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure[,]" there is no indication from the rest of the decision that this statement, or the decision generally, intended to overrule *Verizon*. *See id.* at 833. Thus, I do not find Avelo's argument that *Verizon* has been overturned by either *Evans* or *Planned Parenthood* persuasive.

So, too, are the two non-binding district cases. In *Smith & Wesson*, the court did not meaningfully engage with the *Erie* doctrine issue raised in *Verizon*, instead deferring directly to Nevada law. *See* 2023 WL 4350582, at *4–5 (citing only to Nevada case law on the issue of amending a complaint to remove claims that violate anti-SLAPP laws). *Sternberg* is quite thorough in its analysis, but it is important to recognize that the court was presented with significant factual and procedural differences from the case at bar. Chief District Judge Andrew P. Gordon wrote that the federal rules, as set out in *Verizon*, allowed the offending plaintiff to amend. *Sternberg*, 2025 WL 1489701, at *5. However, he noted that "amending his complaint does not necessarily save Sternberg from the possibility of having to pay anti-SLAPP attorney's fees for a motion that was directed at his original complaint." *Id.* at *6. The order quotes NRS 41.670(1)(a), which includes the "grants" language distinguished from California's "prevails" language in *Padda*. The Supreme Court of Nevada case to which Chief Judge Gordon cites, *Smith v. Zilverberg*, postdates *Padda* and states that "we conclude that the Legislature intended for prevailing defendants to recover reasonable attorney fees and costs incurred from the inception of the litigation, rather than just those incurred in litigating the anti-SLAPP motion." 481 P.3d 1222, 1230 (Nev. 2021). The choice of "prevailing" defendants in this context is confusing given the clear distinction drawn in *Padda*, but because that the case does not engage with the

statute's "grant" language the way *Padda* does, a review of the case does not appear that its intent was to overrule *Padda*.[2] *Sternberg* then shifts to discussing *Vannah*'s holding that, in Nevada, an amended complaint should not override an anti-SLAPP special motion to dismiss, and *Evans*'s holding that *Verizon* did not address fees and costs under California's anti-SLAPP statute. *Sternberg*, 2025 WL 1489701, at *6. "Thus," the order concludes, "amendment alone will not necessarily preclude the possibility that Sternberg **may** become liable for attorney's fees." *Id.* (emphasis added). The issue of attorney's fees was not conclusively addressed, hence the order's statement that "Sternberg **may** become liable for attorney's fees." Indeed, a review of the pleadings reveals that a request for attorney's fees was not pending before the court. Instead, Chief Judge Gordon addressed the issue of attorney's fees as part of his order resolving the pro se plaintiff's motion for reconsideration wherein the plaintiff mentioned having received a "demand" for attorney's fees related to the court's order **granting** in part of the defendant's anti-SLAAP motion. *See* ECF No. 2:23-cv-01466-APG-EJY, ECF No. 279 at 1 (emphasis added) ("On November 20, 2024, I received a demand letter for 'mandatory' attorney fees from [defendant's] lawyer . . . citing the Court's ruling on [defendant's] anti-SLAPP motion."). Thus, that case is distinguishable and understandably, *Sternberg* does not address the ruling in *Padda* that sets *Evans* and Nevada cases apart.[3]

As is set out in this order, *Verizon*, which is still good law, prevents a federal court from going back to the original complaint when an amended complaint has been filed. 377 F.3d at 1091. Although *Vannah* would otherwise allow me to look back at the original complaint under Nevada law, *Verizon* clearly bars me from doing so. For federal courts applying California law, there is a workaround: because the anti-SLAPP law allows for a "prevailing party" to recover

---

[2] It is noteworthy that *Zilverberg*'s only reference to California law at all is related to a different statute and acknowledges expressly that "while California statutory language is similar to ours," "we decline to follow" case law that "largely based its holding on California's legislative history." 481 P.3d at 1231 n.8.

[3] This court notes, however, that *Sternberg* recognizes that tension between state and federal anti-SLAAP law, finding that that California anti-SLAPP discovery rules no do not apply in federal court, and noting that "[t]he Ninth Circuit would almost certainly reach the same conclusion with respect to Nevada's anti-SLAPP statute." *See Sternberg*, 2025 WL 1489701, at *3 (citing *Metabolife*, 264 F.3d at 846).

fees, the Ninth Circuit has determined that a defendant may still collect fees for having prevailed even where a federal court is unable to go back and consider the original complaint directly. *See Evans*, 2025 WL 17120, at *3. However, in *Padda*, Nevada's Supreme Court unequivocally declared that California's law and Nevada's law are not interchangeable: the court in Nevada must *grant* and, therefore, *be able to grant* the defendant's motion. Because *Verizon* prevents me from considering the original complaint directly, and therefore from granting the motion, I could not consider Avelo's special motion to dismiss after plaintiffs filed their amended complaint. For these reasons, I do not find that I committed clear error by denying as moot Avelo's motion to dismiss, nor do I find that there has been an intervening change in the controlling law. *See 389 Orange Street Partners*, 179 F.3d at 665.

## IV.     Conclusion

IT IS THEREFORE ORDERED that Avelo's motion for reconsideration **[ECF No. 32]** is **DENIED.**

Dated: August 12, 2025

_____
Cristina D. Silva
United States District Judge

11