Charles Gerstein
(*pro hac vice*)
Jeremy Shur
(*pro hac vice*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

PROTON ASSOCIATES LLC, and
SETH MILLER,

       Plaintiffs,

  vs.

AVELO, INC.,

       Defendant.

Case No.: 2:25-cv-00856-CDS-BNW

**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS PROTON ASSOCIATES LLC AND SETH MILLER'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

**MOTION**

Plaintiffs and Counterclaim-Defendants Proton Associates LLC and Seth Miller (collectively, "Miller") hereby move to strike new arguments and evidence in Defendant and Counterclaimant Avelo, Inc.'s Reply in Support of Its Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 51). In the alternative, Miller moves for leave to file a surreply if the Court wishes to consider the new evidence.

In the interest of reaching an agreement, Miller shared this document with Defendant on August 13, 2025. Defendant does not consent to Miller being permitted to file a short surreply brief.

## I.     BACKGROUND

Defendant is a national airline company that operates deportation flights. ECF No. 17 at 5. Miller runs the avelNO! public service campaign to get the word out that Avelo is helping to power the Trump administration's deportation machine. ECF. No. 41-1 ¶ 5. Avelo filed a motion for a temporary restraining order and preliminary junction that seeks to stop Miller from using the <avelNO.com> domain and putting up his preferred billboards on the grounds that Miller's conduct constitutes trademark infringement and cybersquatting. ECF No. 16 at 1; ECF No. 17 at 1.

To prove its trademark infringement claim, Avelo must prove that Miller "used the [Avelo] mark 'in connection with' goods or services." *LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*, 124 F.4th 1122, 1125 (9th Cir. 2024) (quoting 15 U.S.C. § 1114(1)). In connection with its opening brief, Avelo submitted, among other evidence, Proton Associates LLC's business records, AvGeek Action Alliance's business records, and evidence that the public may donate to the avelNO! campaign. ECF No. 17 at 6; ECF No 17-7; ECF No. 17-8. Avelo did not submit further evidence relevant to whether Miller is using the Avelo mark "in connection with goods or services," and it never squarely argued that Miller's speech was within the ambit of

the Lanham Act. Miller and Proton Associates submitted evidence in opposition that explained why the avelNO! public service campaign offers no goods or services. *See* ECF No. 41-1 at ¶¶ 4–6, 12–14, 19, 21. In its reply, Avelo submitted additional evidence that supposedly supports the argument that Plaintiffs' conduct satisfies the commercial use element of its trademark infringement claim. *See, e.g.*, ECF No. 48-1–11. Because Avelo has not had a chance to respond to this new evidence, this Motion follows.

## II.    THIS COURT SHOULD STRIKE THE NEW EVIDENCE OR PERMIT PLAINTIFFS TO RESPOND TO IT.

Federal Rule of Civil Procedure 6(c)(2) requires that evidence in support of a motion be submitted with the motion, not on reply. Accordingly, in light of that rule and as matter of basic fairness, courts may not consider new argument or evidence in a reply brief without giving the non-movant an opportunity to respond. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188–89 (9th Cir. 2024) ("A district court does not abuse its discretion in considering new arguments or evidence [on reply] *if the opposing party had an opportunity to respond*." (emphasis added)); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1041 (9th Cir. 2003) ("[A] district court may consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond."). A district court has discretion as to whether it should permit supplemental briefing or decline to hear new evidence submitted in a reply brief altogether. *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse its discretion by denying leave for party to file a surreply because the district court did not consider the new evidence raised on reply); *Zkey Invs., LLC v. Facebook Inc.*, 225 F. Supp. 3d 1147, 1158 (C.D. Cal. 2016) ("Where new evidence is presented in a reply, the district should either not consider the new evidence, or not consider it without giving the other party the opportunity to respond").

The Ninth Circuit requires trademark infringement plaintiffs to prove three elements, one of which is that "the defendant used the mark 'in connection with' goods or services." *LegalForce*, 124 F.4th at 1125 (quoting 15 U.S.C. § 1114(1)). But despite having the burden on the commercial speech element of its Lanham Act trademark claim, Avelo decided to wait until its reply brief to introduce supposed evidence that Miller used Avelo's mark in connection with goods or services. Avelo in its reply brief did not explain under what authority this Court can consider its new evidence nor why it failed to file the evidence in connection with the Motion as required by Rule 6.

As the Court might expect, Miller believes that the Motions for a TRO and preliminary injunction should be denied with or without the new evidence. Avelo's new evidence does not actually show that Miller used Avelo's mark in connection with goods or services, because he did not. Accordingly, this Motion may well be moot. Nonetheless, Miller has not had a full chance to address the reply evidence. Accordingly, Miller wishes to preserve the argument that consideration of new evidence is improper, though Miller also recognizes that he may not directly respond to it without leave from this Court, per the Local Rules. *See* Local Civil Rules 7-2(b) ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged.").

If a surreply addressing this new evidence would be helpful to the Court, Miller can submit a short response within five days of the Court's order requesting such a response. In the alternative, the Court can simply strike the new evidence because it was not timely filed with the original Motion. *See* Fed. R. Civ. P. 6(c)(2).

## CONCLUSION

For the foregoing reasons, Miller respectfully requests this Court strike all new evidence from Avelo's reply brief, or, alternatively, grant leave for Miller to file a surreply.

By:  */s/ Jason Harrow*

Charles Gerstein
Jeremy Shur
(*pro hac vice*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20004

Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113

*Attorneys for Plaintiffs*