Jonathan W. Fountain, Esq.
Nevada Bar. No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Counsel for Defendant Avelo Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>Plaintiffs,<br>v.<br><br>AVELO, INC.,<br><br>Defendant. | Case No. 2:25-cv-00856-CDS-BNW<br><br>**DEFENDANT AVELO, INC.'S OPPOSITION TO PLAINTIFFS' MOTION OT STRIKE, OR IN THE ALTERNAITVE, FOR LEAVE TO FILE SURREPLY** |

Defendant Avelo, Inc. ("Avelo") hereby opposes Plaintiffs Seth Miller and Proton Associates LLC's (collectively "Plaintiffs'") Motion to Strike, or in the Alternative, for Leave to File a Surreply, filed on August 14, 2025 (ECF No. 57).

## PRELIMINARY STATEMENT

On June 24, 2025, Avelo filed its Motions for Temporary Restraining Order and Preliminary Injunction (the "Motion for TRO and PI"). (ECF Nos. 16, 17.) On July 15, 2025, Plaintiffs filed its Opposition to Avelo's Motion for TRO and PI ("Miller's Opposition"). (ECF

-1-

Nos. 41, 43.) In Miller's Opposition, Plaintiff Seth Miller asserted, among other things, that he was not engaged in any commercial use of the AVELO® or AVELNO! marks. (ECF No. 41 at 7-10; ECF No. 43 at 7-10.)

On August 6, 2025, Avelo filed its Reply in support of its Motion for TRO and PI (the "Reply"). (ECF Nos. 49, 51.) Avelo's Reply included arguments and evidence showing that Mr. Miller is, in fact, using the AVELO® and AVELNO! marks in connection with Proton's paid-for <paxex.aero> information service, directly rebutting the argument made in Miller's Opposition. (*See generally*, ECF Nos. 49, 51.)

On August 13, 2025, Plaintiffs' counsel asked Avelo's counsel if they would consent to Plaintiffs' filing a surreply, and shared a draft of Plaintiffs' Motion To Strike, or in The Alternative, for Leave To File A Surreply (the "Motion"). On August 14, 2025, Avelo's counsel objected to the merits of Plaintiff's Motion, noting that Courts in the Ninth Circuit routinely consider evidence and arguments made in reply briefs to rebut arguments made in opposition briefs, and indicated that Avelo would oppose the Motion.

## **LEGAL STANDARD**

Under Local Rule 7-2(b) "motions for leave to file a surreply are discouraged" and are permitted only with leave of the court. *Morgan Stanley Smith Barney LLC v. Takahashi*, No. 2:24-cv-02127-CDS-MDC, 2025 U.S. Dist. LEXIS 1617, at *12 (D. Nev. Jan. 6, 2025). Because surreplies are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Stevens v. Prentice*, No. 2:17-CV-970 JCM (PAL), 2018 U.S. Dist. LEXIS 133471, at *3 (D. Nev. Aug. 8, 2018) (citation omitted). Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 U.S. Dist. LEXIS 42142, at *17 (D. Nev. Mar. 28, 2014) (internal citation omitted). Thus, only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 U.S. Dist. LEXIS 135661, at *21 (D. Ariz. 2010).

In addition, motions to strike are drastic and also disfavored. *Lee v. City of San Jose*, 701

F. Supp. 3d 935, 938 (N.D. Cal. 2023). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Johnson v. Proctorio Inc.*, No. CV-21-00691-PHX-DLR, 2022 U.S. Dist. LEXIS 37834, at *2 (D. Ariz. Mar. 3, 2022) (quoting *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. Mar. 19, 2015)). The proponent of a motion to strike bears the burden of persuasion. *Id.*

Evidence submitted with a reply brief is not "new" evidence when it is submitted to rebut arguments raised in the opposition brief. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 U.S. Dist. LEXIS 175311, at *2 n.1 (N.D. Cal. Dec. 13, 2013) ("Synopsy's Administrative Motion for Leave to File Sur—Reply is hereby DENIED. . . Mentor does not "[raise new arguments and evidence] . . . in its reply brief" . . . but, rather, responds to arguments made in Synopsys's opposition"). If a reply neither "presents new arguments nor new evidence," surreply is improper. *Afifeh v. Ahmadabadi*, No. 22-928, 2022 U.S. Dist. LEXIS 136614, at *2 (C.D. Cal. July 5, 2022).

**ARGUMENT**

**I.     THERE ARE NO EXCEPTIONAL OR EXTRAORDINARY CIRCUMSTANCES**

Plaintiffs' Motion fails to show any exceptional or extraordinary circumstances that warrant striking Avelo's Reply or permitting Plaintiffs to file a surreply and, therefore, should be denied. *See Sims*, 2010 U.S. Dist. LEXIS 135661, at *20-21 (only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed). While Plaintiffs assert that Avelo has introduced "new evidence" and "new arguments" in Avelo's Reply brief, Plaintiffs fail to identify the allegedly new evidence and arguments with any specificity. As such, Plaintiffs have failed to demonstrate any exceptional or extraordinary circumstances that warrant granting its Motion.  Plaintiffs' Motion requires the Court, and Avelo, to guess which evidence and arguments regarding Mr. Miller's commercial use of the AVELO® and AVELNO! marks are allegedly "new." Plaintiffs' failure to clearly identify Avelo's alleged "new evidence" and "new arguments" dooms the Motion and warrants its denial. *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying plaintiff's motion to strike defendant's reply brief where

-3-

the "[p]laintiff failed to specifically identify any new evidence or legal argument proffered by [the defendant] for the first time in its reply brief"). Accordingly, the Court should deny Plaintiff's Motion here.

### A. Avelo's Reply Brief Contains Permissible Rebuttal Evidence and Arguments

Courts throughout the Ninth Circuit have routinely recognized that evidence submitted in a reply brief that rebuts arguments raised in an opposition is not "new evidence." *Applied Materials, Inc. v. Demaray LLC*, No. 20-5676, 2020 U.S. Dist. LEXIS 236758, at *2-3 (N.D. Cal. Dec. 16, 2020) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *TSI Inc. v. Azbil BioVigilant Inc.*, No. No. CV-12-00083-PHX-DGC, 2014 U.S. Dist. LEXIS 28938, at *3-4 (D. Ariz. Mar. 5, 2014) ("Parties can file 'rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition'"); *Meinnert v. Holley*, No. 3:20-cv-00255-RCJ-CSD, 2022 U.S. Dist. LEXIS 196497, at *13 (D. Nev. Oct. 28, 2022) (denying defendant's motion to strike because plaintiff's exhibits respond to arguments that defendant included in their opposition to summary judgment); *Fowzer v. Cty. of San Bernardino*, No. ED CV 17-1907 DMG (KKx), 2018 U.S. Dist. LEXIS 183442, at *2 n.3 (C.D. Cal. Oct. 25, 2018) ("While the general rule is that courts do not consider arguments or evidence raised for the first time on reply, courts permit . . . movants to submit new evidence to rebut arguments [and] evidence raised for the first time in the nonmoving party's opposition") (internal citations omitted) (alteration added); *Dunsmore v. San Diego Cty. Sheriff's Dep't, Cty. of San Diego, Corr. Healthcare Partners, Inc.*, No. 20-cv-00406-AJB-WVG, 2022 U.S. Dist. LEXIS 106364, at *2 (S.D. Cal. June 14, 2022) (finding no sur[]reply warranted where plaintiff's reply proffered evidence that responded to defendant's arguments in its opposition); *Westmark Dev. Corp. v. City of Burien*, No. C08-1727RSM, 2011 U.S. Dist. LEXIS 7354, at *5 (W.D. Wash. Jan. 26, 2011) (denying defendant's motion to strike plaintiff's declarations in its reply brief and reasoning that the "[p]resentation of new evidence in rebuttal of an argument is permissible in a reply memorandum").

For example, in *Applied Materials*, the court rejected the defendant's motion to file a surreply because the plaintiff's reply brief in support of its motion for preliminary injunction and

-4-

evidence submitted with it responded to the arguments presented in the defendant's opposition. *Applied Materials, Inc.*, 2020 U.S. Dist. LEXIS 236758, at *4. There, the defendant argued in its opposition that assignment provisions in plaintiff's employment agreements were unlawful. *Id*. In response, plaintiff's reply brief introduced the full employment agreement as evidence to rebut the defendant's assertion that certain provisions in the agreement were unlawful. *Id*. The court held that plaintiff's reply brief did not raise the employment agreement as new evidence for the first time in its reply brief. *Id*.

In this case, Miller took the position in his opposition brief that he made absolutely no commercial use of the AVELO® or AVELNO! marks whatsoever, ***choosing to conceal Proton's airline industry information business and how that business is intertwined with Plaintiffs' use of the AVELO® and AVELNO! marks from Avelo and the Court***. Accordingly, in its Reply brief, Avelo presented evidence directly rebutting Plaintiffs' disingenuous assertion that Miller has not engaged in any commercial use of the AVELO® and AVELNO! marks. Here, just like in *Applied Materials, Inc.*, the Court should deny Plaintiffs' Motion, as Avelo's Reply brief does nothing more than directly address Miller's claim that he engaged in no commercial use whatsoever. To be sure, Miller could have addressed Proton's aviation industry information business on <paxex.aero>, its use of <avgeekaction.com> to promote AVELNO! and generate donations, its use of the <wandr.me> website to generate advertising revenue and commissions, and his use of the BlueSky social media platform to promote his <paxex.aero> business and post information about Avelo and AVELNO!, he chose not to do so. Accordingly, he should not be allowed a second bite at the apple and his motion should be denied. *See, e.g., Innovative Sports Mgmt., Inc. v. Peel*, No. CV 22-08501 TJH (KSx), 2024 U.S. Dist. LEXIS 110163, at *3 (C.D. Cal. Mar. 1, 2024) ("Because the [defendant's] reply brief did not raise a new argument, or introduce new evidence, regarding [plaintiff's] corporate status, [plaintiff] is not entitled to file a surreply regarding its corporate status").

## **CONCLUSION**

Plaintiff's Motion places both the Court and Avelo in the untenable position of having to guess what specific portions of Avelo's Reply brief allegedly constitutes "new evidence" or "new

-5-

arguments." Despite requesting either that the Reply be stricken or that leave be granted to file a surreply, Plaintiffs fail to identify with any specificity what content in Avelo's Reply is objectionable. Avelo's Reply appropriately addressed arguments raised for the first time in Miller's Opposition brief and, therefore, does not introduce new evidence or arguments.

Plaintiff's Motion seeks to unfairly get the last word with respect to Plaintiffs' use of the AVELO® and AVELNO! marks in commerce even though Miller chose not to discuss the full scope of his commercial activities in his opposition brief. In other words, Miller already had an opportunity to fully explain to Avelo and the Court the nature and scope of his commercial use of the marks at issue. His strategic decision to conceal that information from Avelo and the Court should not give him a "do over" in the form of a surreply and does not justify striking the reply.

Moreover, Plaintiffs' Motion borders on frivolous. This Court's Local Rules cautions against and discourages surrelpies. *See* LR 7-2(b). Yet Miller not only filed the instant Motion but did so despite the existence of substantial authority permitting the use of rebuttal arguments and evidence in reply briefs to respond to matters raised in an opposition brief. Accordingly, Avelo respectfully requests that the Court enter an order denying the Motion.

Dated: this 28th day of August, 2025

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq.
Nevada Bar. No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

*Attorneys for Defendant Avelo Inc.*