Charles Gerstein
(*pro hac vice*)
Jeremy Shur
(*pro hac vice*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20004
charlie@gerstein-harrow.com
jeremy@gerstein-harrow.com
(202) 670-4809

Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>AVELO, INC.,<br><br>Defendant. | Case No.: 2:25-cv-00856-CDS-BNW<br><br>**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS PROTON ASSOCIATES LLC AND SETH MILLER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY** |

**REPLY**

This Court should grant Plaintiffs and Counterclaim-Defendants Seth Miller and Proton Associates LLC's (collectively, "Miller") motion to strike, or, in the alternative, for leave to file a surreply, ECF No. 57. The critical point of the Motion is that all of Avelo's new evidence and argument in its reply brief went to an element of Avelo's prima facie case for trademark infringement: that Miller made commercial uses of the trademarks. *See* ECF No. 57 at 3. Avelo does not respond to this point. Instead, Avelo essentially argues that it was permitted to ignore this element of the claim in its opening brief and wait to address commercial use on reply, only "after Miller took the position in his opposition brief that he made absolutely no commercial use of the AVELO® or AVELNO! marks." ECF No. 59 at 5. Not so.

"Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, No. 14-cv-63, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (citations omitted). Thus, although a moving party may submit new evidence in a reply brief to rebut the non-moving party's defenses or unforeseen arguments, "a moving party may not raise new issues and present new facts in a reply brief that should have been raised in its initial brief." *CBA Env't Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 415 n.3 (D.N.J. 2019); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *In re Basquez*, No. 6:18-BK-19790-WJ, 2020 WL 6929242, at *8 (Bankr. C.D. Cal. Nov. 16, 2020) ("[I]n nearly all circumstances, procedural fairness requires that moving parties present all the evidence upon which they intend to rely before the deadline for which opposing parties must respond to the motion. . . . Attempting to present evidence after the opposing parties no longer have an opportunity to respond to a motion is inherently unfair and improper"). Unsurprisingly, in the only case that Avelo discusses in any

detail, *Applied Materials, Inc. v. Demaray LLC,* the court permitted the moving party to submit reply evidence on issues the non-moving party raised, and not evidence that went to issues core to the moving party's prima facie case. No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020).

If Avelo were correct that the moving party may introduce new arguments and evidence on reply so long as the new argument and evidence can be said in any way to "rebut[] arguments raised in an opposition," ECF No. 59 at 4, then movants would have an unqualified right to sandbag the other side by failing to attach evidence, waiting for the opposition to argue about that element, and only on reply attaching evidence that cannot be responded to. That is not how litigation works. Hence, in *Pacquiao v. Mayweather*, this Court struck evidence the moving party submitted on reply because that evidence was "relevant to the issues" raised in the opening brief and the movants failed to establish that the evidence "could have only been provided in response to [the non-moving party's] opposition." No. 2:09-CV-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010). So too here. The new evidence should have been presented in the opening brief, and if the Court wishes to consider Avelo's new argument and evidence, it at minimum must give Miller an opportunity to respond. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188–89 (9th Cir. 2024) ("A district court does not abuse its discretion in considering new arguments or evidence [on reply] *if the opposing party had an opportunity to respond.*" (emphasis added)). If granted leave to file a surreply, Miller will explain why Avelo's newly submitted evidence is irrelevant and why Avelo's bolded, italicized accusation that Miller somehow "concealed" information that is publicly available is an incorrect, and unfair, attempt to distract from the merits. ECF No. 59 at 5.

Finally, there is nothing to Avelo's assertion that Miller's motion to strike failed to specifically identify the offending evidence. ECF No. 59 at 3–4. Rather, as Miller explained, all of the additional evidence submitted with Avelo's reply

"supposedly supports the argument that Plaintiffs' conduct satisfies the commercial use element of its trademark infringement claim," and so it is all improper. ECF No. 57 at 2 (pointing to ECF No. 48-1–11). It should all be stricken, without exception.

## CONCLUSION

For the foregoing reasons, as well as those submitted in the opening brief, Miller respectfully requests that this Court grant its motion to strike, or, in the alternative, grant leave for Miller to file a surreply.

DATED: September 3, 2025

**BRAVO SCHRAGER LLP**

By: /s Jason Harrow

Charles Gerstein
Jeremy Shur
(*pro hac vice*)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20004

Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113

*Attorneys for Plaintiffs and Counterclaim Defendants*