Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Avelo Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER, <br><br> Plaintiffs/Counterdefendants, <br> v. <br><br> AVELO, INC., <br><br> Defendant/Counterclaimant. | Case No. 2:25-cv-00856-JCM-BNW <br><br> **AVELO, INC.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL** <br><br> (Oral Argument Requested) |

Pursuant to this Court's inherent authority as set forth in *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) and subsequent precedent, Defendant/Counterclaimant Avelo, Inc. ("Avelo") hereby moves the Court for an Order granting a stay of all further proceedings pending a decision from the Ninth Circuit Court of Appeals on Avelo's appeal of the denial of its motion for preliminary injunction.

This motion is supported by the papers and pleadings on file, by the points and authorities

4930-0035-3149, v. 1

set forth below, and by any oral argument the Court may require or allow.

**PRELIMINARY STATEMENT**

This is a trademark infringement dispute in which the accused trademark infringers—Plaintiffs/Counter-Defendants, Proton Associates LLC and Seth Miller (collectively, "Plaintiffs")—have rushed to court seeking a declaratory judgment of non-infringement—a judgment Plaintiffs are not entitled to.

Avelo, through its wholly owned subsidiary, Avelo Airlines, Inc., operates a budget-friendly airline that provides service to travelers located throughout the United States. Recently, after Avelo announced its entry into a contract to provide airline services to a contractor of the United States government in connection with the government's ongoing immigration enforcement efforts, Plaintiffs embarked upon an admittedly intentional campaign using Avelo's own trademarks and trade dress to confuse its customers and damage its reputation and business. Plaintiffs did so by contracting with Lamar Advertising Corporation ("Lamar") to erect three billboards in the New Haven, Connecticut, area. Using AVELNO!, a confusingly similar version of Avelo's federally registered AVELO service mark, along with other Avelo marks and Avelo's signature violet, teal, white, and yellow trade dress and distinctive "Avelo" logo, the billboards state: "Does your vacation support their deportation? Just say AvelNO!" and directs viewers to <avelno.com>, a website where visitors are encouraged to donate money to support "the AvelNO! Campaign."

Avelo strongly objected to Plaintiffs' unauthorized use of its trademarks and trade dress. It sent cease-and-desist letters to Plaintiffs and to Lamar requesting that they each cease and desist from infringing Avelo's trademarks, trade dress, and copyrights, and that they each provide a written response to the letter by May 16, 2025. However instead of responding to Avelo's cease-and-desist letters or seeking an extension of time to do so, Plaintiffs preemptively filed the instant lawsuit.

As relevant to this Motion, Avelo filed counterclaims and subsequently sought a preliminary injunction or TRO, which this Court denied. Avelo timely filed a notice of appeal to the Ninth Circuit, has filed its brief, and the case is working diligently through the appellate court

under its expedited process for handling preliminary injunction appeals. A decision from the appellate court will provide a great deal of guidance regarding this action as it proceeds. A stay of proceedings would not harm any party, would prevent inconsistent decisions or the potential for multiple appeals, and would be of short duration pending adjudication of the appeal under the Ninth Circuit's expedited process. Accordingly, as set forth more fully below, the Court should enter an Order staying all further proceedings in this case pending a decision from the Ninth Circuit as to Avelo's appeal.

**STATEMENT OF MATERIAL FACTS**

This case is in its infancy, having commenced by Plaintiffs less than seven months ago on May 16, 2025. (ECF No. 1). Avelo filed its Answer on June 18, 2025, and also moved to dismiss part of Plaintiffs' action. (ECF Nos. 13, 14). Less than one week later, Avelo filed its Motion for a temporary restraining order or preliminary injunction. (ECF Nos. 6, 17). On June 25, Plaintiffs filed an amended complaint. (ECF No. 21). Thereafter, this Court dismissed Avelo's motion to dismiss as moot. (ECF No. 28). Avelo moved to reconsider, which was subsequently denied on August 12, 2025. (ECF Nos. 32, 52). Plaintiffs' opposition to the preliminary injunction motion was filed on July 15, 2025. (ECF No. 44). Avelo's reply was filed on August 7, 2025. (ECF No. 51).

While all of the above was occurring/pending, on August 14, 2025, the Court issued a Scheduling Order. (ECF No. 58). The Scheduling Order provided for a discovery cutoff on January 14, 2026, a deadline to amend pleadings by October 16, 2025, a deadline for dispositive motions to be filed by February 13, 2026. *Id.* This schedule has never been amended.

On September 24, 2025, this Court issued its order denying Avelo's motion for a preliminary injunction. (ECF No. 62). Avelo promptly filed a Notice of Appeal. (ECF No. 63). The appeal is assigned case number 25-6779. (ECF No. 64). Avelo's notice of appeal triggered the expedited schedule under the Ninth Circuit's Local Rules. Specifically, under Circuit Rule 3-3, the parties were required to meet within 7 days of the filing of the Notice of Appeal, obtain any transcripts expeditiously, and the opening brief was due within 28 days. *See* Ninth Circuit Rule 3-3(a). Avelo's opening brief was already filed on November 24, 2025, and under the governing

4930-0035-3149, v. 1

rules, Plaintiffs' opposition is due on December 22, 2025, and any reply is due January 12, 2026. *Id.* In other words, the entire appeal will be fully briefed by January 12, 2026, approximately five weeks from now, and less than 2.5 months from the filing of the Notice of Appeal.

Despite the pending appeal and the infancy of this case, on November 13, 2025, Plaintiffs filed a motion for judgment on the pleadings. (ECF No. 66). Therein, Plaintiffs' motion relies heavily on this Court's Order denying a preliminary injunction, the exact Order that is the subject of the expedited appeal. *Id.* Further, the Plaintiffs' motion made many incorrect arguments that Avelo was somehow barred from seeking leave to amend its pleading. *Id.* Thus, along with the filing of this Motion, Avelo has filed a motion for leave to amend.

As set forth below, given the variety of pending matters, much of which will be informed by the Ninth Circuit's decision, a stay of proceedings is appropriate.

## ARGUMENT

### I. THIS COURT HAS THE INHERENT POWER TO GRANT A STAY OF PROCEEDINGS PENDING APPEAL.

Nearly a century ago, the Supreme Court explained that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The Ninth Circuit has set forth the following list of factors to be considered:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Applying the aforementioned factors to the present case, each factor weighs in favor of a stay. First, there is no prejudice or damage to Plaintiffs in granting a stay. This case is less than

4930-0035-3149, v. 1

seven months old. It took nearly two months to have governing pleadings. Discovery did not commence until August 7, 2025, and during the first two months of the open discovery period the parties and the Court were focused on adjudicating a motion for preliminary injunction. Since this Court denied the motion, Plaintiffs are not enjoined and can hardly claim to be damaged by a stay. Indeed, it is Avelo that is being harmed.

As to the second factor, Avelo is being harmed having to proceed on two fronts, particularly when an appellate decision could inform what comes next in this proceeding. While pursing its *right* to appeal the Court's preliminary injunction order, Avelo is also having to defend against that order before this Court based on Plaintiffs' motion for judgment on the pleadings, which heavily relies on the injunction order for the relief requested. Neither Avelo nor this Court should be in the position of litigating and addressing an order that is the subject of a lawful appeal.

Finally, the orderly administration of justice factor heavily favors a stay. As set forth above, the very order that is the subject of an appeal is being used by Plaintiffs as a sword. Hypothetically, if this Court granted Plaintiffs' motion for judgment on the pleadings, that would be appealed and then proceed as a second appeal before the Ninth Circuit. Further, if the Ninth Circuit reversed the denial of an injunction, this matter would have to be reopened, and the prior order vacated. If the Ninth Circuit remands on the injunction issue, further proceedings will have to occur to comply with the Ninth Circuit's Order. It is possible that further action in this case could be inconsistent with whatever directive the Ninth Circuit provides, thus resulting in a waste of judicial and litigant resources. The stay here would be for a limited duration. As stated above, the appeal will be fully briefed in five weeks with a decision to follow. Thus, a stay would not unduly delay this case or cause prejudice to any party, and the stay would prevent the likelihood of inconsistent rulings or a waste of resources if actions taken are inconsistent with any future Ninth Circuit directive.

/ / /

/ / /

/ / /

4930-0035-3149, v. 1

**CONCLUSION**

For all of the foregoing reasons, Avelo respectfully requests that the Court enter an order staying all proceedings pending a ruling from the Ninth Circuit on the pending appeal.

Dated: this 10th day of December 2025

                                            Respectfully submitted,

                                            HOWARD & HOWARD ATTORNEYS PLLC

                                            By: /s/ Jonathan W. Fountain
                                            Jonathan W. Fountain, Esq.
                                            Nevada Bar. No. 10351
                                            Joanna M. Myers
                                            Nevada Bar No. 12048
                                            Caleb L. Green, Esq.
                                            Nevada Bar No. 15234
                                            3800 Howard Hughes Parkway, Suite 1000
                                            Las Vegas, Nevada 89169
                                            Telephone: (702) 257-1483
                                            Email: jwf@h2law.com
                                            Email: jmm@h2law.com
                                            Email: clg@h2law.com

                                            Andrew M. Smith, Esq.
                                            Oregon Bar No. 172774
                                            Has complied with LR IA 11-2
                                            RESONATE IP, LLC
                                            115 N.W. Oregon Ave., Suite 12
                                            Bend, Oregon 97703
                                            Telephone: (541) 240-8020
                                            Email: dsmith@resonateip.com

                                            *Attorneys for Avelo Inc.*