Charles Gerstein
(*pro hac vice*)
Jeremy Shur
(*pro hac vice*)
GERSTEIN HARROW LLP
1629 Columbia Rd, Suite 302
Washington, DC 20009
charlie@gerstein-harrow.com
jeremy@gerstein-harrow.com
(202) 670-4809

Jason Harrow
(*pro hac vice*)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>AVELO, INC.,<br><br>    Defendant. | Case No.: 2:25-cv-00856-CDS-BNW<br><br>**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' SETH MILLER AND PROTON ASSOCIATES LLC'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT'S AVELO, INC.'S MOTION TO STAY** |

1

## PARTIAL OPPOSITION TO MOTION TO STAY

Avelo has moved to stay this entire proceeding pending disposition of its interlocutory appeal from the denial of its motion for a preliminary injunction. *See* ECF No. 71. Plaintiffs and Counterclaim-Defendants Seth Miller and Proton Associates LLC (collectively, "Miller" or "Plaintiffs"), partially consent to and partially oppose the relief requested.

### A. Plaintiffs Consent To Staying Discovery And Case Management Deadlines Pending Resolution Of The Court's Motion For Judgment On The Pleadings.

Plaintiffs consent to the request for a stay insofar as it relieves the parties of discovery obligations and suspends all future discovery and case management deadlines pending this Court's decision on the Motion for Judgment on the Pleadings. *See* ECF No. 66. As that motion reveals, Plaintiffs do not believe that any discovery is necessary to dispose of this case and so agree to pause discovery and suspend upcoming deadlines pending the Court's ruling. If the Court grants the Motion for Judgment on the Pleadings, the case will be effectively over. If the Court denies it, Plaintiffs and Avelo can meet and confer about new case management deadlines.

Plaintiffs have notified Avelo of their position, and the parties have agreed to enter into a stipulation extending discovery and case management deadlines by 120 days, with Avelo reserving its right to argue that the entire case should be stayed. That document will be filed separately in the coming days.

### B. The Court Should Deny The Request To Delay Ruling On The Motion For Judgment On The Pleadings And Stay The Entire Case.

Avelo, however, wishes to stay the entire case pending disposition of the appeal. ECF No. 71 at 4–5. Given Plaintiffs' agreement regarding extension of discovery and case management deadlines, the primary practical effect of a complete stay would be to indefinitely delay this Court's ruling on the pending Motion for

1    Judgment on the Pleadings, even though that motion is already fully briefed. The

2    Ninth Circuit has repeatedly told district courts not to do what Avelo suggests, and

3    this Court should abide by that binding law.

4            In particular, the Ninth Circuit has "repeatedly admonished district courts not

5    to delay trial preparation to await an interim ruling on a preliminary injunction."

6    *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018); *see also, e.g.*, *de Jesus Ortega*

7    *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012) (commending the "district

8    court" for "heed[ing] our direction to proceed to trial and otherwise move towards a

9    final judgment in this case without waiting for our interlocutory review"); *Glob.*

10   *Horizons, Inc. v. United States DOL*, 510 F.3d 1054, 1058 (9th Cir. 2007) (Ninth

11   Circuit "admonish[ing] parties for appealing a preliminary injunction in order to

12   ascertain the views of the appellate court on the merits of the litigation" without

13   attempting to prosecute case in district court while appeal was pending (quotation

14   marks omitted)); *see also Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir.

15   1982) ("An appeal from an interlocutory order does not stay the proceedings, as it is

16   firmly established that an appeal from an interlocutory order does not divest the trial

17   court of jurisdiction to continue with other phases of the case.").

18           Because of "'the limited scope of [the appellate court's] review of the law

19   applied by the district court,'" and the fact that "'the fully developed factual record

20   may be materially different from that initially before the district court,'" the Ninth

21   Circuit has urged district courts not to delay cases pending interlocutory appeals,

22   especially because its own "disposition of appeals from most preliminary injunctions

23   may provide little guidance as to the appropriate disposition on the merits.'" *Azar*,

24   911 F.3d at 583 (quoting *Melendres*, 695 F.3d at 583). That concern is presented here,

25   where Avelo, on appeal, has asked only for reconsideration of this Court's prior order

26   and not even the entry of a preliminary injunction. *See* Avelo Ninth Circuit Opening

27   Br. at 55 (requesting that the Ninth Circuit "VACATE the District Court's order and

28

REMAND this case to the District Court with instructions for the District Court to RECONSIDER the motions consistent with this Court's order"). Accordingly, this Court should not deviate from the Ninth Circuit's instruction that district courts not wait for the outcome of an interlocutory appeal before moving a case forward.

Avelo ignores the Ninth Circuit's explicit instructions and cites no cases to the contrary. Instead, it says that it is "harmed [by] having to proceed on two fronts" because "[w]hile pursing its right to appeal the Court's preliminary injunction order, Avelo is also having to defend against that order before this Court based on Plaintiffs' motion for judgment on the pleadings." ECF No. 71 at 5. It then says, without citing any caselaw, that "[n]either Avelo nor this Court should be in the position of litigating and addressing an order that is the subject of a lawful appeal." ECF No. 71 at 5. Avelo is just wrong: as explained, the law contemplates exactly that, and the Ninth Circuit has repeatedly "admonished" district courts for taking the wait-and-see, piecemeal approach that Avelo asks for. *E.g. Azar*, 911 F.3d at 583. But anyway, Plaintiffs consent to the discovery extension, and Avelo has in fact already "litigat[ed]" the Motion for Judgment on the Pleadings. Accordingly, whatever "harm" Avelo purports to suffer from not having the case stayed is minimal: at the moment, there is nothing to litigate. All Avelo really wants is thus an indefinite delay on the case to see if it can manage "to ascertain the views of the appellate court on the merits of the litigation" before this Court rules on the pending Motion for Judgment on the Pleadings, which again, is a timeline the Ninth Circuit has expressly rejected. *Glob. Horizons*, 510 F.3d at 1058. This Court should follow those binding instructions and not stay the entire case indefinitely.

Miller would be prejudiced by entry of a state that would result in an indefinite delay in resolving this case. As Miller has explained, he is currently unable to run the billboards he believes are most effective in spreading his message because Avelo threatened the company that owns and leases the billboards with secondary liability.

*See* ECF No. 41-1 ¶ 16; Miller Declaration in Opposition to Motion to Amend, ECF No. 74-1, ¶¶ 9–10. This is a concrete harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Bethel Ministries, Inc. v. Salmon*, No. SAG-19-01853, 2020 U.S. Dist. LEXIS 66217, at *11 (D. Md. Apr. 15, 2020) (denying motion to stay discovery in case where plaintiff "face[d] the prospect of significant harm to its operations if litigation is suspended" and because "First Amendment protections . . . merit increased consideration from the courts"). Should this case be resolved in his favor, Miller will be able to spread his message in the manner he believes most effective. Thus, Miller will be able to speak freely only when this Court issues relief. Any delay would therefore prejudice him.

## CONCLUSION

The Court should enter an order suspending all future discovery and case management deadlines, or simply endorse the forthcoming stipulation, and deny the request to stay the entire case.

Respectfully submitted,

/s/ Jason Harrow
Charles Gerstein
Jeremy Shur
(pro hac vice)
GERSTEIN HARROW LLP
1629 Columbia Rd, Suite 302
Washington, DC 20009

Jason Harrow
(pro hac vice)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025

Bradley S. Schrager, Esq. (SBN 10217)
Daniel Bravo, Esq. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200

Las Vegas, Nevada 89113
*Attorneys for Plaintiffs and Counterclaim*
*Defendants*