Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Avelo Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PROTON ASSOCIATES LLC, and SETH MILLER, <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> AVELO, INC., <br><br> Defendant/Counterclaimant. | Case No. 2:25-cv-00856-JCM-BNW <br><br> **DEFENDANT AVELO, INC.'S REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO AMEND ITS COUNTERCLAIMS** |

Pursuant to Federal Rule of Civil Procedure 15(a) and 16(b), and Local Rule 15-1, Defendant/Counterclaimant Avelo, Inc. ("Avelo") hereby submits this reply in support of its motion for an order amending the scheduling order and granting leave for Avelo to file amended counterclaims.

## STATEMENT OF MATERIAL FACTS

This case is in its infancy, having been commenced by Plaintiffs less than eight months ago on May 16, 2025. (ECF No. 1.) Avelo filed its Answer on June 18, 2025, and also moved to dismiss part of Plaintiffs' action. (ECF Nos. 13, 14.) Less than one week later, Avelo filed its

- 1 -

Motion for a TRO/preliminary injunction. (ECF Nos. 16, 17.) On June 25, 2025, Plaintiffs filed an amended complaint. (ECF No. 21.) Thereafter, this Court denied Avelo's motion to dismiss as moot. (ECF No. 28.) Avelo moved for reconsideration of that order, and reconsideration was subsequently denied on August 12, 2025. (ECF Nos. 32, 52.) Plaintiffs filed their opposition to Avelo's TRO/preliminary injunction motion on July 15, 2025. (ECF Nos. 41, 43, 44.)

In their July 15, 2025 opposition to Avelo's TRO/preliminary injunction motion, Plaintiffs argued that "avelNO! is strictly a public service campaign that does not engage in commerce." (ECF No. 41-1, ¶ 15.) Throughout their opposition, Plaintiffs claimed they offered "nothing for sale and perform[ed] no service for anyone else" and were engaging in "noncommercial political speech." (ECF No. 41, p. 7, 8.) Based on these allegations, beginning on July 15, 2025, Avelo's counsel initiated an investigation to *rebut* those allegations. Thus, in its reply, filed on August 6, 2025, Avelo presented evidence directly rebutting Plaintiffs' allegations that they were engaged solely in noncommercial activities by showing Proton's use of AVELNO! in connection with Proton's various Internet platforms and integrated commercial for-profit enterprise on <paxex.aero> where Proton sells subscriptions to information about the aviation industry—information that includes articles about Avelo and a link to <avelno.com>. (ECF No. 51 (exhibits thereto).)[1] At the time Avelo filed its reply and submitted that information during the preliminary injunction briefing, discovery was not yet open and Plaintiffs had filed an amended pleading to which an Answer was not yet due. (ECF Nos. 21, 55.)

More specifically, on August 14, 2025, the Court issued a Scheduling Order. (ECF No. 58.) The Scheduling Order provided for a discovery cutoff on January 14, 2026, a deadline to amend pleadings by October 16, 2025, a deadline for dispositive motions to be filed by February 13, 2026. (*Id.*) There is no trial date. This schedule has never been amended. Moreover, the entered order states: "The deadlines agreed to are slightly outside of those suggested as "standard" deadlines in the Local Rules because of early motion practice that has already

---

[1] Avelo's statement that it learned about the expanded scope of Plaintiffs' commercial activities in August was a reference to August 6, 2025, the date Avelo submitted its evidence to the Court. (ECF No. 48.) However, regardless of whether Avelo began learning about the expanded scope of Plaintiffs' commercial activities on July 15, 2025 or was fully informed of them by August 6, 2025, the 3-week period is immaterial.

occurred, as well as the winter holidays in 2025. **The parties reserve the right to seek extensions of the foregoing deadlines as may become necessary during the course of these proceedings.**" (*Id.* (emphasis added).) In other words, even the entered scheduling order contemplates an extension of the case management deadlines may be necessary. The Order further provides that as to extensions or modifications of the Scheduling Order, while such requests must comply with the Local Rules, "no application shall be denied for failure to submit the application to the Court prior to 21 days before expiration of the subject deadline." (*Id.* at p. 2, ¶ 4.)

On September 24, 2025, this Court issued its order denying Avelo's motion for a preliminary injunction. (ECF No. 62.) The Court did not consider the rebuttal evidence set forth in Avelo's reply. (*Id.* at p. 6, n.4.) Avelo promptly filed a Notice of Appeal. (ECF No. 63.) The appeal is assigned case number 25-6779. (ECF No. 64.) Avelo's notice of appeal triggered the expedited schedule under the Ninth Circuit's Local Rules. Specifically, under Circuit Rule 3-3, the parties were required to meet within 7 days of the filing of the Notice of Appeal, obtain any transcripts expeditiously, and the opening brief was due within 28 days. *See* Ninth Circuit Rule 3-3(a). Avelo's opening brief was already filed on November 24, 2025, and under the governing rules, Plaintiffs' opposition is due on December 22, 2025, and any reply is due January 12, 2026. *Id.* In other words, the entire appeal will be fully briefed by January 12, 2026, approximately five weeks from now, and less than 2.5 months from the filing of the Notice of Appeal.

Thus, before the October 16, 2025 scheduling order deadline for amending the pleadings—an order that explicitly contemplated deadlines may need to be extended—discovery had only been open for two months, the parties and the Court were focused on complicated preliminary injunction filings, a motion to dismiss had been filed, a motion for reconsideration had been filed, and Plaintiffs had amended their complaint. Indeed, the fact that discovery had barely commenced is obvious where initial disclosures were not even due until September 5, 2025. (ECF No. 58, p. 2, ¶ 5.) Simply stated, a whirlwind of activities were taking place in a short period of time. After the Court denied the TRO/preliminary injunction motion, Avelo filed its appeal and submitted its opening brief to the Ninth Circuit. At all times, Avelo has been

diligently working on this matter.

Despite the pending appeal and the infancy of this case, on November 13, 2025, Plaintiffs filed a motion for judgment on the pleadings. (ECF No. 66). Therein, Plaintiffs' motion relies heavily on this Court's order denying the TRO/preliminary injunction motion, the exact order that is the subject of Avelo's expedited appeal. (*Id.*) Further, the Plaintiffs' motion made many incorrect arguments that Avelo was somehow barred from seeking leave to amend its pleading. (*Id.*) This Motion to amend the Scheduling Order, along with an alternative motion to stay these proceedings pending the Ninth Circuit's decision in the appeal, now follows.

Most recently, on December 29, 2025, the Court entered an order granting the parties' stipulation to extend the discovery deadline by 120 days. (ECF No. 77.) While that order extends the discovery deadline, the parties did not stipulate to extend the deadline for amending the pleadings, which remains a live issue for decision.

## ARGUMENT

### I. THERE IS GOOD CAUSE FOR EXTENDING THE DEADLINE FOR AMENDING THE PLEADINGS SO THAT AVELO CAN AMEND ITS COUNTERCLAIMS.

In its Motion, Avelo set forth all of the applicable and governing law, specifically binding Ninth Circuit precedent as to what constitutes "good cause." Avelo presented examples from the Ninth Circuit where the Court found a party lacked diligence and thus lacked good cause for amending the scheduling order. In *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013), the Ninth Circuit affirmed denial of plaintiff's motion for leave to amend where the plaintiffs "had known since 2007 . . . that federal antitrust claims may be viable" but did not seek leave to amend until December 2009, 10 months after the deadline to amend pleadings. *Id.* Similarly, in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), cited by the court in *Learjet*, the Court observed that plaintiff knew from the date defendant answered the complaint and then answered interrogatories who the ski lodge owner was, but did not seek leave to amend until over four months after the deadline to amend pleadings. *Learjet*, 715 F.3d at 737-38 (citing *Johnson*, 975 F.2d at 607, 609)); *see also Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 745 (9th Cir. 2025) (plaintiff failed to show

"good cause" where she "waited more than two months after the district court's summary judgment ruling before moving to amend the First Amended Complaint").

Plaintiffs cited *Learjet* and cited *Johnson* but never bother to contend with the facts under which a lack of diligence was found in those cases. Plaintiffs choosing to ignore the substance of those cases is understandable because they involve the truly egregious types of circumstances (not present here) in which the Ninth Circuit held that a party lacked diligence and thus lacked good cause for extending deadlines. None of the circumstances present in those cases are present in this case, where this case is less than eight months old, the Scheduling Order itself was entered only five months ago, the parties and the Court expressly recognized that an extension of deadlines was likely, no summary judgment motion has been filed, no trial date has been set, and the facts upon which the amendment is sought were only discovered in the midst of this action.

The one time Plaintiffs cite a Ninth Circuit case they omit any discussion of the facts of that case. (*See* ECF No. 74, Pls.' Opp. Br. at p. 9 (citing *World Wide Rush, Ltd. Liab. Co. v. City of L.A.*, 606 F.3d 676, 689 (9th Cir. 2010)). In *World Wide*, a complaint was filed on January 7, 2007; one year later, on January 8, 2008, the plaintiff moved for a preliminary injunction. *Id.* In its motion for a preliminary injunction, the plaintiff raised issues in support of the motion that were *not in the pleadings. Id.* On April 3, 2008, rather than deny the motion for a preliminary injunction, the district court extended the deadlines for amending pleadings to May 5, 2008. *Id.* At that time, the district court also warned the parties that given the case had been pending for 18 months, it would not consider further amendments. *Id.* The new deadline passed and the plaintiff never sought leave to amend again. The Ninth Circuit rejected the plaintiff's challenge on appeal, noting "[plaintiff] never moved for leave to add to its complaint. . . . The district court could not rule on a motion that [plaintiff] never made, and we reject [plaintiff's] attempt to appeal a nonexistent denial of a nonexistent motion." *Id*. at 690. It is stunning that Plaintiffs would cite to *World Wide*, provide none of the relevant factual context from that case, and act as if the case is even remotely relevant or similar to the facts before this Court when clearly, they are not.

Failing to contend with the Ninth Circuit case law cited by Avelo and then misleadingly citing an inapposite Ninth Circuit case, the remainder of Plaintiffs' opposition consists of citations

to non-binding case law from various district courts around the country. Remarkably, even that non-binding case law does not support the Plaintiffs' arguments. For example, on page 7 of their opposition, Plaintiffs cite *McDowell v. City of Elizabeth*, No. 23-21415 (BRM) (LDW), 2025 U.S. Dist. LEXIS 90602, at *2 (D.N.J. May 13, 2025), where the court denied leave to amend the scheduling order. In that case, the complaint was filed in October 2023; leave to amend the scheduling order (which had been previously amended) was sought in April of 2025, 19 months after the case commenced—a substantially longer period than at issue here. *Id.* at * 4-5. Plaintiffs omit these inconvenient facts from their opposition.

By way of further example, on page 9 of the opposition, Plaintiffs cite to *Sako v. Wells Fargo Bank, Nat'l Ass'n*, No. 14cv1034-GPC(JMA), 2015 U.S. Dist. LEXIS 111834, at *1-2 (S.D. Cal. Aug. 24, 2015). Omitted from their discussion of that case is the inconvenient fact that the Complaint had been filed on November 26, 2013, a pretrial scheduling order was filed on August 6, 2014, and the deadline to file a motion to amend was October 6, 2014. *Id.* at *2-3. A motion for summary judgment was filed on May 26, 2015, and, a month later, the plaintiff filed a motion for leave to amend. *Id.* at *3. None of these material facts are identified by Plaintiffs, and understandably so in a case that is less than eight months old, a Scheduling Order that is five months old, and a case that had half a dozen substantive motions filed and determined in the first three months of the case being filed.

In short, Plaintiffs have taken a kitchen sink approach to opposing Avelo's motion, tossing out a dozen non-binding cases without bothering to discuss the facts therein, and expecting the Court to sift through and find something that actually supports their argument. But "judges are not like pigs, hunting for truffles buried in briefs." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quotation omitted). Plaintiffs' cited case law does not support their argument. In reality, it *undermines* it.

In this case, Avelo has acted diligently and responsibly at every turn. As set forth above, the Scheduling Order was issued on August 14, 2025 (less than four months ago). In that Order, the parties and the Court acknowledged that there had been multiple motions filed, including several motions of import like a motion to dismiss and a motion for a preliminary injunction. The

4908-4255-5013, v. 1

Scheduling Order contemplated that the parties may need to extend the deadlines. It even made clear that a party need not seek an extension more than 21 days before a deadline expired. Every facet of the Scheduling Order recognized the reality that the parties and the Court had been actively engaged in this matter and despite that active engagement, the schedule may need to change.

The information to be included in its proposed amended counterclaims was discovered by Avelo beginning in mid-July and submitted to the Court on August 6, 2025. (ECF No. 48.) At the time Avelo filed its reply and submitted that information during the preliminary injunction briefing, Plaintiffs had filed an amended pleading to which an Answer was not yet due. (ECF Nos. 21, 55.) Until this Court adjudicated the TRO/preliminary injunction motion, which had been fully briefed as of August 7, 2025, it was neither necessary nor appropriate to amend the pleadings, upon which the parties and the Court were relying. When the Court denied the TRO/preliminary injunction motion, Avelo timely appealed and complied with the Ninth Circuit's expedited briefing schedule. Every action Avelo has taken through the present demonstrates diligence in handling this matter. This is not a situation in which a party or its counsel were busy on "other matters" or simply forgot. To the contrary, the focus has been on this matter, addressing issues diligently. Indeed, the deadline for seeking leave to amend under the Scheduling Order was just two weeks after the Court ruled on the TRO/preliminary injunction motion, and thus the focus was on Avelo's appellate rights, which are jurisdictional in nature.

In short, the Court issued a Scheduling Order that the Court and parties expressly anticipated would need to be amended. The schedule was not amended prior to Avelo seeking to amend it. Discovery remains open. No summary judgment determination has been made. No trial date has been set. And there is a pending appeal that could inform many issues in this case moving forward. Here, a 120-day extension to the deadline for amending the pleadings (from October 16, 2025 to February 13, 2026) is timely, appropriate, and causes no prejudice to any party. Indeed, Plaintiffs have stipulated to extend the discovery deadline by 120 days, and the Court has approved that stipulation. (ECF No. 77.)

///

4908-4255-5013, v. 1

**II. AVELO SHOULD BE FREELY GRANTED LEAVE TO AMEND BECAUSE ITS PROPOSED AMENDMENT IS NOT MADE IN BAD FAITH, IS NOT PREJUDICIAL, AND IS NOT FUTILE.**

Because good cause exists to extend the scheduling order, the next inquiry is whether leave to amend should be freely given. Federal Rule of Civil Procedure 15(a) provides, in relevant part, as to amendments to pleadings, "[t]he court should freely give leave when justice so requires." In the Ninth Circuit, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In *Morongo*, the Court found even a two-year delay in seeking to amend, standing alone, would not support denial of leave to amend, but only when combined with prejudice to the opposing party can the denial be justified. *Id.* Given the intent behind Rule 15 that leave to amend shall be freely given, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"Several factors are usually used as criteria to determine the propriety of a motion for leave to amend. These criteria include undue delay, bad faith, futility of amendment, and prejudice to the opposing party. While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). In *Howey*, even a five-year delay was not enough to support denial of leave to amend because there was no prejudice. *Id.* at 1190-91. As to futility, the court must find "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992); *see also Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) ("leave to amend should be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

In this case, Plaintiffs have filed a self-serving declaration that Miller is prejudiced by an amendment because his speech is allegedly being stifled. (ECF No. 74, Pls.' Opp. Br. at p. 12; *see also* ECF No. 74-1, Miller Decl.) One fact undermines Miller's self-serving declaration – after submitting it, Plaintiffs stipulated to a 120 day extension of the discovery deadline.

- 8 -

Plaintiffs audaciously argue: "Miller cannot speak as he wishes to as long as this litigation remains pending, and Avelo's amendment would ensure that this litigation remains pending for months longer." (*Id.*) If this statement was true, how can it possibly be reconciled with Plaintiffs' stipulation for a 120 day extension of the discovery deadline? Further, how can this statement be reconciled with Plaintiffs representing to the Court in their opposition to Avelo's motion to stay the case, where they state: "[t]he parties have agreed to enter into a stipulation extending discovery and case management deadlines by 120 days . . . ." (ECF No. 75, p. 1.) In reality, the claim of prejudice is utterly meritless. Plaintiffs initiated this case, which is less than eight months old. The claim of prejudice here is nonexistent and does not defeat the controlling Ninth Circuit precedent Avelo cited holding that leave to amend must be freely given.

Moreover, Plaintiffs' claim of prejudice is completely eviscerated by the fact that Plaintiffs' <avelno.com> website remains operative and by the fact that Plaintiffs have recently erected new billboards criticizing Avelo. On December 3, 2025, the New Haven Independent reported that Plaintiffs have erected new billboards. *See* https://www.newhavenindependent.org/2025/12/03/anti-avelo-billboards-return/. One of Plaintiffs' new billboards appears as follows:



*Id*. Plaintiffs' new billboards do not misappropriate Avelo's trademark or trade dress yet still

- 9 -

4908-4255-5013, v. 1

criticize Avelo. These new billboards eviscerate Plaintiffs' claim that they have been prevented from speaking out or criticizing Avelo.

Perhaps recognizing that the prejudice argument is utterly unsupportable, Plaintiffs argue that an amendment would be futile. First, however, they claim Avelo has not shown its amendment is not futile. But Avelo does not bear that burden. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("the party opposing amendment bears the burden of showing prejudice, futility, or one of the other reasons for denying a motion to amend"). Avelo cited the governing law, attached an amendment pleading as required by the local rules, and explained how the added allegations fit the relevant causes of action. Avelo has done all that is required of it.

Plaintiffs merely argue that amendment is futile for the reasons stated in their motion for judgment on the pleadings. As set forth in Avelo's opposition to that Motion, the motion rests upon a faulty premise; indeed, it rests on multiple faulty premises. First, as to cybersquatting, Plaintiffs entire motion is based on their argument that they did not have a bad faith intent to profit when they registered <avelno.com> but erroneously argue that "profit" means exclusively "monetary profit." The law does not require an intent to make a monetary profit, as a "bad faith intent to profit" can include an intent to receive a variety of non-monetary benefits, such as leveraging a domain name for bargaining power, or leveraging Internet users' familiarity with a trademark to divert them to the defendant's domain name and website, as occurred here, *as long as the intent involves exploiting the goodwill of the mark*, which Plaintiffs undeniably did when they appropriated the Avelo mark and trade dress and made it part of their domain name, billboards, and website. For example, in *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213 (9th Cir. 2010), the Ninth Circuit clarified that "profit" under the ACPA includes not only monetary gain *but also other forms of valuable consideration*, such as using a domain name as leverage in a business dispute. *Id*. at 1221 ("The 'intent to profit,' . . . means simply the intent to get money *or other valuable consideration*.' 'Profit' does not require that Nahum receive more than he is owed on his disputed claim. Rather, '[p]rofit includes an attempt to procure *an advantageous gain or return*'") (italics added) (quoting *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 786 (8th Cir. 2004) (internal quotation marks omitted)). Because the term "profit" is not limited to monetary profit

under the ACPA, Avelo's proposed amendment is not futile.

With respect to Avelo's claim for trademark infringement, Plaintiffs only challenge whether the counterclaim alleges that their actions amount providing goods or services. (ECF No. 66, p. 6.) Plaintiffs argue that "commercial speech, and only commercial speech" is targeted by the Lanham act. (*Id.* at p. 7.) The Plaintiffs' argument misses the mark. (*See* ECF No. 72, Resp. to Mot. for J. on the Pleadings at 12-13) (citing cases).) A plaintiff (here Avelo as the Counterclaimant) need only plead and prove that Plaintiffs used Avelo's registered mark, "in connection with the sale, offering for sale, distribution, or advertising of any *goods or services*." *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 795 (9th Cir. 2012) (emphasis in original) (noting "The Libertarian Party correctly points out that 'services' can include activities performed by a political party") (citing *United We Stand Am. Inc. v. United We Stand Am. N.Y., Inc.*, 128 F.3d 86, 90 (2d Cir. 1997) (noting "[t]he Lanham Act has thus been applied to defendants furnishing a wide variety of non-commercial public and civic benefits") (citing cases)).

In this case, Avelo's proposed amended counterclaims address Plaintiffs' "noncommercial" use arguments. Plaintiffs argued in response to Avelo's motion for TRO/preliminary injunction that all their activities are "strictly noncommercial." The proposed amendment would include facts (known to Plaintiffs) showing that their activities are indeed commercial. These facts directly defeat Plaintiffs' "noncommercial" arguments and would undoubtedly preclude a motion to dismiss. At minimum, Plaintiffs cannot show that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney*, 119 F.3d at 1393.

In short, this case remains in its infancy. The case is just eight months old; discovery is barely five months old; no summary judgment motion has been filed or heard; no trial date has been set; and there is a pending appeal as of right, a decision that will likely inform further proceedings in this case. The proposed amendment is not prejudicial nor futile. Accordingly, leave to amend should be freely granted.

///

4908-4255-5013, v. 1

## CONCLUSION

For all of the foregoing reasons, Avelo respectfully requests that the Court enter an order extending the deadline to amend the pleadings from October 16, 2025 to February 13, 2026, and permitting Avelo leave to amend to file its proposed Second Amended Counterclaims.

Dated: this 30th day of December 2025

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq.
Nevada Bar. No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

Andrew M. Smith, Esq.
Oregon Bar No. 172774
Has complied with LR IA 11-2
RESONATE IP, LLC
115 N.W. Oregon Ave., Suite 12
Bend, Oregon 97703
Telephone: (541) 240-8020
Email: dsmith@resonateip.com

*Attorneys for Avelo Inc.*

4908-4255-5013, v. 1