UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Proton Associates LLC, et al., | Case No. 2:25-cv-00856-CDS-BNW |
| Plaintiffs | **Omnibus Order Addressing Motion for Leave to Amend, Motion to Stay, and Motion for Judgment on the Pleadings** |
| v. | |
| Avelo, Inc., | |
| Defendant | [ECF Nos. 36, 57, 66, 69, 70, 71] |

Plaintiffs Seth Miller and Proton Associates LLC bring this declaratory judgment action related to trademark infringement disputes between the plaintiffs and defendant, Avelo, Inc. *See* First am. compl., ECF No. 21. There are six outstanding motions. First, Avelo's motion to dismiss claims one and three of the plaintiffs' complaint. Mot. to dismiss, ECF No. 36. Second, the plaintiffs' motion for leave to file a motion to strike or surreply. Mot. to file, ECF No. 57.[1] Next, Avelo's motions for leave to amend the scheduling order, counterclaims, and stay all proceedings. Mots. to am., ECF Nos. 69, 70; Mot. to stay, ECF No. 71. Finally, the plaintiffs' motion for judgment on the pleadings. Mot. for j. ECF No. 66. All motions are fully briefed.[2]

For the reasons explained herein, I grant in part Avelo's motion to dismiss claims I and III, deny Avelo's motion for leave to amend the scheduling order and counterclaims, grant in part the motion to stay, and deny without prejudice the plaintiffs' motion for judgment on the pleadings.

---

[1] The plaintiffs seek leave to file a motion to strike, or in the alterative, to file a surreply related to Avelo's motion for a temporary restraining order (ECF Nos. 16, 17). *See* ECF No. 57. In particular, the plaintiffs assert that Avelo submitted additional evidence in its reply that supports the argument that the plaintiffs' conduct satisfies the commercial use element of its trademark infringement claim. *Id.* at 3. The plaintiffs assert that because they have not had a chance to respond to this new evidence, they seek relief in their motion. Because the court has addressed Avelo's use of new arguments in the order it issued on September 24, 2025, I deny as moot the plaintiffs' motion. *See* ECF No. 62 at 6 n.4 (stating that the court does not consider nor address Avelo's new argument).

[2] Resp. to mot. to dismiss, ECF No. 36; Resp. to mot. to file, ECF No. 59; Reply to mot. to file, ECF No. 61; Resp. to mot. for j., ECF No. 72; Reply to mot. for j., ECF No. 73; Resp. to mot. to am., ECF No. 74; Replies to mot. to am., ECF Nos. 78, 79; Resp. to mot. to stay, ECF No. 75; Reply to mot. to stay, ECF No. 80.

I.    Background[3]

The parties are familiar with the background of this case. I only include and address information relevant to resolving the pending motions before the court.

II.    Motion to dismiss (ECF No. 36)

A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)). Thus, a jurisdictional challenge can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Dismissals for lack of subject matter jurisdiction must be without prejudice because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990).

B.  Discussion

Avelo asserts that there is no actual case or controversy as to the plaintiffs' first and third claims. ECF No. 36 at 8. Specifically, Avelo asserts that because it has provided the plaintiffs with an irrevocable and unconditional covenant not to sue them for copyright infringement or trademark dilution, claims one and three are moot and the court thus lacks subject matter jurisdiction over those claims. *Id.* at 2; Covenant, Def.'s Ex. A, ECF No. 36-2. Avelo requests the court to dismiss this action with prejudice to conserve time, money, and judicial resources. *Id.* at 11. In response, the plaintiffs agree that Avelo's covenant not to sue them for copyright infringement and trademark dilution moots their declaratory action claims. ECF No. 54 at 2. But

---

[3] I incorporate by reference the factual background in my previous order, ECF No. 62 at 2–4.

the plaintiffs lodge a limited opposition to Avelo's motion. That is, they request the court to dismiss these claims without prejudice because the dismissal would not go to the merits. *Id.*[4]

Because both parties agree to dismiss claims one and three, the only question before the court is whether it should dismiss these claims with prejudice, or not. Avelo asserts that this motion to dismiss operates like a plaintiff's motion for voluntary dismissal under Rule 41(a)(2) of the FRCP, so it should dismiss the claims with prejudice. ECF No. 36 at 11. I disagree.

First, Avelo fails to explain how this covenant would impact the court's analysis in deciding whether to dismiss with prejudice. In other words, it does not address if the "breadth of the [c]ovenant [would] render[] the threat of litigation remote or nonexistent." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 101–02 (2013). Second, Avelo fails to address Ninth Circuit precedent that states when a court dismisses claims due to lack of subject matter jurisdiction, it is done without prejudice. *See Hampton*, 869 F.3d at 846; *Dcathlon USA, LLC v. Hse Assocs.*, LLC, 2025 U.S. App. LEXIS 26254, at *3 (9th Cir. Oct. 7, 2025) (finding that because the district court lacked subject-matter jurisdiction, it should have entered an order of dismissal without prejudice); *Sabana v. Corelogic, Inc.*, 2025 U.S. App. LEXIS 7876, at *3 (9th Cir. April 2, 2025) (explaining that the district court erred when it dismissed the case with prejudice based on lack of standing). Accordingly, Avelo's request to dismiss claims one and three with prejudice is denied. Claims one and three are dismissed without prejudice.

**III.    Motion to amend discovery plan and for leave to amend (ECF Nos. 69, 70)**

   **A.  Legal Standard**

Once a district court issues a pretrial scheduling order and the deadline for amended pleadings expires, a motion for leave to amend is governed by Fed. R. Civ. P. 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b) states the district court must issue a scheduling order that limits the time to "amend the pleadings, complete discovery, and file

---

[4] Avelo makes representations regarding communications with the plaintiffs. *See generally* ECF No. 36 at 8. The plaintiffs seek to address those communications. *See* ECF No. 54 at 3–4. Because these arguments are irrelevant to the grounds for dismissal, subject matter jurisdiction, I do not address them.

motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To allow for amendment under FRCP 16, the moving party must show good cause for not having amended the pleadings before the time specified in the scheduling order. *Id.* The good cause standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).[5]

### B. Discussion

On September 24, 2025, I denied Avelo's motion for a temporary restraining order (TRO) and preliminary injunction (PI). *See* ECF No. 62. Avelo filed an appeal of this order to the Ninth Circuit on October 24, 2025. *See* ECF No. 63. On December 23, 2025, the parties filed a joint stipulation seeking to extend its discovery and dispositive motion deadline. ECF No. 76. No other amendments to the scheduling order were sought in the stipulation. The court approved the stipulation on December 29, 2025. ECF No. 77. The discovery deadline is now May 14, 2026, and the dispositive motion deadline is now June 13, 2026. *Id.* at 3. There have been no additional changes made to the initial scheduling order. *See* ECF No. 58.

Avelo seeks to amend the scheduling order dates by 120 days to allow an amended pleading and discovery. ECF No. 69 at 3.[6] Avelo asserts that the amendment will address issues

---

[5] A motion for leave to amend filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017); *see also* Local Rule 26-3.

[6] Avelo seeks "alternative" relief through its motion to stay proceedings. *See* ECF No. 70 at 5; ECF No. 71.

presented only in the past 60 days and not known when the initial pleading was prepared and served. *Id.* Avelo also asserts that though the scheduling order deadline for amending pleadings was October 16, 2025, it has been working diligently on this matter—discovery had initially commenced, and after the court denied the preliminary injunction, it filed an appeal and submitted its brief to the appellate court. *Id.* at 5. In essence, Avelo asserts a "whirlwind of activities were taking place in a short period of time," so it now moves to amend. *Id.* at 3.

In opposition, the plaintiffs argue that Avelo's motion has no basis in law and misrepresents key facts. ECF No. 74 at 2. The plaintiffs argue that the motion should be denied for the following reasons: (1) Avelo did not act diligently, (2) Avelo's motion would prejudice Miller because Avelo's litigation threats to third parties have effectively restrained Miller's speech until this litigation is resolved in his favor, causing the mere pendency of this meritless action to harm Miller, and (3) Avelo's motion to amend is futile because the new facts do not sufficiently tie Miller's unrelated business ventures to his alleged use of an Avelo mark. *Id.* 2–3. I agree with the plaintiffs' first point.

First, I find that Avelo did not act diligently. The moving party has the burden to demonstrate good cause and must first establish that it was diligent. *See Aim High Inv. Grp., LLC v. Spectrum Labs.*, LLC, 2024 U.S. Dist. LEXIS 45164, *9–10 (D. Nev. Mar. 12, 2024) (citing *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017). Diligence must be shown in two ways: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Id.* "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Id.*

Avelo filed its motions to amend the scheduling order and for leave, over a month after the deadline to amend pleadings expired. *See generally* ECF No. 58 at 2. Even if the court considers that Avelo did not discover the new facts until August, its motions to amend came four months after discovering such facts. Courts have found lack of diligence in such cases. *See,*

*e.g., Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal 2011) (waiting four months to seek leave to amend did not constitute diligence). Further, Avelo argues that it was neither necessary nor appropriate to amend the pleadings until the court adjudicated the preliminary injunction. ECF No. 69 at 7. The court issued its order in September 2025, and Avelo's motion was filed over two months after that date. *See Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1163 (D. Nev. 2014) (explaining waiting more than two months after issuance of claim construction order did not constitute diligence).

While the court recognizes that Avelo was perhaps diligent in litigating other matters that it highlights—appealing and complying with the Ninth Circuit's mandates—it remains unclear to this court how Avelo was diligent in seeking to amend its counterclaims. The diligence inquiry involves determining whether the movant was **prompt in seeking relief from the court once it became apparent that relief from the scheduling order was needed**. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)). Although prejudice to the opposing party may also be considered, the focus is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party **was not diligent, the inquiry should end**." *Id.* (emphasis added). The party seeking modification of the scheduling order bears the burden of establishing diligence. *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 639 (D. Nev. 2021). Having failed to demonstrate the diligence required to establish good cause to modify the scheduling order, the court's inquiry ends. So I deny Avelo's motions to amend.

**IV.    Motion to stay and motion for judgment on the pleadings (ECF Nos. 66, 71)**

**A.  Standard of law**

The Court has the discretion "to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to issue a stay, the court must weigh competing interests including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity

which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55) (the "*Landis* factors").

### B. Discussion

Avelo seeks a motion to stay pending the Ninth Circuit's decision. *See* ECF No. 69 at 5; ECF No. 71. Avelo asserts its motion should be granted for the following reasons: the plaintiffs are not prejudiced or damaged; Avelo is being harmed having to proceed on two fronts (awaiting an appellate decision and defending against the plaintiffs' motion for judgment on the pleadings); and the administration of justice weighs in favor of a stay. ECF No. 71 at 4–5 (referencing factors in *CMAX*, 300 F.2d at 268.

In opposition, the plaintiffs partially consent "insofar as it relieves the parties' discovery obligations and suspends all future discovery and case management deadlines pending" the court's decision on their motion for judgment on the pleadings. ECF No. 75 at 2. However, at the same time, the plaintiffs argue that the primary practical effect of a complete stay would be to indefinitely delay the court's ruling on the pending motion for judgment on the pleadings. *Id.* at 2–3. They assert that Miller would be prejudiced by entry of a stay that would result in an indefinite delay in resolving this case. ECF No. 75 at 4.

Federal courts have "power to stay proceedings[,] [which] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

Here, the motion on appeal involves a temporary restraining and preliminary injunction, so the likelihood of success on the merits is relevant. *See* ECF No. 63.[7] As a result, I find that a motion to stay pending appeal is necessary. And because Avelo has appropriately addressed each of the *Landis* factors, I grant in part the motion to stay. The Ninth Circuit's ruling may resolve only likelihood of success and not necessarily constitute a definitive ruling on the merits, in which case this lawsuit will return to this court for further proceedings. Consequently, discovery should continue in the meantime.

Because I find that the crux of the plaintiffs' motion for judgment on the pleadings is based in part on[8] the court's findings in ECF No. 62, out of an abundance of caution, I deny the plaintiffs' motion without prejudice. If there is a change in circumstances, any party may move for leave to file a dispositive motion, if good cause supports filing one earlier.

V.      Conclusion

IT IS HEREBY ORDERED that Avelo's motion to dismiss claims one and three **[ECF No. 36] is GRANTED in part**, as set forth in this order. Plaintiffs' claims one and three are dismissed without prejudice.

IT IS FURTHER ORDERED that the plaintiffs' motion for leave to file a motion to strike or surreply **[ECF No. 57] is DENIED as moot.**

IT IS FURTHER ORDERED that the plaintiffs' motion for judgment on the pleadings **[ECF No. 66] is DENIED without prejudice**, and with leave to refile or amend, pending resolution of the appeal.

---

[7] *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (To obtain a preliminary injunction, a Petitioner must establish four elements: (1) a likelihood of success on the merits, (2) that the Petitioner will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction.).

[8] The plaintiffs specifically argue that because the court previously found that Avelo had no likelihood of success on its trademark-infringement claim, it should adhere to those findings and grant its motion. ECF No. 66 at 2.

IT IS FURTHER ORDERED that Avelo's motions for leave to amend the scheduling and counterclaims **[ECF Nos. 69, 70] are DENIED.** The provisions of the scheduling order entered will remain in effect [ECF Nos. 58, 77].

IT IS FURTHER ORDERED that Avelo's motion to stay case **[ECF No. 71] is GRANTED in part**, as set forth in this order.

Dated: March 3, 2026

_____
Cristina D. Silva
United States District Judge